Rev. 4/06



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

MAR ~ 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. _____
(To be supplied by the court)

BOB ALLEN CUSTARD #02728-081, Plaintiff,
5880 Hwy 67, South
v. P.O. Box 8500
Florence, Colorado 81226

Case: 1:07-cv-00538
Assigned To : Unassigned
Assign. Date : 03/19/2007
Description: CUSTARD V. HARLEY G. LAPPIN, ET AL.,

HARLEY G. LAPPIN                    ,

HARRELL WATTS                    ,    W. HAYGOOD                    ,

MICHAEL K. NALLEY                ,    R.   WILEY                    ,

K.  REAR                         ,    M. MONTGOMERY                ,

MARK COLLINS                     ,    MR. `DOLLY´ MADISON          ,

M. CRUZ                          ,    BENJAMIN BRIESCHKE           ,

J. SHARTLE                       ,    CHRISTOPHER B. SYNSVOLL      ;

UNITED STATES                    , Defendant(s).

(List each named defendant on a separate line.)

**PRISONER COMPLAINT**

RECEIVED

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## JURISDICTION

U.S. CONSTITUTION'S 1st, 5th & 8th AMENDMENTS;

I assert jurisdiction over my civil rights claim(s) pursuant to:

28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners);

I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

ADMINISTRATIVE PROCEDURES ACT (5 USCA 554-705); 28 USC 1346; 28 USC 2671-2680; 28 USC 1332.

JURY TRIAL IS DEMANDED.

**I.    SUCCESSIVE CLAIMS**

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

PLTF AVERS THAT HE DOES NOT HAVE 'THREE STRIKES', NOR IS HE OTHERWISE BARRED FROM BRINGING ACTION BY PLRA OR 42 USC 1997 ET SEQ.

**II.    PREVIOUS LAWSUITS**

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes ( )    No (✓)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?
Yes (✓)    No ( )

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs: BOB A. CUSTARD

Defendants: DAVID ESSIG, ET AL.,

2.    Court (If federal court, please name the district; if state court name the county.)
USDC / M.D. PA.

3.    Docket number: 96-CV-1835    JAMES MC CLURE

4.    Name of judge to whom case was assigned:

USDC ( D.C.  Cn  1RD Civil Action

II. PREVIOUS LAWSUITS ( Con't )
1. Bob A. Custard, Def. Cedric Robinson Et Al., 2. USDC / N.D. GA., 3. # 99-CV-3285,
4. Charles A. Moye, Jr., J., 5. Pending Trial, 6. 1999, 7. Active,

1. Bob A. Custard, Prose, James Cincinnati Def., 2. USDC / S.D. IL., 3. # 04-CV-538,
4. G.P. Murphy, J., 5. Pending, 6. 2004, 7. Active,

1. Bob A. Custard, Plff. V. Russell Rau Et Al., 2. USDC / S.D. IL., 3. # 04-CV-80.,
4. W.D. Stiel, J., 5. Pending, 6. 2004, 7. Active,

1. Bob A. Custard, Plff. V. Glenna Custard, 2. USDC / W.D. OK. 3. # UNK.
4. UNK. J.,     5. Settled In Favor Of Plff., 6. 1995, 7. 1996,

1. Bob A. Custard Plff., V. P.C. Garrett, 2. USDC / W.D. Mo. 3. # UNK.,
4., R.E. Dorr, J.,    5. Dismissed In Favor Of Defendant, 6. 2004, 7. 2005,

1. Bob A. Custard V. Kenneth Astrue Et Al., 2. USDC / S.D. IL., 3. # UNK, 4. UNK., J.,
5. Dismissed In Favor Of Defendant, 6. 2001, 7. 2002,

1. Bob A. Custard V. Clifford Young, Et Al., 2. USDC / D. Colorado, 3. # 06-CV-1114,
4. Zita Weinshienk, J., 5. Currently Being Served, 6. 2006, 7. Active,

1. Bob A. Custard V. Chuck Turner, Et Al., 2. USDC / D. Colorado, 3. # 06-CV-1036,
4. Wiley Y. Daniel, J., 5. Currently Being Served, 6. 2006, 7. Active,

USDC / D.C.   (USDA   Civil Action)

*...S To Section "II"*
*...r Should Be Noted*
*...hat I Am Allowed*
*...Only 3 Cu. Ft. Of*
*...Space For Legal*
*...Documents - I Do*
*...Not Have All Previous*
*...Lawsuit Records; I*
*...Will List What*
*I Can...*

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _Settled In Favor Of Pltf._

6. Approximate date of filing lawsuit: _1996._

7. Approximate date of disposition: _May 28, 1998._

However It Should Also Be Noted That I Do Not Have Three Strikes In A Dozen Or So Previous Lawsuit Filings. Thank You.

## III.   PLACE OF CONFINEMENT

Federal Bureau Of Prisons Florence ADX, 5880 Hwy 67, South, Florence Colorado 81226

Is there a prisoner grievance procedure in this institution?   Yes (✓)   ~~No ( )~~

A.   Is there a prisoner grievance procedure in this institution?   If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (✓)   ~~No ( )~~

C.   If your answer is Yes to Question III B:

1.   To whom and when did you complain? _Dozens Of BOP Prison Officials Including Each & Every Defendant Named In This Civil Action._

2.   Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)   Yes (✓)   No ( )  Numerous Administrative Remedies Are

*Incorporated Herein As Pltf's Exhibits* "Exhaustion, In This Circuit, Is An Affirmative Defense And Is Available
*Via Discovery.*

3.   What, if any, response did you receive? (Furnish copy of response, if in writing.)   Responses Received Were Generally Disrespectful, Inane, And Technically Non-Responsive. See Also #'s "c," "1," Above. — Many Of My BOP Administrative Remedies

And Legally Were Refused By Staff To Be Received And "Lost" (Thrown Away)

4.   What happened as a result of your complaint? Unlawful Retaliation Against A U.S. Prisoner For The Lawful Assertion Of My Constitutional Rights; Civil Conspiracy To Violate My Constitutional Rights.   By ADX-BOP Staff.

D.   If your answer is No to Question III B, explain why not. On Many Occasions BOP-ADX Staff, After Refusing To Provide Any Receipt For A Properly & Duly Filed Administrative Remedy Form Would "Accidentally Lose" Them Or Just Throw Them Away To Avoid Having To Respond In Writing.

E.   If there is no prison grievance procedure in the institution, did you complain to prison authorities?   Yes ( )   No ( )   N/A

F.   If your answer is Yes to Question III E;   N/A

1.   To whom and when did you complain? _N/A_

—3—

2.   Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)   Yes ( )   No ( )   *N/A*

3.   What, if any response did you receive?  (Furnish copy of response, if in writing.)
*N/A*

4.   What happened as a result of your complaint?   *N/A*

## IV.   PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.   Name of Plaintiff:  *Bob Allen Custard    Reg. No. 02728031*
Address:  *5880 Hwy 67, South, P.O. Box #8500, Florence, Colorado 81226*

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B. (1)  Defendant:  *Harley G. Lappin, Director Federal Bureau Of Prisons, BOP H.Q.*
Address:  *320 First St., N.W., Washington, D.C. 20534*

(2)  Defendant:  *Harrell Watts, Central Office Administrative Remedies Ordinator, BOP H.Q.,*
Address:  *320 First St., N.W., Wash., D.C. 20534*

(3)  Defendant:  *Michael K. Nalley, N.C. BOP Regional Director, BOP*
Address:  *400 State St., Gateway Tower II, 8th Floor, 66101, Kansas City, Kansas*

(4)  Defendant:  *K. Rear, ADX Administrative Remedy Co-Ordinator, BOP*
Address:  *5880 Hwy 67, South, Florence, Colorado 81226.*

USDC D.C. Colorado Civil Action

**IV** PARTIES (Con't)

(5) R. WILEY, CEO (WARDEN) @ ADX,
BOP 5880 Hwy 67, South, Florence, Colorado    81226;

(6) W. MONTGOMERY, (Former) ADX Administrative Remedy Co-Ordinator,
BOP 5880 Hwy 67, South, Florence, Colorado    81226;

(7) W. Hancock, ADX 'Counselor',
BOP 5880 Hwy 67, South, Florence, Colorado    81226;

(8) Mr. 'Dolly' Madison, ADX 'Counselor'    81226;
BOP 5880 Hwy 67, South, Florence, Colorado

(9) M. Cruz, Associate Warden (Ops) ADX,
BOP 5880 Hwy 67, South, Florence, Colorado    81226;

(10) Benjamin Brieschke, Prison Attorney (Inst. ADX)
BOP 5880 Hwy 67, South, Florence, Colorado 81226;

(11) J. Shartle, Associate Warden (P) ADX
BOP 5880 Hwy 67, South, Florence, Colorado    81226;

(12) Christopher B. Synsvoll, Prison Attorney (Florence Prison Complex),
BOP 5880 Hwy 67, South, Florence, Colorado 81226;
13) Mark Collins, Florence ADX Unit Manager 5880 Hwy 67 South, Florence, Colorado 81226
14) W. Hancock, Florence ADX 'Counselor', 5880 Hwy 67 South, Florence, Colorado 81226
 ———— All Defendants Are Sued In Individual & Personal Capacities ————

 ———— All Addresses Provided For Defendants Are Business Addresses ————

 ——— All Addresses Provided For Defendants Are Business Addresses ———

(13) United States.

— 4(a) —

V.     STATEMENT O_    LAIM

State here briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.
Include the names of other persons involved, dates, and places.  If you intend to allege a number
of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets, if
necessary. PLTF. RESPECTFULLY PRESENTS THREE (3) CLOSELY RELATED STATEMENTS OF CLAIMS
INVOLVING VIOLATIONS OF THE U.S. CONSTITUTIONS, FIRST, FIFTH, AND EIGHTH AMENDMENTS BY THE MALICIOUS
AND UNLAWFUL MACHINATIONS OF BUREAU OF PRISONS ADMINISTRATIVE REMEDY PROCEDURES. SAID STATEMENTS
OF CLAIMS ARE SPECIFICALLY DELINEATED AND DULY SET FORTH INDIVIDUALLY (IN THE SEVERAL PAGE "5" EXTRA
SHEET ATTACHMENTS) DUE TO THE (a) DIFFERENT SETS OF FACTS & CIRCUMSTANCES GIVING RISE TO EACH
SEPARATE CLAIM, AND (b) THE DIFFERENT STANDARDS OF PROOFS, EVIDENCES OF LIABILITIES (EG: FOR STRIPPING OF QUALIFIED
IMMUNITIES, ETC.) AND PLEADING REQUIREMENTS INHERENT TO EACH ALBEIT INDIVIDUAL, CLOSELY RELATED STATEMENTS OF CLAIMS.

VI.     RELIEF                                        (PLEASE SEE ALSO ATTACHED SHEETS
                                                      ENTITLED/HEADED "RELIEF REQUESTED.")

State briefly exactly what you want the Court to do for you.

PLTF. RESPECTFULLY AND SPECIFICALLY MOVES FOR THE FOLLOWING INJUNCTIVE RELIEF:

1) THAT COURT TEMPORARY RESTRAINING ORDER ISSUE — UNTIL THE TRIAL COURT CAN HEAR EVIDENCE AND
ARGUMENTS ON THE SUBJECT MATTER OF THIS CONTROVERSY AND DETERMINE WHAT RELIEF IS APPROPRIATE AND TO
PROVIDE FOR A STATUS QUO PENDING HEARING ON APPLICATION FOR INJUNCTION — EFFECTING THE DIRECTOR
OF THE BUREAU OF PRISONS GENERALLY — AND THE ADX WARDEN SPECIFICALLY — TO FORTHWITH DEVELOP IN ALL
DELIBERATE SPEED BOP ADMINISTRATIVE REMEDY POLICY & PROCEDURES THAT WILL, AT A MINIMUM, PROVIDE (i) PRISONERS
WITH A VALID RECEIPT FOR HIS DULY PRESENTED ADMINISTRATIVE REMEDIES AND DULY POSTED ADMINISTRATIVE APPEALS.

Signed this 26th day of December, 2006.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature of Plaintiff)

12/26/06
(Date)

—5—

Civil Action  USDC/D.C. Custard V. __

VI. Relief Requested (Con't)  To Wit: That When An Inmate Gives Hand-To-Hand A Completed BOP Administrative Remedy To A BOP Prison Official That The BOP Prison Official Provide That Inmate With A Receipt Clearly Showing The (a) Administrative Remedy Identification Number, (b) The Correct Date, And (c) Signed By To Whom This Lawfully Presented, —— So That No Malicious Chicanery Can Thereafter Be Employed By Any BOP Administrative Remedy Co-Ordinator, Or Any Other BOP Official/Personnel To Illegitimately Stymie Or Thwart Unlawfully The PLRA & Woodford "Proper Exhaustion" Of Administrative Remedies By False, Malicious Or Retaliatory Or Constitutionaly Violative, Or Arbitrary & Capricious, Or By Unlawful Civil Or Criminal Conspiracy Any U.S. Prisoner's Generally —— And Pltf's Specifically Meritorious Grievances & Complaints.

——→ Judicial Notice Is Respectfully Requested That The BOP Ad. Rem. Forms (See Attached) BP-229 (BP-9's); BP-230 (BP-10's); And BP-231 (BP-11's) D-C A-L-R-E-A-D-Y H-A-V-E Such Receipts "Dotted Line Attached" Right To The Bottoms Of Them N-O-W! —(But BOP Staff, Cunningness, One - And Intentionally As Illegal Means To Falsely "Procedurally Default" Meritorious Complaints & Grievances R-E-F-U-S-E To Now Issue Their Own Receipts On The Bottom Of Their Own Forms!?—) Thus Said Requested "Temporary Restraining Order" And "Injunction" Could Be Accomplished And Done As Easily & Efficaciously As Ordering The Director Of The BOP, And ADX Warden, To Merely Require Their Own Staff To Simply Utilize Those Plain Receipts That Are A-L-R-E-A-D-Y Present On The Bottom Of Their Own BOP Administrative Remedy Forms T-O Stop The Now On-Going Maliciously Chicanery & Illegal BOP Staff Conduct.

Judicial Notice Of The Facts In The Above Paragraph Is Respectfully & Specifically Requested —5 (a)—(RR)——

Civil Action USDC/D.C. L. 3rd VLappin

<u>Injunctive Relief Requested</u> (Con't)

Finally, Said T.R.O. & Injunctive Relief Respectfully Moves For Must "Require" BOP Prison Official Handlers Of U.S. Prisoner Administrative Remedy <u>Appeals</u> To Provide Duly Like Receipts For Ad. Rem. Appeals When Given To Them For Posting ← As It "Requires", I.E: ADX Prisoners Have No "Legal Mail Box" (Or Any Type Of Mail Box) And <u>MUST</u>" Give To Your Unit Team Member Any Administrative Remedy Appeal For Mailing" If - And When - He Ever 'Gets Around To It' — <u>See Inter Alia</u> Pltf's Because "Retelsed As Untimely" BOP Ad Rem Appeals - Out Of His Hands For Weeks! And Unmailed By Unit Team. <u>See This</u> Pltf's Exhibit Of Defendant Wiley Crowing: " No Legal Mail Log At ADX... Nor Is Any Legal Mail Log At ADX "Required".

<div align="center">

( <u>Ad Damnum</u> )

</div>

Pltf. Respectfully Moves For Monetary Damages, Including, But Not Limited To Actual, Civil, Compensatory, Continuing, Criminal, Exemplary, Punitive, Future, General, Incidental, Irreplacable, Necessary, Nominal, Pecuniary, Prospective, Special, Statutory, Substantial, And Treble Damages As To Each Defendant As Follows In Individual & Personal Capacities:

Harley G. Lappin  # 60,000.00 ; Harrell Watts  # 55,000.00 =  # 110,000.00

Michael K. Nalley # 60,000.00 ;  R Wiley     # 55,000.00 =  110,000.00

Defendant K. Rear  # 80,000.00 ;  W. Montgomery # 80,000.00 =  160,000.00

Defendant C.B. Birdsell 80,000.00 ; Benjamin Brieschke # 80,000.00 =  160,000.00

Defendant R. 'Doc' Mann # 45,000.00 ;  W. Harwood    # 45,000.00 =  90,000.00

M. Cenz      # 75,000.00 ;  J. Shartle   # 70,000.00 =  145,000.00

Defendant United States (In Case Of Finding Of Mere Negligence, Or In Case Of Insistion Of Parties, Or Suing In Official Capacity Equals Suing U.S. Etc.) 180,000.00

<u>Total Sum Certain</u>                          # 955,000.00

<div align="center">

— 5 (b) — R R —

</div>

Civil Action USDC/D.C. Chstaral Lampin

# V. Statement[s] Of Claim[s] (Con't)    INTRODUCTION

There Is A Certain Set Category Of Facts Which Intrinsically Apply

And That Plainly Denote And That Clearly Give Rise To Valid Inferences

Relevant To Each Separate Statement Of Claim.

To Reasonably Familiarize Reviewers Hereof With That Certain Set Of

Facts, To Prevent Redundancy, And For Ease Of Analysis Pltf. Provides,

As Indicia, A Brief Synopsis Thereof — Including Verifiable Explanations

Of That Set Category Of Facts Inherent To Each Statements Of Claims To Follow.

To Wit: The Federal Bureau Of Prisons "Administrative Remedy 'Program'"

[Imposer] Is Controlled For Administration By Numerous Codes Of Federal

Regulations; Federal Agency Policy Statements; And Federal Agency

Institutional Supplements — Moreover, The Bureau Of-Prisons Administrative Remedy

'Program' Is [Incredibly] Incorporated In An Act Of Congress; And Additionally,

At Least Periodically Referred To By The U.S.S. Ct Recently In Woodford Et Al Vs. Ngo, Statute

___ L. Ed. 2d ___.                    —5(2)—

Civ. Action  USDC/D.C  Custard v. Wiley

1) The Code Of Federal Regulations (CFR's) Are Published By The Office Of The Federal Register National Archives And Records Administration — As A Special Edition Of The Federal Register. Certain Parts Of CFR Title 28, Entitled "Judicial Administration" Contains A Codification Of Documents Of Future And Of General Applicability To The Federal Bureau Of Prisons (BOP). — In Short, The Code Of Federal Regulations Is The Statutory Codifications Of The General And Permanent Rules Published In The Federal Register By The Executive Departments And Agencies Of The Federal Government. (Of Which The BOP Is One).

Title 28 CFR, Chapter V, § 500.1 — 572.40 Regulates The BOP Generally — And — § 542.1 — 542.19 Regulates, By Statutory Codification, The BOP Administrative Remedy Program Specifically. (See: 28 CFR Part 43 to End.) 28 CFR 542.11 (a)(1)(2) "Responsibility"

Is Plain & Clear In Authorizing & Charging Defendant Wiley:
    "[Warden] SHALL (1) Establish Procedures For Receiving Administrative Remedies...
    (2) Acknowledge RECEIPT Of An Administrative Remedy Request By Returning
    A RECEIPT To The BOP Inmate."
                    — 5(b) —

Civil Action USDC/D.C. Custar v. Lappin

28 CFR 542.13 "Informal Resolution." States In Pertinent Part:

BP·228
or
'BP·8'
(White)

"(a). An Inmate SHALL First Present An Issue Of Concern To Staff, And Staff SHALL Attempt To Informally Resolve The Issue Before An Inmate Is Allowed To Submit A Request For Administrative Remedy. Each Warden SHALL Establish Procedures For The Informal Resolution Of Inmate Complaints. [Emp. Added.]"

28 CFR 542.14 "Initial Filing Of Administrative Remedies" States In Pertinent Part:

BP·229
or
'BP·9'
(Blue)

"(a) Submission. The Deadline For The Completion Of Informal Resolution – And – Submission Of A Formal, Written, Administrative Remedy Request (BP-9) Is 20 Calendar Days Following The Date On Which The Basis For The Request Occurred. [Emp. Added]"

28 CFR 542.15 "Appeals Of BOP Administrative Remedies" States In Pertinent Part:

BP·230
or
'BP·10'
(Yellow)

"(a) Submission Of Appeals. An Inmate Who Is Unsatisfied By The Warden's Response May Submit An Appeal On The Appropriate Form (BP-10) To The Appropriate Regional Director Within 20 Calendar Days Of The Date The Warden Signed The Response (To The BP·9).

BP·231
or
'BP·11'
(Pink)

An Inmate Who Is Unsatisfied By The Regional Director's Response May Submit An Appeal On The Appropriate Form (BP-11) To The BOP General Counsel Within 30 Calendar Days."

———— Very Importantly, Reviewers Hereof Are Respectfully Requested To Notice That The Only Way A BOP U.S. Citizen/Prisoner, Like Petr, Can Obtain A-ny Of These "Required Forms" Is FROM A BOP Prison Captain, (Who Routinely "Slowplay" & Refuse To Provide Them At All To Maliciously Procedurally Default).

—5(c)—

Civil Action USDC/D.C.   Clustard v Lappin

2) FEDERAL AGENCY POLICY STATEMENTS: The Bureau of Prisons Federal Agency Policy Statement Relevant To BOP Administrative Remedy Program Is Contained In BOP Policy Statement 1330.13G — And Is, Basically, Just A List Of Blather Regulating CFR's To Favor BOP Ad. Rem. OP's., — More Importantly Are The Institutional Supplement, [I Have Nonetheless Provided A Copy Of BOP P.S. 1330.13G As A Petr Exhibit];

3) FEDERAL AGENCY POLICY STATEMENT INSTITUTIONAL SUPPLEMENT. The BOP Institutional Supplement (I.S.) Relevant To BOP Administrative Remedy Program Is Contained In ADX I.S. 1330.13G — Of Specific Import Relevant To These Statements Of Claims Is ADX Institutional Supplement 1330.13G (5)(B) & (C). (Note: DEFENDANTS WILEY & REAR ARE RESPONSIBLE FOR "PROMULGATING" ADX INSTITUTIONAL SUPPLEMENTS)

ADX Institutional Supplement 1330.13G(5)(B) [ASSERTIVELY STATES]: Unit Counselors Are Responsible For Issuing The Informal Resolution Form (See Petr's BP-8 Exhibits) Upon Inmates Request. "ORDINARILY", Only One Informal Resolution Form Will Be Issued At A Time. THIS Is Not "MEANT To" [But Is KNOWN "To"] Impede A Inmates Access To The Formal Review Of An Issue... [But Obviously Does And Did Imp Petrs Statements Of Claims]. Emp. Added.

Judicial Notice Is Requested That Every Reputable Dictionary Defines "Ordinarily" As: "MORE OFTEN THAN NOT."

ADX Institutional Supplement 1330.13G(5)(C) DECEPTIVELY STATES: "ORDINARILY", The "Counselor" Will Complete The Attempt At Informal Resolution WITHIN 3 DAYS (Excluding Weekends). Not Done In Petr's Informal Resolution Attempts At ADX Except LESS THAN 10% Of The Time. And Again "ORDINARILY" By Definition MUST Mean "More Often Than Not."

—5(d)—

Civil Action  USDC / D.C.  Custard v. Lappin

4) The Act Of Congress, Prison Litigation Reform Act ( PLRA ).

*[left margin note]*
U.S. Congress!
Inviting
Prison
Personnel
To
Violate
Rules,
Regulations,
Policy,
And
The
Constitution
To

'Create'
So-Called

"Procedural
Default" Of U.S.
Prisoner
Complaints
(Grievances)

By
Unlawful
Prison
Personnel
Conduct.

The United States Congress Enacted The PLRA (Of 1995) 110 Stat. 1321-71, As Amended, 42 USC 1997 e Et Seq., In 1996 In Response To (And Ill-Perceived) Rise Of Unmeritorious Prisoner Litigation In The Federal Courts. The PLRA Contains A Variety Of Provisions Designed To Bring Unmeritorious Litigation Under Control. E.G: 42 USC 1997 e (c) ( Requiring Federal District Courts! To Weed Out Prisoner Complaints "That Clearly Lack Merit", IE: Unmeritorious) Further 42 USC 1997e(e) Prohibits Claims For Any Emotional Suffering Without First Showing A Physical Injury, Still Further, To Financially Block Prisoners From Bring Suit 42 USC 1997 e (d) Restricts Any & All Prisoner's Attorney's Fees.

One Can Easily & Correctly Say That The 'Centerpiece' Of The PLRA's Effort To Reduce Unmeritorious Prisoner's Suits Is A Massively Contrived (And More Often Than Not Ie: "Ordinarily" KNOWN To Be 'Futile') Exhaustion Of Administrative Remedies. See: Inter Alia. Porter v. Nussle, 534 U.S. 516, 524 (2002). Indeed, "Exhaustion Of Administrative Remedies Is No Longer Left To The Discretion Of The District Court, But Is Mandatory." Booth v. Churner, 532 U.S. 731, 739 (2001). Held "Prisoners Must Exhaust All Available Remedies Even Where The Relief Sought, E.G: Monetary Damages, — Cannot Even Be Granted By The Administrative Remedy Process." Booth, Id. e 734.

In Short, The PLRA, On The Pretext Of Controlling "Unmeritorious" Prisoner Complaints Is Now Widely Expanded & Wildly Expanded, E.G: Steele, 355 F.3d 1204 And Ross, 365 F.3d 1181, , 10th Cir. Al(New?)'s 'Recharacterizing' Exhaustion Of Administrative Remedies As "Jurisdictional" Instead Of Affirmative Defense — And — Dismissing All Claims Simply Because One Claim Is Not Exhausted!

NOTE: → BOP Prison Officers Know The Of The PLRA & Subsequent Holdings And Intentionally And Maliciously Without BOP Administrative Remedy Form(s) & Act Just Receipt And Mail Too Late To Unlawfully Obtain Bogus Rejections And Thwart Meritorious Prisoner Complaints (Like PLRIs-) — 5 (e) —  ( Not Just Unmeritorious Ones).

Civil Action USDC/D.C. Custard v. Lappin

5) Woodford Et Al v. Ngo. And, Of Course, Now Comes Former U.S. Attorney And Newest Supreme Justice Alito — To Sit Just In Time To Write The "Supremely Convoluted" Decision In Woodford, 548 U.S. ___, Lead To Further Deviously Emboldened Already Out-Of-Control BOP Unit Teams To "Procedurally Default" U.S. Prisoners, PLRA Mandated, Administrative Remedy Exhaustions By (a) Withholding The Necessary Forms (See Ptf's Exhibits);

(b) Refusing To Receipt & Verify U.S. Prisoners Administrative Remedies, And

(c) "Slowplay" / Withhold Mailing Of U.S. Prisoners Administrative Remedies — ALL To Intentionally, Maliciously And Illegally Thwart Meritorious Complaints (—Which This & All Ptf's Complaints Decidedly Are) By So-Called "Procedural Default Of Bureau Of Prisons Administrative Remedy Exhaustion Please See Ptf's Exhibits" And Ptf's "Statement[s] Of Claim[s] I — III."

"Encouraging Prison Officials To Violate Rules, Regulations, And Policy To 'Create' "Procedural Defaults" By Illegal Conduct.

It Is However The Lengthy And Well-Reasoned Dissent In Woodford That Is Perhaps Most Telling:

"The Majority Holding Is Egregiously Misapprehended... The Court May Not, As A Matter Of Federal Common Law, Apply An Extrastatutory Waiver Requirement... (id, @ Page 20) The Procedural Default Sanction Created By This Court Now, Unlike The Exhaustion Requirement Created By Congress, Bars Litigation 'At Random', Irrespective Of Whether A Claim Is Meritorious Or Is Frivolous... The Constitution Guarantees That A Prisoner, Like All Citizens, Have A "Reasonably Adequate" Opportunity To Raise Constitutional Claims Before Impartial Judges [Not 'Judges Turned Litigation Gatekeepers']. (id, @ Pages 15 & 20)... Depending On The Answer To Questions Like These, The Majority's Interpretation Of The PLRA Will Cause The Statute And The Majority's Holding To Be Vulnerable To Constitutional Challenges." (Stevens, J., Dissenting id. @ 20.)

— 5 (f) —

USDC/D.C. Civil Ag.   Custard V. Lapen Et Al.

# V.

## (Statements Of Claims)

__Statement Of Claim 1__: Civil Conspiracy To Illegally Deprive U.S. Prisoners Of Adequate Access To The Bureau Of Prisons Administrative Remedy Program By Illegally Denying To Dully & Timely Provide Adequate Amounts Of Bureau Of Prisons Administrative Remedy Forms: In Violation Of The U.S. Constitution's 1st, 5th, & 8th Amendments And Fatally Delaying Legal Mailings To Like Cause "Procedural Default":

__Statement Of Claim 2__: Unlawful Retaliation Against A U.S. Prisoner For His Lawful Assertion Of 1st Amendment Rights (Facts & Circumstances Giving Rise)

Bureau Of Prisons Staff That Are Responsible For The Handling & Overseeing Of The Bureau Of Prisons (BOP) Administrative Remedy Program (ARP) Are Generally [All Over The Country By BOP Attorneys] And For Purposes Of This Statement Of Claim & Complaint, At Florence, Colorado ADX Specifically, Being Taught To And Being Encouraged To Intentionally, Maliciously And Unconstitutionally Violate BOP Policies And Statutory Codes Of Federal Regulations (CFR's) That Pertain To BOP Staff Administrative Remedies (Ad. Rems.) Response Time Deadlines, For The Known Illegal Purposes Of Intentionally, Maliciously, And Unconscionably And Illicitly Cause "Procedural Default" Non-Compliance With The Prison Litigation Reform Act (PLRA) Generally, And Currently Specifically Post Woodford V. Ngo, 548 U.S. ___ (2006) ("Woodford") To Knowingly Pruriently And Unconstitutionally Thwart The Filing Of Meritorious Prison Grievances And Meritorious Prisoner Complaints.

BOP & ADX Unit Team Staff Are Gleefully Violating BOP Policy Statement (P.S.) 1330.13G And ADX Institutional Statement (I.S.) 1330.13G(5), (B), (C) Under The Tacit & Explicit Auspices Of BOP ARP Administrators, BOP Wardens, BOP Associate Wardens, BOP Administrative Co-Ordinators & BOP National And On-Site Attorneys To Falsely "Procedurally Default." —— 5 (9) ——

USDC (D.C. Civil ~on Custavis v Lappin et al.,  statement of claim 1 (6 Nt)

Reviewers Hereof Are Respectfully Requested To Understand That, To Begin With, The O-N-L-Y <u>Possible</u> Way <u>TO</u> File An Administrative Remedy In The BOP Is By First Obtaining" The Appropriate Form" (28CFR542.14(a))From A BOP "Unit Team Member" (Usually A "Correctional Counselor" Although Any Member Of A BOP Unit Team "Can" Issue "The Appropriate Form").

Once You Obtain" The Appropriate Form" (BP-9) You Must First File The Informal Remedy Resolution Form" (BP-8) All "Within 2 Calendar Days" 28 CFR 542.14 (a) — If You "Dare" Try To Complain About "More Than One [Narrow] Issue" It Will Be "Rejected" Because" You Raise More Than One Issue" On" The Appropriate Form" (BOP Administrative Remedy Program Staff Are Very Good At Enforcing Ad. Rem. Rules Against You — But Flat Out Refuse To Enforce The Ad. Rem. Rules That Apply To Themselves, PERIOD),—So You "Raise One Issue" On The Appropriate Form" Or You Are "Rejected" And You Must Begin All Over! Attempting To Obtain "The Appropriate Form" Again.

Thus, <u>Even Under The "Best Of" Circumstances</u> Of The Arbitrarily & Capriciously Contrived By The Warden At ADX (Defendant Wiley) "Rules" (ADX I.S. 1330.13G(5)(B)&(C))" One Appropriate Form At A Time" And "Ordinarily Within 3 Days Excluding Weekends & Holidays" <u>You Are Not Likely To Be Able To File An Adequate Amount Of BOP Administrative Remedies To Protect Your Right To Bring Civil Action For Unconstitutional Deprivations, And BOP Staff Criminal Conduct.</u>

<u>EG</u>: To The "Uninitiated" This Example Might Appear Humorous — But ADX Is Not Only The "Worst Of The West" It Is Also, Naturally, The "Worst Of Worst BOP Staff". (For Instance One Of The Defendants (T. Manspeaker) Was Demoted From Captain(Again)/ Rank in BOP Lieutenant For For "4-Pointing" (Chaining Down On A Concrete Slab A Person And Handcuffing Both His Wrists & Ankles To That Concrete Slab)— Then Cutting His Clothes Off, In Winter-Time, Opening The Outside Window And Pouring Cold Ice Water Over That Pointed Person, — 5(h) — BOP Just "Sent Manspeaker To ADX" (For The Rest Of His "Career" — Another Been Here "For Alot Of Years" Worst Of The Worst" Staff.)

Civil Action US. I.D.C. Cushnoc v. Lapan et al. ( Remove EC(a) as / 84 (Con't)

28CFR542.14(a) "20 Calendar Day" Rule Is Being Maliciously "Preferentially Deferred" By BCP Ad. Rem. Handling Staff.  Because Even Though AOX I.S. 1330.13G(5)(c) States:  "[BP.8.5] "Ordinarily" Will Be Responded To Within 3-Days" (Exclusive weekends & Holidays)

My Unit Team And Defendants W. Haywood And Madison Have Responded "Within 3 Days" To Less Than 10% Of All My BP 8. Submissions.

This Has Been Done Under The Explicit Approval Of Defendants Montanary, And Rear And Defendants Wiley, Nalley, Watts And Lapan And Crazy/Hackle, Upon The "Advice" Of Defendants (BOP Attorneys) Brueschke & Synsvoll. See: Plff. Ad. Rem. Examples & Plff's Exhibits.

↑Defendant Madison
When Proving Defendants Haywood That "Ordinarily" Can Only Be Defined As "Most Of The Time" — Not "Rarely" — And That Since They Routinely Violate AOX I.S. 1330.13G(5)(c) That They Must Waive AOX I.S. 1330.13G(5)(B) Which States: "  "Ordinarily" Only One BP.9 Will Be Issued At A Time"

"They Have Both Told Me Various & : "I Don't Care If I Am 'Violating' Your 'Constitutional Rights', That Is The Way The Warden (Defendant Wiley) And Rear ( Warden's Executive Assistant And AOX Administrative Remedy Co. Ordinator Defendant K. Rear) Want It.", Now Said Just Me About Defendant Montanary.

"You File Too Many 'Grievances'."; "You File Too Many Lawsuits.";

"[Defendant] Brueschke And [Defendant] Have Told Me To 'Slowplay' Your Administrative Remedies So They Will Get Rejected, Is That What I Do, Take It Up With Them And The Warden."

"If You 'File' On Me, Or Aim To Make My Job Harder, I Will Just 'Slowplay' Mailing It And It Will Get 'Rejected' And The Waiting Anyway."

→ It Should Be Noted That The Only Way A U.S. Prisoner Can Mail Legal Mail Is By Giving It To Their Unit Team Staff To Mail.

Civil Action UNA   D.C.  Cluttard v Lappin et al.

**Note**: [IE: There Is No 'Legal Mailbox' — Or Any Kind Of Prisoner Mailbox At ADX; Moreover, ADX Prisoners Are In Their Cells 23 Hours A Day And Thus Can't 'Go See' A Unit Team Member Or ADX Staff Member Of Any Kind, And Must Just Wait Until One Comes Around Whenever They Feel Like It] — For Instance Your Unit Team Member Won't Come Around For Days On End (I Haven't Seen A Unit Team Member In 5 Days As I Write This — And Gave Him A BP-8 2-Weeks Ago Still Unanswered!) — And When I Do See One And Ask For A BP-8 Or BP-9, BP-10 Or BP-11 I Am "Ordinarily" Told "You Get One (BP-8) 'Out'" — I Say "So What! You Should Have Answered It By I.S. 1330.13G (s)(c) A Week Ago" Defendants Havelock & Richardson Say "So 'Sue' Me." (So I Am)

_Plus_ — Even When You Do (Finally See Everyone) Ask For Ad Rem Forms 'More Often That Not' Defendants Manspile & Havelock "I Don't Have Any With Me' Catch Me Next Time" (So It's Another Seven Days)

When I Say "Well — Go Get Some (Ad Rem Forms)! You Do Know The Way Back To Your Office Don't You?" They _Refuse To Go Get The Forms And Come Back With Them The Same Day_. ← In This Last 2 Years This Has Happened Dozens Of Times (With Both Defendants Richardson & Havelock.

I Have Spoken To Defendants (ADX On-Site Attorneys) Bruscuoe & Synsvoll About This Many Times In The Last Two Years. Both Have Stated: "Good. The Less Administrative Remedy Forms You Get The Better Off 'We Are.'" — When I Confronted Them That In Light Of PLRA (And Now Woodford) They Are Knowingly Committing Gross Due Process) Fifth (And Other) Amendment Violations By Knowingly Withholding And Counseling Others To Withhold Ad Rem Forms From Me Synsvoll Said "I 'Decide' What The 'Constitution' Means In ADX" Likewise Claiming Bruscuoe Said "That's The Way The Warden And Synsvoll 'Want It'."

— 5 (j) —

Civil Action  U.../ D.C.  Clifford V. Lappin Et...

Everytime - For 2 Years Or More That I Have Complained To Defendants Sharpe & Cruz About Claims 1 & 2 Hereof  Sharpe Said "Everytime" Around Here "Goes Thru Me And That's "The Way" The Warden And I Want It." When Pressed He Has Also Said "Refusing You Administrative Remedy Forms Is What Beightler And Sinsville And Rear "Advise" To Keep You From Filing "So Many" Grievances And To Keep You From Filing Lawsuits So That Is What "We" Do." ( Defendant Sharpe Is Asso. Warden Of Programs ).

Defendant Cruz Stated "That's ( Refusing Me Adequate Ad Rem Forms ) What The Warden, The "Attorneys", Sharpe And Rear And Nalley And Watts All "Want"; & That's "The Way It's Going To Be" Clifford "I Am "Just" A "Bureaucrat"." —— In All Fairness I Have To Say That Defendant Cruz Is The Only One Who Is Not Gleefully Malicious About The Fact That I Am Long Systematically And Perpetually Deprived Of Bop Ad. Rem. Forms—— Nevertheless It Is Clear That She Knows About It And Does Not Intervene To Stop — It Is Also Clear That She Is Very Skilled At "Bureaucratic" "CYOA" Tactics.

Defendants Watts & Nalley's Knowledge & Complicity In Denying Me Adequate Amounts Of Ad. Rem Forms  Are Proven & Clearly Evidenced By Their Numerous Returnings Of Ad. Rem. Appeals They Denied Receiving, That Or Similar Issues.— Likewise On Receipts, Of Ad Rems; Log On Ad. Rem Appeals - Their Failures To Procure & Utilize Bop Ad Rem Forms ( For Receipt By The Perforated Exec Pull Tabs Receipts Already Ruled On / Attached To Bop Ad Rem Forms. Etc.

  As To Defendant Lappin I Have Spoken To Him In Person — Just As I Have Nalley & About This And Told, Respectfully ~ "Oh I Know You! You're The One "Who Files "Too Many" Administrative Remedies And Lawsuits! Well If We "Don't "Give" You The Forms You "Can't" File Them Can "You?" And Nalley Stated The Same Thing Who The "I Know You".

—5(K)—

Civil Action 1:15in/ D.C. Clifford v Lappin et al.

DEFENDANT WARDEN WILEY HAS NEVER "MADE ROUNDS" ( WALKED DOWN TO UNIT RANGE TO WHICH I WAS ASSIGNED) WHEN I HAVE NOT RAISED THIS ISSUE OF DEPRIVATION OF ADX AD. REMS IN VIOLATION OF THE CONSTITUTION, BOP P.S.'s & ADX I.S.'s — LIKEWISE FOR DEFENDANTS MONTGOMERY AND REAR.

BETWEEN 10/25/05 — 8/16/06 (INCLUDING BUT NOT LIMITED TO 10/25/05; 12/20/05; 5/26/06; 6/01/06; 8/11/06) I SPOKE DIRECTLY TO DEFENDANT WILEY ABOUT THE UNCONSTITUTIONAL DEPRIVATION OF ADEQUATE AD. REM. FORMS; THE PROVEN DELAYS IN AD. REM. APPEARS TO CAUSE ELIMINATION PROGRAMS DEFINED.

LIKEWISE DEFENDANTS MONTGOMERY & REAR ( ADX WARDEN EXECUTIVE ASSTS & AD. REM. CO-ORDINATORS) — NOTE: IN BOP THE TITLE/POSITION OF AD REM CO-ORDINATOR IS DEMEANED AND GIVEN — JUST AS AN AFTERTHOUGHT — TO THE BOP WARDEN'S EXECUTIVE ASST's — WHICH IS A FULL TIME JOB W/O "AD. REM. CO-ORDINATOR" STACKED ON (NO) TOP OF IT — AND THEY GET VERY DISTRAUGHT WHEN THEY HAVE TO DEVOTE ANY SERIOUS TIME TO "BEING" AN ADMINISTRATIVE REMEDY PROGRAM CO-ORDINATOR" — THEY HATE I. I KNOW NOT, AND IT ALWAYS SHOWS) ON DATES BETWEEN BUT NOT LIMITED TO 11/25/04 — 9/22/06.

DEFENDANT WILEY STATED: " YOU 'SHOULDN'T' FILE SO MANY LAWSUITS AND 'WE'D' TREAT YOU 'DIFFERENTLY' AROUND HERE."; " YOU 'ARE PEOPLE OFF' FILING GRIEVANCES AND LAWSUITS IS YOU 'DESERVE' IT."; " I DON'T CARE ABOUT YOUR 'ADMINISTRATIVE REMEDY' CONSTITUTIONAL RIGHTS' AND NEITHER DOES SYNSVOLL OR BRIESCHKE — I 'GOT' ATTORNEYS."

DEFENDANT REAR — (WITH DEFENDANT HARLESS) ON 8/18/06 REFUSED TO EVEN LOOK AT A BP-8 HARLESS HAND RETURNED TO ME IN N-I-N-E, NOT "3-DAYS" STATING: " I DON'T CARE AND NEITHER DOES HE" POINTING TO DEFENDANT HARLESS. AND HAS AT OTHER SAID TIMES: " THE WARDEN ( DEFENDANT WILEY) AND THE ATTORNEYS ( DEFENDANTS BRIESCHKE & SYNSVOLL) HAVE TALKED TO WALEY AND THEY ( WALEY & WILEY & BRIESCHKE & SYNSVOLL) HAVE 'DETERMINED' THAT YOU 'NEED TO BE' 'SLOWED DOWN' ON YOUR GRIEVANCES

Civil Action 1(1)07/ D.C. (Custred v Lappin et al.)

And Lawsuit(s) On BOP Staff." — When I told Her That She Was A Law Enforcement Officer And Sworn To Uphold The Constitution And When Any Law Enforcement Officer Witnesses Other Law Enforcement Officers Violating The Constitution And Breaking The Law But Do Nothing To Stop It" They Can Be Held Liable For That Same Unlawful Conduct — Defendant Lepp Stated" You Can't Prove 'Anything' From In Here' (ADX) Custred." —— I Said The Very Same Thing To Every 'ADX Defendant' Herein And Told Each Of Them From "Fuck You", - To "Nobody Cares" - To "Tell It To A Judge", "Write A Letter," And "Sue Me" - To "I'm 'Not' A 'Law Enforcement Officer'": "You Can't 'Prove' 'Shit' "- To "Kiss My Ass" And "Fuck You And "The Constitution'," Respectively.

"When Defendant Cruz Was Acting Warden I Saw Her At ADX 'Special Housing Unit' ('SHU') While I Was At Out-door Rec/Exercise Period And With Her Were Defendants Brieschke And Rangville _ I Complained To All Of Them - Yet Again - About Unconstitutional Deprivations Of A.D. Reg. Forms And That They Knew It And Were Causing It To Deliberately Prevent Necessary Medical Treatment Necessary Medical Needs, And On ADX Staff Criminal Behavior And BOP Staff Misconduct And Otherwise - And - That Unit Team Members (Defendants) Rangville & Harwood Were (Illegally) Delaying My A.D. Reg. Legal Mail (Appeals) And All Said "Prove It, Custred" — And "So What You Can't 'Prove It.'"

I Try Diligently To Keep Chronological Record Of Dates (Of Course) And Times; And Who (What BOP Personnel) I Speak To And About What — But Just Like On The Above Date & Time With Acting Warden & BOP Attorneys Did Then -Everytime They See Out of My Cell They Run And Gather Up And Destroy My 'Logs' And Records On Them. — And Never Provide Any Confirmation Forms Or Any Way For Me Appear Or 'Prove' It — However, Discovery Proceeds

——5 (M) ——

In This Action Will Reveal And Connect / Tie Together / Corroborate All Of The Factual Circumstances And Occurances Set Forth Above.

Lappin Is Named As A Defendant Not As Respondeat Superior, But As Personal Involvement In The (Criminal And) Civil Conspiracy As Well As Supervisory Liability For Failure To Supervise.

EVERY DEFENDANT NAMED IN THIS ACTION KNOWS ABOUT AND IS MALICIOUSLY INVOLVED IN THE CIVIL CONSPIRACY TO DEPRIVE ME OF THE ADEQUATE AMOUNT OF BOP AD. REM. FORMS FOR THE ILLICIT PURPOSE TO PROCEDURALLY DEFAULT ME ON NUMEROUS SERIOUS MEDICAL ISSUES, SERIOUS PRISON CONDITIONS ISSUES, AND WHEN UNABLE TO ACCOMPLISH THAT ILLEGAL GOAL BY SIMPLY TAKING WAY TOO LONG (200% Or More (Or More)) TO RESPOND TO BP-8s WHILE DENYING BP-8's 'BECAUSE' THEY ARE TAKING TOO LONG TO ANSWER THE ONE THEY HAVE — THEY THEN PROCEDURALLY DEFAULT MERITORIOUS CLAIMS (SEE: EG: RETENTION, By DEFENDANT WATTS, Of AD. REM. # 413 713, AFTER KNOWING DEFENDANT MARBERRY 'ADVISED' By ATTORNEY DEFENDANTS BELLECOURT & SUNDQUIST, With DEFENDANTS WILLEY, NALLEY, & LAPPIN APPROVAL TO 'SLOWPLAY' DELAY THE MAILING OF # 413 713 AP-11 APPEAL, ETC. [JUST ONE OF MANY EXAMPLES] SEE: PLTF'S EXHIBITS) By 'SLOWPLAY' DELAYING — KNOWN AND WITHOUT 'ALLOWING' LEGAL MAILING RECEIPTS FOR LEGAL MAILING OF AD. REMS. WHILE BIZARRELY & FUNDAMENTALLY UNFAIRLY & IN LIGHT OF 9-11 BOMBING HOAXES TIME-CONSUMING FEDERAL BUILDINGS MAIL SCREENING) HOLDING PLTF RESPONSIBLE!? FOR "THIS INCLUDES MAIL TIME"!? — AND EVERY NAMED DEFENDANT AS SHOWN KNOWS ABOUT AND IS INVOLVED THE UNLAWFUL RETALIATION AGAINST PLTF. FOR HIS LAWFUL ASSERTION OF HIS 1ST AMENDMENT RIGHTS; (PLTF'S STATEMENTS OF CLAIMS 1 & 2.)

— 5 (N) —

Civil Action 1:07cv/D.C.  Clifford V Laffin R.I.AL.

To Be Clear — And To Be Certain, In Addition To True Specific Instances Of Unconstitutional Deprivation Set Forth Above Prejudice Was Incurred By Pltf On Each And Every "Retention" For Any & All Bogus Reasons Of The Several Dozen Retention Notice Exhibits Pltf Has Submitted Herewith And Which Pltf Hereby Moves Be Incorporated As Being Pled With This Complaint.

   To Wit : All Of The "Retentions/Notices" Concerning "Subjects" Of Administrative Remedy Requests, Complaints And Appeals (Citing :
(1) "Misconduct By (BOP/ADX) Staff", (2) "Other Misconduct By Staff";
(3) "Administrative Remedy Procedures" (4) "Safety, Sanitation, Environmental Conditions",
(5) "Complaint Against (BOP/ADX) Staff" (6) "Hard To Read";
(7) Medical Care — Improper And Inadequate", (8) "Untimely";
(9) " Administrative Remedy Outgoing Mail Logs";
(10) " Administrative Remedy Receipts — Lack Thereof In Reasonable Fashion;
(11) " Administrative Remedy Form — Failure To Provide — Complaint Against ADX Staff"


As Said ADX Staff — Under Auspices Of All Named Defendants Routinely & Come Into Pltf's Assigned U.S. Prisoner Quarters And Steal Any & All Documentations, Proofs & Evidences That They Can Determine To Be Of Service To Pltf In Ad.Rems. & Actions Against Them — And Documentations, Proofs & Evidences Critical Of BOP & ADX Prison Personnel. EG: Refusing To Do 28CFR 542.19 Ad.Rem. Indexing; Refusing To Process My FOIA Requests, Stealing My Ad.Rem. Copies, And Refusing, Upon Request (Written Form Request) To Replace Them ——— Thus, All As Said, Discovery Process Will Flesh Out All Claims & All Prejudices. And/Or Evidentiary Hearing Which Pltf Hereby Moves For Can Serve Likewise If Any Claims Or Actual Prejudices Therefrom Are Questioned By Their Bureau Of Prisons & ADX Prison Defendants.

—— 5 (o) ——

Civil Action No: /D.C. Cushard's Labor Etc:

## STATEMENT OF CLAIM 3:   Violations Of The U.S Constitution's 1st, 5th & 8th
Amendments As Direct Result Of The Known To Be Antiquated Administrative Remedy
Forms And Processes.

### (Facts & Circumstances Giving Rise To Claim 3)

Bureau Of Prisons Executive Staff That Are Responsible For Handling & Processing
U.S. Prisoners Administrative Remedy Forms Are Maliciously Machinating The Known
Deficiencies Of The Antiquated BOP Forms & Processes — And Are Failing To Utilize
The Receipting Part Of Their Own Forms Purposely To Illegitimately Procedurally
Default U.S. Prisoners (Generally) And Plff's, Specifically, Administrative Remedies.

The BOP Administrative Remedy Program & Procedures Consists Of Prisoners
Filling Of Four (4) Different Forms.  BP-228 (BP-8); BP-229 (BP-9); BP-23 (BP-10);
And BP-231 (BP-11).
　　　The PLRA Requires Prisoners To Exhaust Ad. Rem. Before Challenging
Prison Conditions In Federal Courts.  42 USC § 1997e(a).  The U.S. Supreme Court
Has __MANDATED__ That This Administrative Law Requires "Using All Steps That
That An Agency Holds Out Through "Proper" Exhaustion.  Woodford, Sct US _____,
_____ L.Ed.2d _____.

> - It Is In The Light Of Woodford That The BOP Must Be Obliged
To Update Sufficiently It's Ad. Rem. Program & Procedures And Duly Incorporate
A Reasonable Amount Of BOP Prison Official Accountability In Order To Reasonably
Ensure U.S. Prisoners Due Process In The BOP Administrative Remedy Process  And
Access To The Courts  —  While These Rogue Malicious BOP Ad. Rem. Staff's
Currently Unchecked Capability To Capriciously Transfer, By Procedurally De-
Faulting, Any U.S. Prisoners Meritorious Grievances & Accordingly To PLRA &
Woodford Any U.S. Prisoner's Meritorious Complaint.

Civil Action case 1 D.C. Custard v Lamin, et al.

The Four BOP Ad. Rem. "Appropriate Forms" are:

1) BP-228 (`BP-8`) Informal Resolution Attempt Form;   (White)   Fee:
2) BP-229 (`BP-9`) Administrative Remedy Request Form;  (Blue)   Pltf's
3) BP-230 (`BP-10`) BOP Ad.Rem. Regional Appeal Form;  (Yellow)  Administrative
4) BP-231 (`BP-11`) BOP Ad.Rem. National Appeal Form;  (Pink)   Remedy Forms Exhibits.

( Unconstitutional Inadequacy Of BOP Administrative Remedy Form Receipts )

1) <u>BP-8's Have NO RECEIPTING Process Whatsoever.</u>

28 CFR 542.14(c) Mandates That A Prisoner "Must" Complete, Hand-In And Receive A Response To A BP-8 — And — File A BP-9 "Within 20 Calendar Days." Yet When I Hand-In (Hand-To-Hand) The BP-8 To A BOP Unit Team Member I Get NO RECEIPT And Nothing WHATSOEVER To Prove I Ever Gave It To Him Or Her, Who Can Then 'Lose' It, (Throw It Away If It Is A Grievance About Themselves (Or A Cohort) Covertly Delay It To Procedurally Default Illegitimately On The '20 Day Rule', Or Just Act Like I Never Gave It To Them! (All Of Which has Happened to Pltf w/ Last 2 Years)

Defendants Madison & Harlow —witness Applied Them For BP-8 Receipt Due To Their Previous Intentional Procedural Predetermined Default, Of Doing BP-8's Stated." It's `My' Choice To Process A BP-8, Or Not, `That's `What' You (U.S. Prisoner) Get NO RECEIPT For A BP-8." At All   And,"That's (No BP-8 RECEIPT) So `We' Can Throw It Away (`Lose) If We `Want To." And They Have Done That Numerous Times Intentionally & Maliciously.

Defendants Wiley And Rear, And Defendants ADX Attorneys Benedick, has similarly Have All Stated: " That's How `We' `Control' What `Gets Answered' And `What' `Doesn't'." Screaming Civil Conspiracy And Unconstitutional Manipulation Of ADX BP-8's — Note: Each Warden 'Makes-Up' His 'Own' Prison BP-8, I.E. BP-8's Differ/Often Drastically From 1-BOP Prison To Another. <u>But All BP-8's Have NO RECEIPT.</u>

— 5 (Φ) —

Civil Action UNDC, D.C.  Custardo v Lappin et al.

BP-9's, BP-10's, & BP-11's ALL DO HAVE RECEIPTS RIGHT ON THE FORM! But BOP Ad Rem. OFFICIALS FLAT REFUSE TO SIMPLY FILL OUT AND ISSUE THE PERFORATED TAB 9, 10, & 11 RECEIPTS THAT ARE ATTACHED RIGHT ON THE BOTTOM OF THE FORM! — SEE PLTF'S EXHIBITS OF BP-9's, BP-10, & BP-11 (BP's "BP-229", "BP-230", & "BP-231") FORMS ( BLUE, YELLOW & PINK RESPECTIVELY) WHICH PLAINLY SHOW PERFORATED LINE TEAR OFF RECEIPTS WHICH BOP Ad.Rem. OFFICIALS GENERALLY, AND DEFENDANTS HAYWOOD, MINDLEN, REAR, MONTGOMERY, WILEY, CRUZ & SHERRE REFUSE TO ISSUE TO A BOP PRISONER STATING, VARIOUSLY, "WE DON'T ISSUE THOSE 'SO WE' CAN THROW IT AWAY IF WE' WANT TO." SHOWING CIVIL CONSPIRACY. WHEN PLTF. COMPLAINED TO DEFENDANTS BELGRADE & SINSWELL ABOUT THIS HE WAS TOLD "THAT'S THE WAY 'WE' LIKE IT, SO YOU 'CAN'T' 'PROVE' YOU EVER GAVE THE ADMINISTRATIVE REMEDY TO US' UNLESS 'WE' WANT YOU TO." (CIVIL CONSPIRACY)

BP-9's, 10's, & 11's HAVE RECEIPTS RIGHT ON THEM ("PART C") AT BOTTOM OF FORM. BUT WHEN PLT HAS FILLED OUT THE RECEIPT FOR HIMSELF (SINCE STAFF REFUSED TO DO SO) THE AD REM FORMS WERE "REJECTED" AND PROCEDURALLY DEFAULTED ON THAT ILLEGITIMATE PREMISE.

———————— YOU GIVE HAND TO HAND TO THE UNIT TEAM MEMBER A BP-10, OR BP-11, HE REFUSES YOU A RECEIPT, THEN MAM, OR MAN MAIL THE BP-10 AND BP-11, OR INTRACOLONY MAIL IT LATE TO ILLEGITIMATELY PROCEDURALLY DEFAULT YOU — AND YOU CANNOT 'PROVE' YOU 'EVER' GAVE IT 'TO' HIM — OR — WHEN YOU GAVE IT TO HIM! A FUNDAMENTALLY UNFAIR DUE PROCESS AD. REM. PROCEDURAL CONSTITUTIONAL VIOLATION. ——————— WHEN ALL THAT'S NEEDED IS TO REQUIRE BOP AD REM PERSONNEL TO "PROPERLY" UTILIZE THEIR OWN BP-9, BP-10, AND BP-11 RECEIPT CONTAINING FORMS! SO THE PRISONER CANNOT BE MALICIOUSLY PROCEDURALLY DEFAULTED BY UNLAWFUL MACHINATIONS OF "WHEN I GET AROUND TO" "COMPUTER GENERATED RECEIPTS" ISSUED WEEKS OR A MONTH LATER — OR NEVER AND YOU WITH NO PROOF OF FILING IT.

—5(R)—

This Court, As Others, Are Quite Aware Of The Extreme Demands Now Made Upon Prisoners To Bring Meritorious Grievances / Complaints, See: Woodford v Ngo, 548 U.S. ___, ___ (2021); Ross, 365 F 3d 1181, Steele, 355 F 3d 1204, Etc. —— Pltf, A U.S. Citizen & U.S. Patriot, Accepts The PLRA Exhaustion Requirement, And Subsequent Harsh Court Holdings — Thats The Law, Pltf Asks Only For The Minimum Of Fundamental Fairness From BOP Ad Rem Officials Who Presentably Now Have Major Incentive To 'Procedurally Default' The Most Meritorious Of Claims ( The PLRA Seeks Only To Curb "Unmeritorious" Or "Frivolous" — Not Meritorious Claims) By Denying "Proper" Receipts By Purposefully Failing To Adhere To Their Own Rules — And In This Claim Even Their Own Ad. Rem. Forms!

Lastly, BP-9, BP-10, BP-11 Ad Rems Contain A "Part B" ["Ad Rem Personnel"] Response Section That Takes Up Approx. ½ Of The Entire Form! And Is Never Used By BOP Ad. Rem. Staff! — But If You Use It! BAM — Procedurally You're Defaulted As Pltf Has Been Numerous Times.

As Variously Discussed, The PLRA, Woodford, Etc Place Extreme Demands Upon Prisoners Not Only To 'Exhaust' But To "Totally Exhaust" And "Properly Exhaust" IE: Exhaustively And Timely Exhaust — But BOP 'Allows' Only ½ Page Of A Form That They Won't Tear A Receipt Off The Bottom Of And Give You Dated & Signed As Proof Of Filing —— And Only "DNR 8½ x 11 Sheets" (28 CFR 542.14(c)(3)) Then You Are Grilled 'As To Exhaustion By The Court, And Then By Defendants Counsel, Not Just Once (At Rule 12) But Again (At Rule 56) And Again Up Until The "Eve Of Trial" — Isn't That 'Enough'? Allowing BOP Ad. Rem. Personnel To Disregard Their Own Forms, Utilize Clearly Obsolete Forms (With "Part B") And To Maliciously Procedurally Default Meritorious Grievances & Complaints By Not Providing "Proper" Receipts — For The Ad Rems — And For The Legal Mailings Thereof

_Civil Action USDC/D.C. Custard v Lappin, Et Al.,_

Constitutes A Vicious & Brutish Rape Of The "Fundamental Fairness Doctrine".

It Is Therefore And As Grounds, Reasons; Facts & Circumstances Respectfully Set Forth Above That Pltf Respectfully Presents To Reviewers Hereof Statements Of Claims 1, Civil Conspiracy; Statement Of Claim 2, Unlawful Retaliation; And Statement Of Claim 3, Egregious Violations Of Even Minimal Due Process; All Relative Directly To The Currently Illegitimate Bureau Of Prisons "Administrative Remedy Program" & Procedures — And The BOP AD. Rem. Personnel Responsible For The Fundamental Fairness And Application Of The Bureau Of Prisons Administrative Remedy Program & Procedures Named As Defendants Herein — For Judicious Evaluation And Relief Deemed Appropriate.

Respectfully Submitted

This 20TH Day Of December, 2006.

Bob Allen Custard, Pltf.,
Box 7500-02728031
Florence, Colorado 81226-7500

—5 (t)—

BP-230 #421040 Exhibit.

USDC/D.C. Civil Action
Custard V. Watts, Et.Al., PLTF'S Exhibit A

## USP ADMINISTRATIVE MAXIMUM
## FLORENCE, COLORADO
## INFORMAL RESOLUTION FORM

Inmate Name: Custard                        Reg. No. 02728031
Unit: ECHO-405                               Date: 7/21/06

**NOTICE TO INMATE**: You are advised that normally prior to filing a Request for Administrative Remedy, (BP-DIR-13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the three steps listed below:

1.  **State your complaint:** On July 4 06, 2006 I sent to Ant Warden Wiley A BP-I. SS11. Request to staff member form which the responce read about 7/12/06 both disingenuously and incorrectly. ——— I want the intentional inaccuracies of that 7/06/06 RSM corrected so I know he knows what he is doing and is aware of the facts.
    (If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to BP-229(13) responses.)
    (VERY ONE PAGE ATTACHED)

2.  **State what actions you have made to informally resolve your complaint:** Wrote & talked to Ant Warden R. Wiley at least 3 times & and to Adv. Administrative Remedy Co-Ordinator at least 10 times.

3.  **State what resolution you expect:** I 'Expect' the ADX Warden, His Executive Hds. Another Unit team to continue to deny unlawfully deny me adequate BP-228 filings. — I 'want' the warden to correct his responce to accurately state B.P. 1330.13(C).5. B and stop making the use known limited BP-228's like this to further disingenuous inaccurate responses.

Inmate's Signature: _____        Date: _____

**Correctional Counselor's Comments (Steps to Resolve):** A review of your informal resolution was conducted you are not being denied BP-228. Only one informal resolution form will be issued at a time.

Yes I Am When not takes 9-Days to issue one BP-228

Yes I Am when it takes 9-Days to return a BP-228

Counselor's Signature: _____     Date: 7-21-06
Unit Manager's Review: _____     Date: 7-31-06
Informally Resolved: _____       Date: _____

Violates PLRA Exhaustion Mandates      →9-Days←      Violates ADX I.S. 1330.13G.5(B)(c).

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | EXECUTIVE STAFF |
|---|---|---|---|---|---|
| DATE | 7/21/06 | 7-24-06 | 8-1-06 | 8/4/06 | 8/4/06 |
| TIME | 8:10 AM | 9:45 A | 10:00 | 0720 | 1340 |
| COUNSELOR | Sure | | | | |

CC: Program Files / Possible Exhibit

Advance the "Within 5-Days" Date restriction of 7/24/06 = Impossible

USDC/D.C. CIVIL ACTION    CUSTARD V. WATTS, ET AL,    | PLTF'S EXHIBIT B |



**UNITED STATES PENITENTIARY**
ADMINISTRATIVE MAXIMUM FACILITY
Florence, Colorado 81226



| INSTITUTION SUPPLEMENT | Number | : FLM 1330.13G |
|---|---|---|
| | Date | : July 15, 2005 |
| | Subject | : Administrative Remedy Procedures for Inmates |

1. **PURPOSE & SCOPE:**   This Institution Supplement establishes procedures for inmates and staff to effect the timely and thorough resolution of inmate complaints and appeals.  This Supplement also provides guidelines for the formal presentation of complaints [Form BP-229(13)] should informal resolution procedures be ineffective.  Program Statement 1330.13, Administrative Remedy Procedures for Inmates, should be read in conjunction with this Institution Supplement.

2. **DIRECTIVES AFFECTED:**

   Program Statement 1330.13, Administrative Remedy Procedures for Inmates, dated December 22, 1995.

   TRM 1301.02, SENTRY Administrative Remedy Technical Reference Manual, dated October 3, 1997.

   **Directives Rescinded:**

   *    Institution Supplement FLM 1330.13F, Administrative Remedy Procedures for Inmates, dated April 21, 2003.                                                              *

3. **ACA STANDARDS REFERENCED:**

   *    American Correctional Association 4th Edition Standards for Adult Correctional Institutions: 4-4248; 4-4284; 4-4446; 4-4492.                                         *

D.C. / Custard Civil tion

*F's Exhibit B-1*

FLM 1330.13G
**Administrative Remedy Procedures for Inmates**
Page 2

4.  **OVERVIEW:**

A.  The Executive Assistant is designated as the Administrative Remedy Coordinator.

He/she will determine whether the complaint/appeal is properly filed and in compliance with the requirements of Program Statement 1330.13. The Coordinator will also review all responses to inmates to ensure compliance with Bureau of Prisons policy. The Warden's Secretary is designated as the Administrative Remedy Clerk and will assist in coordinating and exacting all associated clerical duties, i.e., logging of BP-229(13)'s data entry in SENTRY, corrections, and maintaining accurate and current files.

B.  Upon submission of a Request for Administrative Remedy, the Coordinator will assign a staff member to conduct an impartial review of the issue. This staff member is also responsible for the preparation of a draft response.

The inmate's unit team will generate a receipt for the inmate, which will be forwarded immediately via the institution mail, or hand carried.

C.  All staff assigned to prepare a BP-229(13) response will prepare a draft response which will then be forwarded through the department head to the respective Associate Warden. The Associate Warden will review the response for appropriateness and then forward it on to the Administrative Remedy Coordinator. At that time, the Administrative Remedy Coordinator will determine if Legal Services staff needs to review the response. If necessary, Legal Services will review prior to the final draft being sent to the Warden for his/her signature. Draft responses will be prepared in the format provided (see Attachment 2) and will be routed in hard copy. It is imperative that assigned suspense dates be met. If an extension is necessary for justifiable reasons, such as additional time to review because staff or information is unavailable, it must be approved by the Administrative Remedy Coordinator. The inmate will be notified of any extension in the response time.

D.  After the draft is reviewed and corrected as necessary, it will be submitted to the Warden for approval and signature, and then forwarded to the inmate by the Administrative Remedy Clerk.

5.  **ADMINISTRATIVE REMEDY PROCEDURES:** The ideal and preferred course of action is to resolve inmate complaints through direct interaction with involved staff. Therefore, it is imperative that staff maintain a good interactive relationship with inmates, and respond promptly and professionally to routine, unusual, and urgent requests and issues. Attentiveness to inmate issues and responsiveness

R.S.
No Need Now — Post-Woodford Prison Officials Have + Use Incentive To Purposely Procedurally Default Prisoner Administrative Remedies.

*D.C. / Custord Civil Action*

*Pltf's Exhibit B-2*

FLM 1330.13G
**Administrative Remedy Procedures for Inmates**
**Page 3**

to the inmate population will reduce the use of the formal administrative remedy procedure. In the event that a complaint cannot be resolved via direct interaction, the following guidelines apply:

A.    Inmates should attempt to informally resolve complaints prior to the filing of a formal administrative remedy request. However, as outlined in P.S. 1330.13, pg. 6 (b), if the inmate refuses to attempt informal resolution he will be given a formal request form [(BP-229(13)]. The Administrative Remedy Coordinator will determine if a valid reason existed for bypassing the informal resolution stage. If not, the request will be rejected and returned to the inmate to attempt informal resolution.

B.    Unit Counselors are responsible for issuing the Informal Resolution Form (see Attachment 1) upon inmate request. Ordinarily, only one Informal Resolution form will be issued at a time. This is not meant to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution. An exception to this would be if an inmate has a sensitive, medical or problematic issue. Ordinarily, the form will be completed by the inmate within three (3) days of issuance.

*B.S. That Is Exactly What It Was "Meant" To Do; And It Plainly Does.*

C.    The inmate will return the completed Informal Resolution form to his assigned Correctional Counselor, who will document the exact time and date received. The Correctional Counselor will meet with the inmate and attempt to informally resolve the complaint. Ordinarily, unit staff will complete the attempt at informal resolution within three (3) days, excluding weekends and holidays. The Correctional Counselor will then document on the form all attempts and strategies at informal resolution, as well as the current status of the inmate's complaint. He/she will forward this documentation to the Unit Manager.

*"Ordinarily" Must Mean "More Often Than Not"*

*At ADX Not Done In Even 10% Of All Administrative Remedies.*

D.    The Unit Manager will review the Informal Resolution form and familiarize himself/herself with the facts of the complaint. If further efforts at informal resolution are deemed necessary or helpful, the Unit Manager will assist the Correctional Counselor in continued efforts to resolve the complaint. All further efforts and attempts will be documented. If Informal Resolution is not possible, the Unit Manager will sign the completed form and return it to the Correctional Counselor, who may then give the inmate a BP-229(13) form, if he so requests. The inmate must directly request a BP- 229(13) form from his assigned Counselor (and may do so verbally or in writing).

E.    The inmate will return the completed BP-229(13) form to his assigned Counselor. He must submit this completed form to the Counselor within twenty (20) calendar days of the date on which the issue arose. This BP-

*"Must" But Can't If Not Given Adequate Forms Or When Staff Violate "B." & "C." Above.*

*PLTF'S EXHIBIT B-3*

*D.C. Civil Action L. Shard*

FLM 1330.13G
**Administrative Remedy Procedures for Inmates**
Page 4

229(13) will contain <u>only</u> that issue reflected in the Informal Resolution. Additional issues will result in a final response which addresses <u>only</u> that issue documented on the Informal Resolution form.

F.    Any inmate request for assistance in preparing a Request or an Appeal, as outlined in section 10, page 9 of the Program Statement, must be approved by the Unit Manager.

*AFTER*
*No Receipt*
*Given to Prisoner*
*And Staff*
*Carry Around*
*For Weeks.*

G.    The Counselor will attach the Informal Resolution form to the completed BP-229(13) and promptly forward this packet to the Administrative Remedy Coordinator. If a continuation page is necessary, the inmate must provide a copy. If the inmate wishes to receive a copy of the continuation page back with his response, he must provide an additional copy. The inmate must submit one copy of supporting exhibits. <u>Exhibits will not be returned with the response.</u>

*To Again*
*Attempt To*
*Thwart &*
*Conceal Evidence.*

6.    <u>**Guidelines for Investigation and Response Preparation**</u>:

The authorized format for response shall follow the outline provided in Attachment 2.

7.    <u>**EFFECTIVE DATE:**</u>  This supplement is effective upon issuance.

8.    <u>**OFFICE OF PRIMARY INTEREST:**</u>  Executive Assistant.

_____          _____
**R. Wiley, Warden**                          **Date**

**DISTRIBUTION:**

**Directives Libraries**
**All Department Heads**
**Associate Warden (Programs)**
**Associate Warden (Operations)**
**AFGE**

*[handwritten]* USDc/D.C. Civil Action
Custard V Watt, ET AL,

*[handwritten box]* Pltf, Exhibit C

**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** OGC
**NUMBER:** 1330.13
**DATE:** CN 4, 8/13/2002
**SUBJECT:** Administrative Remedy Program

**RULES EFFECTIVE DATE:** 8/6/2002

* 1.    [<u>PURPOSE AND SCOPE</u> §542.10

   a.  <u>Purpose</u>.  The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.  An inmate may not submit a Request or Appeal on behalf of another inmate.

   b.  <u>Scope</u>.  This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement.  This Program does not apply to inmates confined in other non-federal facilities.]

   The president of a recognized inmate organization may submit a request on behalf of that organization regarding an issue that specifically affects that organization.

   [c.  <u>Statutorily-mandated Procedures</u>.  There are statutorily-mandated procedures in place for Tort claims (28 CFR 543, subpart C), Inmate Accident Compensation claims (28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D).  If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures.]                                          *

2.  **PROGRAM OBJECTIVES.**  The expected results of this program are:

   a.  A procedure will be available by which inmates will be able to have any issue related to their incarceration formally reviewed by high-level Bureau officials.

*[handwritten]* But Only 'If' Not Illegally Deprived Of Adequate Amount Of Forms Which <u>BOP Officials Are Counseled</u>, In Light Of <u>Woodford</u> (USDct. #05-416) To Withhold By Violating Federal Regulations & BOP Guidelines To Purposely Thwart Administrative Remedy Exhaustion By Maliciously Making The US. Prisoner Procedurally Default.

*USDC/D.C. Custard Civil Action* (handwritten)

*PLTF'S EXHIBIT C-1* (handwritten)

PS 1330.13
CN-4 8/13/2001
Page 2

b. _Each request_, including appeals, will be responded to within the time frames allowed. *PS.* (handwritten)

c. A record of Inmate Administrative Remedy Requests and Appeals will be maintained.

d. Bureau policies will be more correctly interpreted and applied by staff.

3. **DIRECTIVES AFFECTED**

a. **Directive Rescinded**

PS 1330.11    Administrative Remedy Procedure for Inmates (10/29/93)

b. **Directives Referenced**

PS 1320.05    Claims Under the Federal Tort Claims Act (6/28/00)
PS 4500.04    Trust Fund Manual (12/15/95)
PS 5212.07    Control Unit Programs (02/20/01)
PS 5214.04    HIV, Handling of Inmates Testing Positive (2/4/98)
PS 5264.06    Telephone Regulations for Inmates (12/22/95)
PS 5270.07    Inmate Discipline and Special Housing Units (12/29/87)
PS 5890.13    SENTRY-National On-Line Automated Information System (12/14/99)

28 CFR 301    Inmate Accident Compensation
28 CFR 16.10    Fees (for records requested pursuant to the Freedom of Information Act (FOIA))

*SEE: 28 CFR § 542. ETSEq* (handwritten)

c. _Rules cited in this Program Statement are contained in 28 CFR 542.10 through 542.19._

4. **STANDARDS REFERENCED**

* a. American Correctional Association 3rd Edition Standards for Adult Correctional Institutions: 3-4236 and 3-4271

b. American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities: 3-ALDF-3C-22, and 3-ALDF-3E-11    *

*Ludicrously BOP Sycophanticly Obsequious 'Association' With No Credibility.* (handwritten)

*USDC/DC. Cusmro Civil Action*

*FLTF's Exhibit C-2*

PS 1330.13
CN-4 8/13/2002
Page 3

5.  [RESPONSIBILITY] §542.11

a.  The Community Corrections Manager (CCM), Warden, Regional Director, and General Counsel are responsible for the implementation and operation of the Administrative Remedy Program at the Community Corrections Center (CCC), institution, regional and Central Office levels, respectively, and shall:

*Do - Bar Only Weeks or Months Later*

(1)  Establish procedures for receiving, recording, reviewing, investigating and responding to Administrative Remedy Requests (Requests) or Appeals (Appeals) submitted by an inmate;]

See Section 13 for further information on remedy processing, including use of SENTRY.

*Need it a "Receipt" right on bottom of all BOP Administrative Requests*

(2)  Acknowledge receipt of a Request or Appeal by returning a receipt to the inmate;]

The receipt is generated via SENTRY.

*But BOP Staff - E Thwart & Stymie*

*If (somebody) that they are liable will issue no receipt ever! Act like they never received meritorious complaint.*

[(3)  Conduct an investigation into each Request or Appeal;

*Refuse to issue them!*

(4)  Respond to and sign all Requests or Appeals filed at their levels.  At the regional level, signatory authority may be delegated to the Deputy Regional Director.  At the Central Office level, signatory authority may be delegated to the National Inmate Appeals Administrator.  Signatory authority extends to staff designated as acting in the capacities specified in this §542.11, but may not be further delegated without the written approval of the General Counsel.]

*The* § 542.11 refers to Section 5 of this Program Statement.

For purposes of this Program Statement, the term "institution" includes Community Corrections Centers (CCCs); the term "Warden" includes Camp Superintendents and Community Corrections Managers (CCMs) for Requests filed by CCC inmates; and the term "inmate" includes a former inmate who is entitled to use this program.

(5)  The Warden shall appoint one staff member, ordinarily above the department head level, as the Administrative Remedy Coordinator (Coordinator) and one person to serve as Administrative Remedy Clerk (Clerk).  The Regional Director and the National Inmate Appeals Administrator, Office of General Counsel, shall be advised of these appointees and any subsequent changes.

*USDC/D.C. Clustard Civil Action*

*Plf's Exhibit C-3*

PS 1330.13
CN-4 8/13/2002
Page 4

To coordinate the regional office program, each Regional Director shall also appoint an Administrative Remedy Coordinator of at least the Regional Administrator level, ordinarily the Regional Counsel, and an Administrative Remedy Clerk. The National Inmate Appeals Administrator, Office of General Counsel, shall be advised of these appointees and any subsequent changes.

(6)  The Administrative Remedy Coordinator shall monitor the program's operation at the Coordinator's location and shall ensure that appropriate staff (e,g., Clerk, unit staff) have the knowledge needed to operate the procedure. The Coordinator is responsible for signing any rejection notices and ensuring the accuracy of SENTRY entries, e.g., abstracts, subject codes, status codes, and dates. The Coordinator also shall serve as the primary point of contact for the Warden or Regional Director in discussions of Administrative Remedies appealed to higher levels.

(7)  The Administrative Remedy Clerk shall be responsible for all clerical processing of Administrative Remedies, for accurately maintaining the SENTRY index, and for generating SENTRY inmate notices.

(8)  The Unit Manager is responsible for ensuring that inmate notices (receipts, extension notices, and receipt disregard notices from institutions, regions and the Central Office) are printed and delivered daily for inmates in their units and for deleting those notices from SENTRY promptly after delivery to the inmate. CCMs are responsible for this function for inmates under their supervision.

**[b.  Inmates have the responsibility to use this Program in good faith and in an honest and straightforward manner.]**

6.  **RESERVED**

7.  **[INFORMAL RESOLUTION §542.13**

a.  **Informal Resolution.  Except as provided in §542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each warden shall establish procedures to allow for the informal resolution of inmate complaints.]**

The Warden is responsible for ensuring that effective informal resolution procedures are in place and that good faith attempts at informal resolution are made in an orderly and timely manner by both inmates and staff. These procedures may not operate to limit inmate access to formal filing of a Request.

*DAMN LIE — BECAUSE THEY DO — AND BOP OFFICIAL DC USE "THEIR PROCEDURES" TO KNOWINGLY, INTENTIONALLY, AND UNLAWFULLY PROCEDURALLY DEFAULT BOP PRISONERS ADMINISTRATIVE REMEDY ATTEMPTS TO MALICIOUSLY HIDE BEHIND PLRA EXHAUSTION PREREQUISITES.*

*USDC/DC Custard Civil Action*

*JF's Exhibit C-4*

PS 1330.13
CN-4 8/13/2002
Page 5

[b.  **Exceptions**.  Inmates in CCCs are not required to attempt informal resolution.  An informal resolution attempt is not required prior to submission to the regional or Central Office as provided for in §542.14(d) of this part.  An informal resolution attempt may be waived in individual cases at the Warden or institution Administrative Remedy Coordinator's discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution.]

*Not A Chance*

For example, the Warden may waive informal resolution for Unit Discipline Committee (UDC) appeals, or when informal resolution is deemed inappropriate due to the issue's sensitivity.

Although not mandatory, inmates may attempt informal resolution of DHO decisions.  See the Program Statement on Inmate Discipline and Special Housing Units.

8.  [**INITIAL FILING**.  §542.14

a.  **Submission**.  The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, **on** the **appropriate form** (BP-9), **is 20 calendar days** following the date on which the basis for the Request occurred.]

*Regardless if it takes you 9-days to get a BP8, 9-days to get a BP.8 Response [See Exhibit A] And 9-days to get a BP.9.*

In accord with the settlement in Washington v. Reno, and for such period of time as this settlement remains in effect, the deadline for completing informal resolution and submitting a formal written Administrative Remedy Request, on the appropriate form (BP-9), for a disputed telephone charge, credit, or telephone service problem for which the inmate requests reimbursement to his/her telephone account, is 120 days from the date of the disputed telephone charge, credit, or telephone service problem.

Administrative Remedy Requests concerning telephone issues that do not involve billing disputes or requests for refunds for telephone service problems (such as Administrative Remedy Requests concerning telephone privileges, telephone lists, or telephone access) are governed by the 20-day filing deadline.

[b.  **Extension**.  Where the inmate demonstrates a valid reason for delay, an extension in filing time (may) be allowed.  In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame.  Valid reasons for delay include the following:  an

*"May" Be But is Not.*

*WJDC / D.C. Custards Civil Action*

*PLTF'S EXHIBIT C-5*

PS 1330.13
CN-4 8/13/2002
Page 6

extended period <u>in-transit</u> during which the inmate was separated
from documents needed to prepare the Request or Appeal;  an
extended period of time during which the inmate was <u>physically
incapable</u> of preparing a Request or Appeal;  <u>an unusually long
period taken for informal resolution attempts</u>; indication by an
inmate, `verified by`staff, that a response to the inmate's
request for copies of dispositions requested under §542.19 of
this part was delayed.] *Like Staff Responsible For The Delay Are Going To Admit It — (Custards Of Just Backdate It.*

*Like Pltf Denied On That Every Time.*

Ordinarily, the inmate should submit written verification from
staff for any claimed reason for delay. *Good Luck Waiting Time.* *But They Will Not Give It To You.*

> If an inmate requests an Administrative Remedy form but has not
> attempted informal resolution, staff should counsel the inmate
> that informal resolution is ordinarily required.  If the inmate
> nevertheless refuses to present a request informally, staff
> should provide the form for a formal Request.  Upon receipt of
> the inmate's submission, the Coordinator shall accept the Request
> if, in the Coordinator's discretion, informal resolution was
> bypassed for valid reasons, or may reject it if there are no
> valid reasons for bypassing informal resolution.

[c.  <u>Form</u>

   (1)  The inmate shall obtain the appropriate form from CCC
staff or institution staff (ordinarily, the correctional
counselor).]

*See ADX Administrative Remedies #'s 421039; 421040; 421041; Wherein I Did Exactly This Requing I Could Not Obtain Adequate Administrative Remedy Informal Resolution Forms — But Still "Rejected" All 3 Of Them TO Intentionally, Maliciously, And Illegally Procedurally Default Me Knowing PLRA Exhaustion Mandate & Steele, 355 F.3d 1204, (10th Cir 2004) And Knowing Woodford, USSC. # 05-416 Which Provides Very Unwisely Prison Officials — As All Defendants Herein — An Insidious Incentive To Stage Unethical Hurdles & To Raise Regulation & Policy Violating Obstacles & Actions To Illegally Taking Meritorious Prisoner Administrative Remedies By Illegally Directly Thereby Causing Pseudo Procedural Default.*

USDC/I.A.C.  *Custmer Civil Action*

*(Pltf's Exhibit C-6)*

P.S. 1330.13
December 22, 1995
Page 7

The following forms are appropriate:  *And 'Available' To The 23Hr. A Day Locked Down BOP Prisoner 'Only'*

♦ Request for Administrative Remedy, Form BP-9, is *From BOP Staff Who 'May' Come* appropriate for filing at the institution;
♦ Regional Administrative Remedy Appeal, Form BP-10, is *Around Or* appropriate for submitting an appeal to the regional office; *'May' Not.*
♦ Central Office Administrative Remedy Appeal, Form BP-11, is appropriate for submitting an appeal to the Central Office.

[(2)  The inmate shall place a single complaint <u>or a</u> <u>reasonable number of closely related issues</u> on the form.  If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each *Good Luck* unrelated issue.  For DHO and UDC appeals, <u>each separate incident</u> *Getting All* <u>report number must be appealed on a separate form</u>.] *These Forms.*

Placing a single issue or closely related issues on a single form facilitates indexing, and promotes efficient, timely and comprehensive attention to the issues raised. *And Causes The Inmate To Have To Obtain Yet More Forms.*

[(3)  The inmate shall complete the form with all requested *Forms Only* identifying information and shall state the complaint in the *Allow ½ Of* space provided on the form.  If more space is needed, the inmate *1-Page — So* may use up to one letter-size (8 1/2" by 11") continuation page. *1½ Pages* The inmate must provide an additional copy of any continuation *To 'Totally* page.  The inmate must submit one copy of <u>supporting exhibits</u>. *Examine All* <u>Exhibits will not be returned with the response</u>.  Because copies *Claims —* of exhibits must be filed for any appeal (see § 542.15 (b) (3)), *That A Leith* the inmate is encouraged to retain a copy of all exhibits for his *Is Not Linear* or her personal records. *Enough!?*

*Out Of Meanness To Stymie & Thwart & To Conceal Evidence*

[(4)  The inmate shall date and sign the Request and submit it to the institution staff member designated to receive such Requests (ordinarily a correctional counselor).  CCC inmates may mail their Requests to the CCM.]

The correctional counselor shall submit the form promptly *After Searching* (ordinarily not later than the next business day) to the Clerk *If Around For* for processing. *"Promptly" As Used Here Means 'Whenever' Since No Receipt Ever Issued Anyway.* *A Week Or More.*

[d.  <u>Exceptions to Initial Filing at Institution</u>

(1)  <u>Sensitive Issues</u>.  If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director.  The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution.  If the Regional Administrative Remedy Coordinator agrees that the

*USDC/D.C. Custard Civil Action*

Request is sensitive, the Request shall be accepted.  Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request.  The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden.  The Warden shall allow a reasonable extension of time for such a resubmission.

(2)  DHO Appeals.  DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located.]

See the Program Statement on Inmate Discipline and Special Housing Units.

[(3)  Control Unit Appeals.  Appeals related to Executive Panel Reviews of Control Unit placement shall be submitted directly to the General Counsel.]

See the Program Statement on Control Unit Programs.

[(4)  Controlled Housing Status Appeals.  Appeals related to the Regional Director's review of controlled housing status placement may be filed directly with the General Counsel.]

See the Program Statement on Procedures for Handling HIV Positive Inmates Who Pose Danger to Others.

9.  [APPEALS § 542.15

a.  Submission.  An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.  An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  When the inmate demonstrates a valid reason for delay, these time limits may be extended.  Valid reasons for delay include those situations described in §542.14(b) of this part.  Appeal to the General Counsel is the final administrative appeal.]

*(handwritten right margin)* Wait Until Defendants Explain To The Jury About "Batch Mail" On This.

These deadlines specify the date of the Appeal's receipt in the regional office or the Central Office.  The deadlines have been made deliberately long to allow sufficient mail time.  Inmates should mail their Appeals promptly after receiving a response to ensure timely receipt.  Ordinarily, the inmate must submit written verification from institution staff for any reason for delay that cannot be verified through SENTRY.

*(handwritten left margin)* But Responses Sent Via 'Batch Mail' And Rec'd 2 Weeks After Signing And Wei? P.15 §9-11 Federal Bldg's Mail Screening Procedures & Bill's Open Whehard Thwart Bomb Screening, Mail Ionic Spectrometer Etc, Etc, Etc. All I-Beam Screening Requirements. FLRA Examination Requirements.

*(handwritten right margin)* What About Post §9-11 Federal Building Added Screening & Additional Processing Of All Federal Building Mail Now?.  'Include' That

*(handwritten center)* X-Rays To Intentionally Thwart

USDC / D.C. *(handwritten)* Customs Civil Action *(handwritten)*

*(handwritten top right)* PLTF'S EXHIBIT C-8

P.S. 1330.13
December 22, 1995
Page 9

In many cases, courts require a proper Appeal to the General Counsel before an inmate may pursue the complaint in court.

[b. **Form**

*(handwritten margin note: ALL OF WHICH "FORMS" ARE AVAILABLE ONLY FROM BOP STAFF WHO MAY OR MAY NOT COMPLY PROVIDE OR EVEN HAVE THE FORM WHEN ASKED TO)*

    (1)  Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response. Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP-11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses. Appeals shall state specifically the reason for appeal.

    (2)  An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal.

    (3)  An inmate shall complete the appropriate form with all requested identifying information and shall state the reasons for the Appeal in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 1/2" x 11") continuation page. The inmate shall provide two additional copies of any continuation page and exhibits with the regional Appeal, and three additional copies with an Appeal to the Central Office (the inmate is also to provide copies of exhibits used at the prior level(s) of appeal). The inmate shall date and sign the Appeal and mail it to the appropriate Regional Director, if a Regional Appeal, or to the National Inmate Appeals Administrator, Office of General Counsel, if a Central Office Appeal (see 28 CFR part 503 for addresses of the Central Office and Regional Offices).]

c.  Processing. The appropriate regional office to process the Appeal is the regional office for the institution where the inmate is confined at the time of mailing the Appeal, regardless of the institution that responded to the institution filing.

10.  [**ASSISTANCE** §542.16

    a.  An inmate may obtain assistance from another inmate or from institution staff in preparing a Request or an Appeal. An inmate may also obtain assistance from outside sources, such as family members or attorneys. However, no person may submit a Request or Appeal on the inmate's behalf, and obtaining assistance will not be considered a valid reason for exceeding a time limit for submission unless the delay was caused by staff.

    b.  Wardens shall ensure that assistance is available for inmates who are illiterate, disabled, or who are not functionally literate in English. Such assistance includes provision of reasonable accommodation in order for an inmate with a disability to prepare and process a Request or an Appeal.]

*USDC/D.C. Guistard Civil Action*

*ICFF's Exhibit C-9*

P.S. 1330.13
CN-01, April 24, 1996
Page 10

\* For example, Wardens must ensure that staff (ordinarily unit staff) provide assistance in the preparation or submission of an Administrative Remedy or an Appeal upon being contacted by such inmates that they are experiencing a problem.                          \*

11.   [RESUBMISSION §542.17

   a.   Rejections.  The Coordinator at any level (CCM, institution, region, Central Office) may reject and return to the inmate without response a Request or an Appeal that is written by an inmate in a manner that is obscene or abusive, or does not meet any other requirement of this part.

   b.   Notice.  When a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection.  If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal.]

      (1)  Sensitive Submissions.  Submissions for inmate claims which are too sensitive to be made known at the institution are not to be returned to the inmate.  Only a rejection notice will be provided to the inmate.  However, other rejected submissions ordinarily will be returned to the inmate with the rejection notice.

      (2)  Defects.  Defects such as failure to sign a submission, failure to submit the required copies of a Request, Appeal, or attachments, or failure to enclose the required single copy of lower level submissions are examples of correctable defects. Ordinarily, five calendar days from the date of the notice to the inmate is reasonable for resubmission at the institution level; at least 10 calendar days at the CCM or regional offices; and 15 calendar days at the Central Office.

      (3)  Criteria for Rejection.  When deciding whether to reject a submission, Coordinators, especially at the institution level, 'should be 'flexible, keeping in mind that major purposes of this Program are to solve problems and be responsive to issues inmates raise.  Thus, for example, consideration should be given to accepting a Request or Appeal that raises a sensitive or problematic issue, such as medical treatment, sentence computation, staff misconduct, even though that submission may be somewhat untimely. *Very Kurt. A?*

   [c.   Appeal of Rejections.  When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection, including a rejection on the basis of an exception as described in §542.14 (d), to the next appeal level.  The Coordinator at that level may affirm the rejection, may direct that the submission be accepted at the lower level (either upon the

USN/A.C. Clusters Civil Action

inmate's resubmission or direct return to that lower level), or may accept the submission for filing. The inmate shall be informed of the decision by delivery of either a receipt or rejection notice.]

12. [RESPONSE TIME §542.18. If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.]

The date a Request or an Appeal is received in the Administrative Remedy index is entered into SENTRY as the "Date Rcv", and should be the date it is first received and date-stamped in the Administrative Remedy Clerk's office. Notice of extension ordinarily is made via SENTRY notice.

But Isn't -

13. REMEDY PROCESSING

a. Receipt. Upon receiving a Request or Appeal, the Administrative Remedy Clerk shall stamp the form with the date received, log it into the SENTRY index as received on that date, and write the "Remedy ID" as assigned by SENTRY on the form. Once a submission is entered into the system, any subsequent submissions or appeals of that case shall be entered into SENTRY using the same Case Number. The "Case Number" is the purely numerical part of the "Remedy ID" which precedes the hyphen and "Submission ID."

* All submissions received by the Clerk, whether accepted or rejected, shall be entered into SENTRY in accordance with the SENTRY Administrative Remedy Technical Reference Manual. *

Sensitive issues, when the inmate claims that his or her safety or well-being would be placed in danger if it became known at the institution that the inmate was pursuing the issue, should be withheld from logging in until answered and/or should be logged into SENTRY with sufficient vagueness as to subject code and abstract to accommodate the inmate's concerns.

*USOC / D.C. Customer Civil Action*

*Pl. s Exhibit C-11*

P.S. 1330.13
December 22, 1995
Page 12

A Request should be submitted and logged in at the institution
where the inmate is housed at the time the inmate gives the
Request to the counselor or other appropriate staff member.   If   *But*
the event(s) occurred at a previous institution, staff at that   *Absolutely*
previous institution shall provide, promptly upon request, any   *Definately*
investigation or other assistance needed by the institution   *Is Not.*
answering the Request.   If an inmate is transferred after
giving the Request to a staff member, but before that Request is
logged in or answered, the institution where the Request was
first given to a staff member remains responsible for logging and
responding to that Request.

b.   Investigation and Response Preparation.   The Clerk or
Coordinator shall assign each filed Request or Appeal for
investigation and response preparation.   Matters in which
specific staff involvement is alleged may not be investigated by
either staff alleged to be involved or by staff under their
supervision.

Allegations of physical abuse by staff shall be referred to the   *Good Luck*
Office of Internal Affairs (OIA) in accordance with procedures   *w/ That !*
established for such referrals.   Where appropriate, e.g., when   *(Maybe*
OIA or another agency is assuming primary responsibility for   *1-IN-A-Million)*
investigating the allegations, the response to the Request or
Appeal may be an interim response and need not be delayed pending
the outcome of the other investigation.

Requests or Appeals shall be investigated thoroughly, and all
relevant information developed in the investigation shall
ordinarily be supported by written documents or notes of the
investigator's findings.   Notes should be sufficiently detailed
to show the name, title, and location of the information
provided, the date the information was provided, and a
full description of the information provided.   Such documents and
notes shall be retained with the case file copy.   When deemed
necessary in the investigator's discretion, the investigator may
request a written statement from another staff member regarding
matters raised in the Request or Appeal.   Requested staff shall
provide such statements promptly.   For a disciplinary Appeal, a
complete copy of the appealed disciplinary actions record shall
be maintained with the Appeal file copy.

c.   Responses.   Responses ordinarily shall be on the form   *NEVER I have*
designed for that purpose, and shall state the decision reached   *NEVER Rec'd*
and the reasons for the decision.   The first sentence or two of a   *A RESPONSE*
response shall be a brief abstract of the inmate's Request or   *"ON THE FORM*
Appeal, from which the SENTRY abstract should be drawn.   This   *DESIGNED FOR*
abstract should be complete, but as brief as possible.   The   *THAT PURPOSE."*
remainder of the response should answer completely the Request or
Appeal, be accurate and factual, and contain no extraneous
information.   The response should be written to be released to
any inmate and the general public under the Freedom of

*P₁.'s Exhibit C-12*

CITAE (D.C. Customs Civil Action

P.S. 1330.13
CN-01, April 24, 1996
Page 13

Information Act (FOIA) and the Privacy Act.  Inmate names shall
not be used in responses, and staff and other names may not be
used unless absolutely essential.

  Program Statements, Operations Memoranda, regulations, and
statutes shall be referred to in responses whenever applicable,
including section numbers on which the response relies.

  d.  Response Time Limits.  Responses shall be made as required
in Section 11 of this Program Statement.  Bullshit Unmitigated Bullshit

  e.  Index Completion.  When a response is completed, the Clerk
shall update SENTRY in accordance with the SENTRY Administrative
Remedy Manual and the instructions in Attachment A.  Particular
attention should be paid to updating the status date, code, and
reason, and to making any changes to the subject code and
abstract indicated by the Coordinator or by the response drafter.
The abstract shall be taken from the response's first paragraph.
Abbreviations may be liberally used, as long as they are easily
understood, to allow as complete a description of the issue in
the 50 characters allotted.  For consistency, the Administrative
Remedy Coordinator shall approve the closing entry, including the
subject codes, status code and reason, and abstract before the
closing entry is made by the Clerk.

  f.  Response Distribution.  For an institution response, one
copy of the complete Request and response shall be maintained in
the Warden's Administrative Remedy File together with all
supporting material.  Three copies shall be returned to the
inmate.  An inmate who subsequently appeals to the regional or
Central Office shall submit one copy with each appeal.

  One copy of a Regional Appeal and response shall be retained at
the regional office.  One copy shall be sent to the Warden at the
original filing location.  The remaining two copies shall be
returned to the inmate; one to submit in case of subsequent
appeal to the Central Office, and one to retain.

  One copy of a Central Office Appeal and response will be
returned to the inmate.  One copy will be retained in the Central
Office Administrative Remedy File, one copy will be forwarded to
the regional office where the Regional Appeal was answered, and
one to the Warden's Administrative Remedy File at the original
filing location.

* g.  File Maintenance.  The Warden's Administrative Remedy File
and Administrative Remedy Files at the Regional Offices and
Central Office shall be maintained in a manner that assures case
files are readily accessible to respond to inquiries from Federal
Bureau of Prison staff, inmates and the public.  Institutions
shall file Regional and Central Office response copies with the
inmate's institution submission copy.  Regional offices shall
file copies of Central Office responses with the inmate's
Regional Appeal file.  Each location shall maintain copies of
supporting material and investigation notes with the case file. *

USDC/D.C. Custard Civil Action

PLTF'S EXHIBIT D-1

**RESPONSE TO INMATE REQUEST TO STAFF MEMBER**

BP-230

**Name: CUSTARD, Bob A.** — Exhibit B To 7/24/06 Rejected ADX BP-228 # 421041

**Register Number: 02728-031**          **Unit: E04-205**

This is in response to your Inmate Request to Staff Member ("Cop-out") dated July 6, 2006, and received in this office on July 7, 2006. You request to receive sixteen BP-228 (Informal Resolution Forms) at one time or, as an alternative, be exempt from the 20 calendar day rule. This is to assist you in your PLRA Exhaustion of Prison Grievance Procedures.

A review of the issue raised in your request was conducted. The results of the review revealed that according to Institutional Supplement 1330.13G, Administrative Remedy Procedures for Inmates, "Ordinarily, only one informal resolution form will be issued at a time. This is not to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution." Also, you must submit the completed BP-229(13) to the Counselor within twenty calendar days of the date on which the issue arose. Accordingly, your request is denied.

I trust this response addresses your concerns.    You can "Trust" That I Am Going To Sue You; Over Your Malicious Illegal Procedural Defaulting Of Me, You Can "Trust" That

JUL 18 2006

R. Wiley, Warden                    Date

Arbitrary & Capricious Illegal 'Local Rule' (Constitutional Supplement 1330. 13. G. (B.)(5).) & BOP 1330.13 — Which IS Meant Specifically "To Impede An Inmates Access To Formal Review Of An Issue" And Pursuant & Unlawful Uses That Was At ADX By ADX Warden R. Wiley And ADX Administrative Remedy Co-Ordinators (W. Montgomery &) K. Rear;

Falsehood — In 3-Years I Have N-E-V-E-R Had Any ADX Unit Team Member E-V-E-R Even O-N-C-E Talk To Me About Trying To Informally Resolve A-N-Y BP-8; This 7/18/06 Response To My 7/06/06 Formal Request For Adequate BP-8's Same Denials Over Days Before I Submitted ADX Rems 421051; 421046; 421041 — Exercises For N-BP-8's Proves Knowing & Intentionally Long-On-Going-Illegal Manipulations Of ADX Ad Rems.

PLAINTIFF'S EXHIBIT D-2

To: R. WILEY, CEO, FLORENCE, ADX,     BP-230
    K. REAR, EXECUTIVE ASST., FLORENCE ADX, (EXHIBIT A) The Whole Retained ADX More # 411041
    C. SYNSVOLL CHIEF LEGAL COUNSEL, FLORENCE, ADX.     7/06/06

FORMAL WRITTEN REQUEST

RE: REFUSAL OF ADX EXECUTIVE STAFF — PER THE ORDERS AND DIRECT INSTRUCTIONS OF EACH OF YOU — TO PROVIDE ADEQUATE AMOUNTS OF BUREAU OF PRISONS ADMINISTRATIVE REMEDY PROCEDURE FORMS BP-228 & BP-229'S — FOR THE MENS REA UNLAWFUL PURPOSES OF STYMIEING & THWARTING THE CONSTITUTIONAL PLRA REQUIREMENTS TO FILE CIVIL ACTIONS.

From: Bob Allen Custard
      Reg. No. 02728-031
      ADX – Florence
      PO Box 8500
      Florence, CO 81226

THE PRISON LITIGATION REFORM ACT (PLRA) MANDATES THAT ALL CLAIMS PRESENTED IN FEDERAL COURT BY A U.S. PRISONER FIRST BE ADMINISTRATIVELY EXHAUSTED. 42 USC 1997 Et Seq. THE BUREAU OF PRISONS (BOP) REQUIRES THAT ALL COMPLAINTS BY PRISONERS BE SUBMITTED "ON THE APPROPRIATE FORM (BP-229) WITHIN 20 CALENDAR DAYS FOLLOWING THE DATE ON WHICH THE BASIS OR THE COMPLAINT OR REQUEST OCCURRED" — BEFORE SUBMITTING THE FORM BP-9 THE PRISONER "MUST ATTEMPT" AN INFORMAL RESOLUTION (BP-8) FORM. 28 CFR 542.14 & 542.13 RESPECTIVELY. HOWEVER, NO PRISONER AT ADX CAN OBTAIN E-I-T-H-E-R THE BP'S OR BP-229 FORM EXCEPT FROM ADX STAFF. MOREOVER, AT ADX BP-8'S ARE ISSUED ON A 'ONE-AT-A-TIME BASIS ONLY AND A SECOND ONE IS NOT PROVIDED UNTIL THE FIRST ONE IS RESPONDED TO — (AT A MINIMUM NO LESS THAN 5 BUSINESS DAYS AND OFTEN 2 OR MORE WEEKS & BEYOND) — CONSEQUENTLY, WHEN 3 OR MORE GRIEVANCE INCIDENTS OCCUR WITHIN "20 CALENDAR DAYS" UNDER YOUR ORDERS & DIRECT INSTRUCTIONS IT IS IMPOSSIBLE TO COMPLY WITH THE STATUTORY REQUIREMENTS OF THE PLRA BECAUSE OF THE "20 CALENDAR DAYS" RESOLUTION & THE "ONE AT A TIME BP-228 BOGUS RULE EVERY 5 BUSINESS DAYS" — THE EFFECT OF WHICH IS TO STYMIE AND PURPOSE OF WHICH IS TO THWART THE (a) FILING OF FEDERAL CIVIL ACTIONS AND/OR (b) DISINGENUOUSLY & UNLAWFULLY LAY FOUNDATION FOR A FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AFFIRMATIVE DEFENSE TO ANY FEDERAL CIVIL ACTION.

WITHIN THE LAST 18 DAYS I HAVE BEEN SUBJECTED TO APPROXIMATELY 16 CONSTITUTIONALLY IMPERMISSIBLE ACTIONS, PRACTICES, OR OMISSIONS; INCLUDING BUT NOT LIMITED TO: (a) THREATS BY ADX EXECUTIVE AND SECURITY STAFF FOR THE LAWFUL ASSERTION OF MY 1ST, 5TH, AND 8TH AMENDMENT RIGHTS; (b) CONSTITUTIONALLY VIOLATIVE CONDITIONS OF CONFINEMENT (c) CONSTITUTIONALLY VIOLATIVE PROGRAMS; (d) THREATS BY ADX STAFF TO MURDER ME, BEAT ME, ISSUE ME FALSE DISCIPLINARY REPORTS, 'PLANT' 'SHANKS' AND OTHER CRIMINAL CONTRABAND IN MY QUARTERS — AND ON MY PERSON (WHILE I AM IN CHAINS) AND OTHERWISE RETALIATE AGAINST ME FOR MY LAWFUL ASSERTION OF MY CONSTITUTIONAL RIGHTS, INTER ALIA. — AND EACH INCIDENT MUST BE "SEPARATELY INCLUDED ON INDIVIDUAL BP-228 AND BP-229 FORMS ← WHICH I CAN ONLY OBTAIN FROM ADX EXECUTIVE STAFF. — ADX ECHO UNIT TEAM STAFF – OF WHOM MARK COLLINS TOLD J. WINLOW "NO b. DO NOT GIVE 'CUSTARD ANY BP-8'S" ON/ABOUT JUNE 30, 2006 STATING "HE (CUSTARD) 'CAN'T FILE ANY LAWSUITS AGAINST ME IF HE CAN'T GET ANY BP-8'S & 9'S" — AND WHICH W. HARGROVE REFUSED BP9'S TO ME ON JUNE 27, JUNE 28, JULY 5, & JULY 6, 2006 STATING "No. IF YOU CAN'T GET GRIEVANCE FORMS YOU CAN'T FILE LAWSUITS, WE KNOW' THAT." — JUDICIALLY NOTICABLE IS THE FACT THAT BOTH HARGROVE & COLLINS KNOW I AM CURRENTLY SUING THEM IN D.C. COLORADO CIVIL ACTIONS O6-1036 & 66-1114 — AND THAT I WAS REFUSED ADEQUATE ADMINISTRATIVE REMEDY FORMS MANY TIMES BEFORE

REQUEST

IT IS THEREFORE AND AS GROUNDS AND REASONS AND MATERIAL FACTS RESPECTFULLY SET FORTH ABOVE THAT I FORMALLY REQUEST, IN WRITING, SIXTEEN (16) BP-228 ADMINISTRATIVE REMEDY FORMS AT ONCE - OR - IN THE ALTERNATIVE I DEMAND TO BE EXEMPTED, IN WRITING, FROM THE "20 CALENDAR DAYS" RULE IN ORDER THAT I MAY BE ABLE TO PHYSICALLY EXHAUST SAID ADMINISTRATIVE REMEDIES IN CONFORMANCE WITH THE PLRA.

*UNDC/D.C. Civil Action*

*PLTF'S EXHIBIT D-3*

## RESPONSE TO INMATE REQUEST TO STAFF MEMBER

**NAME:** <u>Custard, Bob</u>

**Register Number:    02728-031**                    **Unit:    E**

This is in response to your Inmate Request to Staff Member ("Cop-out") dated June 1, 2006, in which you contend the Administrative Remedy Coordinator thwarts PLRA Exhaustion of Prison Grievance Procedures.  You allege this based on the fact the cover page of your Administrative Remedy appeal responses are date stamped despite your continued requests that the ADX alter their procedures to meet your requirements for date stamping. As a result, you contend this proves nothing.

*Without the Administrative Remedy I.D. Number*

A review of the issue has been conducted.  It has been discovered that the date of response from the Regional or Central Office is maintained on our computer system, and the date received in the Warden's Office is stamped on the cover page of the Administrative Remedy Response. These cover sheets are computer generated at the Regional Office or Central Office level, and <u>do not contain the number of the Administrative Remedy</u>. This proves that the response was received in the Warden's Office on the date stamped.

*That's what I said Duh.*

*Irrelevant - I Needed To File*

Since January, 2006, you have received responses for 72 Administrative Remedies, showing no indication that your PLRA Exhaustion of Prison Grievance Procedures have been violated. Although the method used to record receipt of remedies does not meet your approval, there is no validity to your claim this circumvents your appeal rights.

*Twice that many But You Inadequa... Denied Me Adequate Fraud*

*Oh Yes There Is. As Everyone Will See, In Court.*

I trust this addresses your concerns.

[signature]

R. Wiley, Warden

JUN 0 7 2006

_____
Date

*PLUS Malicious Subterfuge - As This Number Counts 1 - Administrative Remedy Again & Again At Each Level. Which Is Not Even Clever - But Does Show Reviewers Hereof Exactly The Type Of Underhandedness These Defendants Routinely Operate. ( IE: This Response For Defendant Wiley Provided To Him By Defendant Kear )*

*UNC/D.C. Custard Civil Action*

*PLTF'S Exhibit E*

**BP-229 RESPONSE**

**Case Number: 413731-F2**

**Name:  CUSTARD, Bob**

**Register Number:  02728-031**

Your Request for Administrative Remedy dated May 10, 2006, and received on June 2, 2006, has been reviewed.  Specifically, you request staff maintain log books for outgoing legal mail, Informal Resolution Forms, and paperwork given to staff for copies.

A review of the issues raised in your Request for Administrative Remedy has been conducted.  The results of the review reveal staff currently maintain a log book in the mail room of outgoing legal mail only when accountable mail services (e.g., certified mail) are utilized.  Copies of Informal Resolution Forms are only maintained upon completion of the Administrative Remedy Process.  Staff do not maintain log books of documents inmates submit for copying, nor are they required to do so.

Accordingly, your Request for Administrative Remedy is denied.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

JUN 1 9 2006

_____
R. Wiley, Warden                          Date

*And Will, Eventually, Be Intentionally, Maliciously, + Illegally "Rejected" [See Pltf's Exhibit ] To 'Procedurally Default' You Pursuant To Woodford, U.S.S.Ct. # 05-416 Which Now Gives USDS Precondemnums Carte Blanche To Knowing Abuse You + Coods Of Federal Regulations, + BOP Poucy + ADX Poucy To Maliciously Thwart PLRA Exhaustion Mandates On This And All Other Meritorious Prisoner Administrative Remedy Requests + Meritorious Complaints By Blatant Unlawful Manipulation.*

*[handwritten top left: USDC / D.C. CUSTARD CIVIL ACTION]*

RESPONSE TO INMATE CORRESPONDENCE

*[handwritten box top right: PLTF'S EXHIBIT F]*

**CUSTARD, Robert A.**                                      **ADX**

**Registration No.: 02728-031**                            **Unit: Z - 207**

*[handwritten right: WHICH YOU REFUSED TO DO.]*

This is in response to your request to my office of August 21, 2006, in which you ask me to order Mrs. Rear and Mr. Haygood to provide you with administrative remedy forms. You claim that their conduct is in violation of Institutional Supplement 1330 G (5) (B), and denies you access to the courts. A review of your request has been conducted and it has been determined that this matter was handled appropriately by both Mrs. Rear and Mr. Haygood in this situation. *[handwritten: WHO TAKES 9-DAYS TO ANSWER BP-8's.]*

Section G (5) (B) of Institutional Supplement 1330.13 G, Administrative Remedy Procedures for Inmates, states in part that:

*[handwritten left: To MALICIOUSLY STYMIE AND THWART DEFENDANT MERITORIOUS Administrative Remedies.]*

Unit Counselors are responsible for issuing the Informal Resolution Form upon inmate request. *Ordinarily, only one Informal Resolution form will be issued at a time.* This is not meant to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution.

*[handwritten right: BUT PREFERABLY DOES KNOWN TO YOU]*

(Emphasis added). At this time your unit team and I are unaware of any sensitive, medical or problematic issue, that would necessitate you receiving more than one BP-8 form at a time. Therefore, Mr. Haygood's and Mrs. Rear's conduct is in accordance with the institutional supplement. *[handwritten: SEE MY 7/06/06 REQUEST TO WARDEN THEN. DUH.]*

*[handwritten left: WRONG LIE SEE EXHIBIT A]*

As for your claim that this conduct prohibits you from accessing the courts in a timely manner, a review of the time frame reveals that this is not the case. The BP-8 was issued to you on July 21, 2006, and you returned it to Mr. Haygood on July 24, 2006. On August 1, 2006, a BP-9 was issued to you, which you formally filed on August 4, 2006. Although it took nine days for the unit team to provide you a response and a BP-9, this did not violate policy as clearly states in 1330.13 G (5) (C) that "ordinarily" unit staff will complete the attempt at informal resolution within three (3) days." Even though this did not happen in this case, you still started the administrative remedy process within 20 days of the date of the incident that gave rise to your concern, and therefore you were not prohibited from exhausting the administrative remedy process.

*[handwritten right: MISSTATING THE FACTS SEE Claim I OF COMPLAINT.]*

*[handwritten left: WHILE 3-OTHERS WHERE ALTERING BECAUSE I COULD NOT GET A BP-8 (#'s 421057, 421040, & 421041)]*

*[handwritten right: OH YES I WAS - ON ALL 3 OF THESE]*

If you believe that you have a valid issue, complaint, or concern, I encourage you to file an Administrative Remedy. *[handwritten: YEAH RIGHT - I CAN'T GET ENOUGH FORMS FOR THE ONES I NEED TO FILE NOW ALREADY — WHAT A STUPID RESPONSE.]*

I trust this information will be of assistance.

*[signature]* M. Cruz, Associate Warden - Programs

*[handwritten date: 9-14-6]*   Date

*USDC/D.C. Custard Civil Action*

*PLTF'S EXHIBIT G*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 29, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP    UNT: E    QTR: Z03-207LAD
      PO BOX 8500
      FLORENCE, CO 81226

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 413731-A1    CENTRAL OFFICE APPEAL
DATE RECEIVED  : SEPTEMBER 22, 2006
SUBJECT 1      : OTHER OPERATIONS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY. CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE. THIS TIME LIMIT INCLUDES MAIL TIME.

REMARKS        : YOU MUST PROVIDE STAFF VERIFICATION ON BOP
                 LETTERHEAD DOCUMENTING THAT THE UNTIMELY FILING
                 OF THIS APPEAL WAS NOT YOUR FAULT.

*[Handwritten annotations throughout the document]*

Civil Action- USDC / D.C.
Custard V. Lappin, et. al.

| FORMAL WRITTEN REQUEST |     | PLTF'S EXHIBIT H |

To: Mr. Madison / ADX Echo Unit 'Counselor'     Oct 03, 2006
From: Bob Custard / U.S. Prisoner / Reg. No. 0272207-016-03-207

Sir,   BOP Administrative Remedy Appeal # 413731 Was "Rejected" As "Untimely"
On 9/29/06 Stating It Had Been "Received September 22, 2006".

That BP-11 As Dated The Same Day I Gave It To Your Unit Team On
"8/24/06" Where It Stayed On Your Desk And File During Vacation, And/Or
Otherwise For Nearly A Month Until You Maliciously Belatedly Then Mailed
It To Maliciously & Illegally "Procedurally Default" My Meritorious
Grievances Regarding Your Maliciously Refusing To Properly Receipt Ad. Rem.
And Ad. Rem. Appeal Legal Mailings — Which At ADX Have To Go Thru You.

"   Thus I Formally Request, In Writing, That You Therefore:
Provide Staff Verification On BOP Letterhead Documenting That The
[So-Called] Untimely Filing Of An Appeal [# 413731] Was Not [My]
Fault. "

Sincerely,

BC

CC: Personal Files / ~~Possible~~ Federal Court Exhibit.

Reviewers Hereof
Please Notice That
Mr. Madison — To Perpetuate
Civil Conspiracy With The Other
Defendants — Refused To Respond
To This Formal Written Request —
In Fact — Out Of 2 Dozen Or
More Formal Written Requests To
Him Over Months He Has Never
Responded, Verbally Or In Writing,
To A Single One In His Unlawful
Attempts To Obfuscate And Illegally
Conceal Evidence On This And Over
Meritorious ADX Prisoner Grievances.

U.S. Department of Justice
Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

*[handwritten annotation at top]* DTE BP-23 A WHICH 8/1/06 WAS REC'D VIA A WHAL ATTAICH ON 8/23/06 THUS 8-7-06 — TO — 8/23/06 IS EQUIVIBLEN ISSUED.

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments, must be submitted with this appeal.

From: CUSTARD, BOB A.          02720031          ZEBRA          FLORENCE ADX
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

TO PLRA EXHAUST BEFORE BRINGING FEDERAL CIVIL ACTION THE STATEMENT OF CLAIM OF WHICH WILL BE CIVIL CONSPIRACY TO OBSTRUCT JUSTICE AND VIOLATE 1ST AMEND BY BOP ACTORS HEREIN VIA THE FUNDAMENTALLY UNFAIR & KNOWN FUNDAMENTALLY UNFAIR UNLAWFUL CONDUCT OF UNLAWFULLY MACHINATING & UNLAWFULLY MANIPULATING TITLE 28 CODE OF FEDERAL REGULATIONS PART 542 ET SEQ., AND BOP P.S. 1330.13 & ANX I.I 1330.13G (5)(B) TO PURPOSELY CAUSE BOP TO FAIL OR BOP ADMINISTRATIVE REMEDY EXHAUSTION BY CONSPIRING TO, AND CAUSING TO (PRISONERS) OCCUR IMPOSSIBLE PROCEDURAL HURDLES TO KNOWINGLY, PURPOSEFULLY, MALICIOUSLY AND ILLEGALLY ARBITRARILY AND CAPRICIOUSLY UNLAWFULLY, BY CIVIL CONSPIRACY AND OTHER UNLAWFULLY MACHINATIONALLY CAUSE AFFIRMIATION OF UNFAIR PROCEDURAL DEFAULT OF 28 CFR 542.14 (2) INTER ALIA — AS WILL BE DONE IN # 421031, 421010, & 421041. ———— THAT JCK — THIS IS THE CASE U.S. CT. WHICH STEVENS SPEAKS TO IN THE DISSENT (W/ BREYER, GINSBURG, & SOUTER) IN WOODFORD, #05#416.

8/24/06 DATE   CC: PERSONAL FILES / POSSIBLE EXHIBIT.          SIGNATURE OF REQUESTER *[signature]*

**Part B - RESPONSE**

USDC / DISTRICT OF COLUMBIA   CIVIL ACTION
CUSTARD V. WATTS, ET AL.
( PLTF'S EXHIBIT I )

_____          _____
DATE          GENERAL COUNSEL   415731
ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**          CASE NUMBER: 413731

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____          _____
DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN          PRINTED ON RECYCLED PAPER          BP-231(13)
          JUNE 2002

Case 1:07-cv-00538-UNA    Document 1    Filed 03/19/2007    Page 56 of 193

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

*SEE THE ID EXHIBIT
AND "DO THE MATH" ON THE BP-9 "7/24/06" "RETRACTION/RESPONSE" WIN*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: CUSTARD, BOB A.     02728-031     ZEBRA     FLORENCE ADX
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

In hopes that BOP National will do exactly as BOP NC Region and BOP ADX and rather this w/o even according the fact that -

(a) I was refused a timely BP-8 so I further filed a BP-9 w/out a BP-8 → SEE TOP OF BP-8 ← So nothing therein;

(b) This BP-9 (& 3-copies all on same day) was returned stating: "You must resubmit using BP-8 "within 5-days";

(c) First of all returning 3-BP-9's on same day & them were resubmitted within 3 "within 5-days" is further a MATHEMATICAL IMPOSSIBILITY in light of ADX IS 1330.13G.(5)(B)(d). And Secondly — as the BP-230 exhibit proves from the very day of this retraction (7/24/06) until nine days later (8/01/06) I was also denied any BP-8's which ADX officials violated their own inst. policy statement Supplement 1330.13G.(5)(B).

National Reviewers — READ THE BP-9 & BP-10 & Exhibits or return them div counsel. Think how the undersigned BP-9 & BP-10 are erroneously rejected to thwart PLRA. — SEE DISSENT OF WOODFORD.

8/24/06  DATE   CC: PERSONAL FILES / NOW ALL EXHIBITS.     SIGNATURE OF REQUESTER  BS/BS

**Part B - RESPONSE**

USDC / District Of Columbia Civil Action

Custard v Watts, Et Al.

[boxed:] Petr's Exhibit J

_____     GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE     CASE NUMBER: 421040

**Part C - RECEIPT**     CASE NUMBER: 421040

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
DATE

USP LVN     PRINTED ON RECYCLED PAPER     BP-231(13)
                                          JUNE 2002

USDC / D.C. (Custard Civil Action)

PLTF'S EXHIBIT K

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: AUGUST 16, 2006

RECEIVED

AUG - 2006

/R Warden's Office

FROM:  n. fields  ADMINISTRATIVE REMEDY COORDINATOR
       NORTH CENTRAL REGIONAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP   UNT:    QTR: J01-115L
      PO BOX 8500
      FLORENCE,  CO 81226

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 421039-R1          REGIONAL APPEAL
DATE RECEIVED  : AUGUST 14, 2006
SUBJECT 1      : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

THAT'S RIGHT - BUT ONLY BECAUSE I WAS
UNCONSTITUTIONALLY & ILLEGALLY DEPRIVED
OF AN ADEQUATE AMOUNT OF INFORMAL
RESOLUTION FORMS TO BE ABLE TO
SUBMIT ONE. - DUH - SEE OTHER EXHIBIT

I ASKED - 6 BOP
OFFICIALS FOR "THE
NECESSARY EVIDENCE"
BUT THEY THREW MY
WRITTEN REQUEST IN THE
TRASH AND REFUSED TO RESPOND.

BUT I CANNOT
"FILE A BP-9" WITHOUT
A "BP-8" WHICH I WAS
UNCONSTITUTIONALLY & ILLEGALLY
DEPRIVED SEE OTHER EXHIBITS ALSO.

*NSN / D.C. Custard Civil Action*

*PLTF'S EXHIBIT L*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 16, 2006

*n. Fields*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTH CENTRAL REGIONAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
FLORENCE ADMAX USP   UNT A    QTR: J01-115L
PO BOX 8500
FLORENCE,  CO 81226

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 421040-R1       REGIONAL APPEAL
DATE RECEIVED  : AUGUST 14, 2006
SUBJECT 1      : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
AT THIS LEVEL.

REMARKS        : SECURITY PROCEDURES WILL NOT BE DISCUSSED WITH
INMATES

*Because — And Only Because I Was Illegally Deprived Of An Adequate Amount Of "Informal Resolution" Forms. — DUH —*

*I Formerly Requested, From Six BOP ADX Staff Members (Defendants Herein) For Legitimate And "Necessary" Assistance TO Provide "The Necessary Evidence" All Threw Away My Formal Written Request And Are Illegally Refused To Respond TO My Formal Written Request.*

*Very Funny. When You Know I Was Maliciously Procedurally Defaulted By Illegal Deprivation Of An Adequate Amount Of Informal Resolution Forms So I Could Not "File".*

NSD / D.C. CUSTARD CIVIL ACTION

PLTF'S EXHIBIT M

REJECTION NOTICE - ADMINISTRATIVE REMEDY

RECEIVED

ADX Warden's Office

DATE: AUGUST 15, 2006

M. Fields
FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTH CENTRAL REGIONAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
FLORENCE ADMAX USP     UNT:     QTR: J01-115L
PO BOX 8500
FLORENCE, CO 81226

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      421041-R1        REGIONAL APPEAL
DATE RECEIVED : AUGUST 11, 2006
SUBJECT 1    : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2    :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
5 DAYS OF THE DATE OF THIS REJECTION NOTICE. NO I CAN'T
BOP-ADX STAFF REFUSED TO PROVIDE AN ADEQUATE AMOUNT OF
ADMINISTRATIVE REMEDY FORMS TO DO SO.

BECAUSE - AND ONLY BECAUSE I WAS ILLEGALLY DEPRIVED
OF AN ADEQUATE AMOUNT OF "INFORMAL RESOLUTION" FORMS.
— DUH —

I FORMERLY REQUESTED, FROM SIX BOP-ADX STAFF
MEMBERS (DEFENDANTS HEREIN) FOR LEGITIMATE
AND "NECESSARY" ASSISTANCE TO PROVIDE "THE NECESSARY EVIDENCE"
ALL THREW AWAY MY FORMAL WRITTEN REQUESTS AND HAVE
ILLEGALLY REFUSED TO RESPOND TO MY FORMAL WRITTEN REQUESTS.

VERY FUNNY -
WHEN YOU KNOW
I WAS MALICIOUSLY
PROCEDURALLY
DEFAULTED BY
ILLEGAL DEPRIVATION
OF AN ADEQUATE
AMOUNT OF INFORMAL
RESOLUTION FORMS
SO I COULD NOT "FILE".

*USDC / D.C. Custard Civil Action*

*Pltf's Exhibit N*

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: MARCH 6, 2006

*m. Fields*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

                                          MAR 1 4 2006

                                          ADX Warden's Office

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP      UNT: E      QTR: E04-209L
      PO BOX 8500
      FLORENCE,   CO 81226


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 402321-R1      REGIONAL APPEAL
DATE RECEIVED   : FEBRUARY 24, 2006
SUBJECT 1       : NON-MEDICATION/PRESCRIPTIONS-BED BOARDS, IDLES, ETC.
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

*I Cannot "File A BP-9 'First'." Because BCP-ADX Staff*
*Unconstitutionally & Illegally Deprived Me Of An Adequate*
*Amount Of Administrative Remedy (BP-228) Informal Resolution Forms.*
*DUH.*

USDC / District Of Columbia  Civil Action
Custard  V  Watts, Et Al.,

**FLM 1330.13g**
**Attachment 1**



PLTF'S Exhibit O

## USP ADMINISTRATIVE MAXIMUM
## FLORENCE, COLORADO
## INFORMAL RESOLUTION FORM

Inmate Name: _____  Reg. No. _____
      Unit: _____  Date: _____

**NOTICE TO INMATE**:  You are advised that normally prior to filing a Request for Administrative Remedy, (BP-DIR-13), you **must** attempt to informally resolve your complaint through your Correctional Counselor.  Please follow the three steps listed below:

1.    **State your complaint:** _____
_____
_____
_____

**(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page.  You must also submit one copy of supporting exhibits.  (Exhibits will not be returned with the response to BP-229(13) responses.))**

2.    **State what actions you have made to informally resolve your complaint:** _____
_____
_____
_____

3.    **State what resolution you expect:** _____
_____
_____

Inmate's Signature: _____  Date: _____

**Correctional Counselor's Comments (Steps to Resolve):** _____
_____
_____

**Counselor's Signature:** _____  **Date:** _____
**Unit Manager's Review:** _____  **Date:** _____
**Informally Resolved:** _____  **Date:** _____

|  | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | EXECUTIVE STAFF |
|---|---|---|---|---|---|
| **DATE** |  |  |  |  |  |
| **TIME** |  |  |  |  |  |
| **COUNSELOR** |  |  |  |  |  |

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____    _____    _____    _____
LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.            UNIT          INSTITUTION

**Part A– INMATE REQUEST**

USDC / District Of Columbia

_____

Custard v Lappin, Et Al.

_____

_____    DATE                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Civil Action

Pltf's Exhibit P

_____    DATE                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                              CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____    _____    _____    _____
            LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.            UNIT          INSTITUTION

SUBJECT: _____

_____    DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

**U.S. Department of Justice**                                          **Regional Administ    ive Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _____
              LAST NAME, FIRST, MIDDLE INITIAL                    REG. NO.              UNIT              INSTITUTION

**Part A - REASON FOR APPEAL**

USDC / District Of Columbia

Custard V Lappin, Et Al..

_____                          _____
          DATE                                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Civil Action

Pltf's Exhibit Q

_____                          _____
          DATE                                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

**Part C - RECEIPT**

                                                              CASE NUMBER: _____

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL                    REG. NO.              UNIT              INSTITUTION

SUBJECT: _____

_____                          _____
          DATE                                            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

USMC / District Of Columbia

Lisbons V Lappin, Er Al,

| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

Civil Action

Ptf's Exhibit R

| DATE | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

USP LVN    PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002

USDC/D.C. _Custard v Watts Et Al_ Civil Action

PLTF'S EXHIBIT J

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 19, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FLORENCE ADMAX USP

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP    UNT: E    QTR: E03-105L
      PO BOX 8500
      FLORENCE, CO 81226


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 382848-F1       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : JULY 19, 2005
SUBJECT 1       : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 2: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 3: YOU DID NOT SUBMIT YOUR REQUEST THROUGH YOUR COUNSELOR, OR
                 OTHER AUTHORIZED PERSON.

From Waiting On ADX Staff To "Untimely" Answer The
Preceeding Informal Resolution Form (BP8);

Due To — And Due Only To — THE FACT That BOP ADX
Staff Maliciously Withheld An Adequate Amount Of Informal
Resolution Forms To Maliciously & Illegally Procedurally Default;
Greedily Relying On Woodford (USSCt# 05-416) To "Thwart By
Invitation" PLRA Exhaustion Mandates.

BP-230·
EXHIBIT B
421040

To ADX ADREM

UNITED STATES PRISONER REQUEST
To BUREAU OF PRISONS STAFF MEMBER

PLTF'S EXHIBIT T

("ON A PIECE OF PAPER" PER HOOD & WILEY DIRECTIVES — AND — PURSUANT TO BOP-P.S. 5511.07
A RESPONSE, IN WRITING, IS RESPECTFULLY — AND — SPECIFICALLY REQUESTED.)

| NAME | TITLE | DATE JULY 128/2006 |

TO: W. HAYWOOD | ADX EXECUTIVE

FROM: BOB A. CUSTARD | U.S PRISONER Reg.N. 02128034/ABU GURAIR OF THE ROCKIES FLORENCE ADX

SIR,

FOR THE FIFTH DAY IN A ROW — I REQUEST THREE (3) BP-8'S
FOR ADX ADMINISTRATIVE REMEDIES FORM BP-229'S WHICH I HAD TO
SUBMIT WITHOUT BP-8'S BECAUSE YOU, M. COLLINS, V. SHARP, R. WILEY,
(SEE R. WILEY'S "DENIED" THE 7/18/06 "RESPONSE TO REQUEST TO STAFF MEMBER"
OF 7/06/06) AND K. REAR HAVE UNLAWFULLY REFUSED TO PROVIDE ME WITH
ADEQUATE BOP BP-228 INFORMAL RESOLUTION FORMS TO PURPOSELY THWART
BOTH 28 CFR 542.14 (a) & ACT OF CONGRESS PRISON LITIGATION REFORM ACT'S BOP
ADMINISTRATIVE REMEDY EXHAUSTION MANDATES, AND WHICH K. REAR'S REJECTION
OF ALL THREE BP-229'S (# 'S 421039; 421040; AND 421041) DEMANDS:
"RESUBMIT [ALL THREE WITH BP-8-] WITHIN 5 DAYS"

REQUEST: SAID THREE (3) BP-8'S TO RESUBMIT SAID THREE (3) BP-229'S SINCE
YOU, THE LONE ADX EXECUTIVE PRISON CONTROL SAID FORMS — AND ARE THE ONLY ONES
FROM WHOM I CAN OBTAIN SAID FORMS DEMANDED BY ADX ADMINISTRATIVE REMEDY CO-ORDINATOR K. REAR
(CC: PERSONAL FILES/POSSIBLE EXHIBIT.)    RESPECTFULLY SUBMITTED, BC

RESPONSE / DISPOSITION:

W. HAYWOOD /
NOT A N-N /
SPECIAL ADX
ECHO UNIT TEAM
MEMBER EILEEN
"MENTAL ROBOTS"
UNLESS IT'S THE
DISCIPLINE I
ONLY EVEN /
SEE THEM /
TELL DATE:

PROVES I TRIED
TO DILIGENTLY TO COMPLY
BUT COMPLIANCE INTENTIONALLY
MADE IMPOSSIBLE BY ADX
BOP PRISON EXECUTIVES. X

STAFF MEMBER /S/ _____ | DATE: _____

REPLACES 148.070 — PER P.S. 5511.070 — MAY BE DUPLICATED BY COPYING — BAC-2-JAN. 2006

BP 8's Exhibit A
ADX No.'s A 421040

UNITED STATES PRISONER REQUEST
To BUREAU OF PRISONS STAFF MEMBER

[Plr's] Exhibit U

("On A Piece Of Paper" Per Hood & Wiley Directives — And — Pursuant To BOP-PS 5511.07
A Response, In Writing, Is Respectfully - And - Specifically Requested.)

| NAME | TITLE | DATE July 26/2006 |

TO: W. Haygood / Correctional Counselor /
FROM: BOB A. CUSTARD / U.S Prisoner Reg No. 02728-034/ Abu Ghraib Of The Rockies Florence ADX

Sir,

As You Know K. Rear Rejected (On About 7/24/06) ADX Administrative
Remedies (BP-229's That I Had To Submit — Pursuant To The "28 Calendar
Days" Rule [28 CFR 542.14(a)]) # ADX 421039; 421040; 421041 [etc etc etc]
[etc etc etc] Because You; R. Wiley; K. Rear; M. Collins; And V. Sudlow Unlawfully
Denied Adequate BP-228's (Informal Resolution Attempt Forms) To Adhere TO
Said 28 CFR 542.14(a) "28 Calendar Days" Regulation There Maliciously
Hoping To Thwart Unlawfully The PLRA's Administrative Remedy Exhaustion Requisite.

In Said Rejection K. Rear (ADX's Administrative Remedy 'Co-Ordinator') Stated:
"You [Cannot] Resubmit [The Above Ref'd BP-229's][Within Three BP-228's]
Within 5 Days" — You Know Yes Yet You And All The Above
Named Still Refuse To Provide Me A-N-Y BP-8's.
REQUEST: Provide With The Three Known By You Needed BP-8's.

(CC: Personal Files / Possible Exhibit)          Respectfully Submitted By [signature]

RESPONSE / DISPOSITION:

Refused To Issue Ever One! BP-8! Stating "No I Will Not - Give You Not A-N-Y BP-8's And I Shall As Well Will Not - Give You Three BP-8's!"

[illegible notes]

STAFF MEMBER /S/ _____        DATE: _____

REPLACES 148.070 — PER P.S. 5511.070 — MAY BE DUPLICATED BY COPYING — BAC-2-JAN. 2006

**U.S. Department of Justice** *USDC / District Of Columbia*     **Regional Administrative Remedy Appeal**
**Federal Bureau of Prisons** *Cushard V Lappin Et Al.*
**North Central Regional Office**                   **Part B - Response**

**Admin Remedy Number:** 413731-R1          *PLTF'S EXHIBIT V*

This is in response to your Regional Administrative Remedy Appeal dated June 22, 2006, in which you allege that legal materials are being lost by staff. <u>You request that the institution implement a log for</u> legal mail, <u>informal resolution forms</u>, and legal copies.

We have reviewed your appeal and determined the <u>Warden's</u> response adequately addresses your concerns. Specifically, <u>there is no requirement</u> that legal mail, informal resolution forms, or legal copies be logged upon receipt by institution staff. Further, you have not submitted any evidence to support your claim that items are being misplaced by staff. *← OH YES I HAVE — DOZENS OF TIMES*

<u>Your Regional Administrative Remedy Appeal is denied.</u>

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

*6-7-06*     *BUT SENT BY 'BATCH MAIL' ANS NOT RECEIVED BY ME UNTIL 8/25/06*
Date                      Michael K. Nalley, Regional Director

*This Not About If There Is A "Requirement"; This Is About That There Is A 'Need' For It — To Stop Illegal Unconstitutional Known Misconduct Of BOP Staff Throwing Away Administrative Remedies Then Claiming Got 'Lost' Or Holding And Not Mailing Until Known Untimely Due To No Fault Of The U.S. Prisoner & Maliciously Caused By BOP Staff To Illegally Thwart PLRA & Woodford, 548 U.S. Exhaustion.*

*U.S.D.C / Custord Civil Action*

*Pltf's Exhibit W*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 29, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP    UNT: E    QTR: Z03-207LAD
      PO BOX 8500
      FLORENCE, CO 81226


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


      REMEDY ID      : 421040-A1     CENTRAL OFFICE APPEAL
      DATE RECEIVED  : SEPTEMBER 22, 2006
      SUBJECT 1      : OTHER COMPLAINT AGAINST STAFF
      SUBJECT 2      :
      INCIDENT RPT NO:

      REJECT REASON 1: SEE REMARKS.

      REJECT REASON 2: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                       OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                       NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

      REMARKS        : WE CONCUR WITH THE REGION'S RATIONALE FOR REJECTING
                       THIS APPEAL.    *First - who is "We"*

*I couldn't, since you have instructed ADX & other BOP prison officials to not issue adequate amounts OF Informal Resolution forms*

*Second - of course you do these rejections — 10 times more of them AFTER Woodford than BEFORE Woodford are working out exactly as you, Defendant Lappin, and all other BOP Administrative Remedy Co-Ordinators and Regional Directors have maliciously conspired and maliciously manipulated them to*

USDC/D.C. _Custard Civil Action_

PLTF'S EXHIBIT X

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 13, 2004

RECEIVED
FEB 23 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02723-031      QTR: E06-208L
      FLORENCE ADMAX USP    UNT: E
      PO BOX 8500, 5880 HWY 67 S
      FLORENCE, CO 81226

*Dates Plainly Show That This Civil Action Is No Recent Fabrication — And Does Show Long-Time Illegal Pattern By BOP & ADX Prison Officials To Procedurally Default U.S. Prisoners Meritorious Complaints*

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 261798-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : FEBRUARY 2, 2004
SUBJECT 1       : MEDICAL CARE — IMPROPER OR INADEQUATE
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1 : YOUR APPEAL IS UNTIMELY. CENTRAL OFFICE APPEALS
                  MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                  DIRECTOR'S RESPONSE. THIS TIME LIMIT INCLUDES MAIL TIME.

REMARKS         : YOUR APPEAL WAS DUE ON 06-16-02. YOU WILL NEED STAFF
                  VERIFICATION ON BOP LETTERHEAD TO DOCUMENT THAT YOUR
                  UNTIMELINESS WAS NOT YOUR FAULT. (PM 01-25-04)

_Stop Taking 2-Weeks To 'Receive' It — And Stop Taking 2-Weeks To 'Batch Mail' BP-10 Responses And It Would Not BE "Untimely"_

_I Formally Requested That (In Writing) From Numerous BOP/ADX Staff (& Defendants Herein) — All Of Whom Threw Away Said Formal Written Requests And Refused To Even Answer These Requests Because It Was Irrefutable That "Untimeliness" (sic) Was Not [My] Fault."_

MADISON (SIC),

REQUEST

IN DC / D.C. CIVIL ACTION
CUISTARD V LAPONETA.,

8/04/06

PLX'S EXHIBIT Y

1) THIS IS __NOT__ ALL THE LEGAL DOCUMENTS FOR COPYING THAT HAYGOOD HAS ———— THERE IS ANOTHER MANILLA ENVELOPE WITH, INTER ALIA, THE __3 - 7/24/06 ALA REM.__ REJECTION NOTICES ARE STILL MISSING.; I WANT THOSE BACK.

## PLUS

2) YOU (OR WHOEVER) DID THOSE BP-199's OVERCHARGES ME — NUMEROUS OF THOSE COPIES YOU GAVE ME WERE COPIES OF THE INSTRUCTIONS —— __I DEMAND A REFUND FOR THOSE__ ( I HAVE THEM TO SHOW YOU);

## PLUS

3) YOU DID NOT RETURN (FROM CANNON OR WHEREVER) MY JOCK STRAP ———— THAT HAYGOOD HAD/HAS IN HIS POSSESSION THAT I HANDED TO HIM ON 7/31/06 WITH V. SADLOW PRESENT — __I WANT THAT JOCK STRAP BACK.__

REQUEST: PERSONALLY & PROFESSIONALLY DISPOSITION 1) - 3) ABOVE & PROVIDE ME WITH 3-BP-8's & 28 CFR PART 542 FORMS FOR THEM.

RS/ 🅱 SM

REQUIRED 3 - BP-8's AND REPLIES TO ANSWER THIS INVOLVING REGARDING, REFUND, BP-8's (CIVIL CONSPIRACY)

CC: PERSONAL FILES / POSSIBLE EXHIBIT.

FORMAL WRITTEN REQUEST

From: Bob A Custard #02728-031
USP-Florence – A.D.X
United States Penitentiary
P O Box 8500
Florence, CO 81226-8500

USDC / D.C. CIVIL ACTION
CUSTARD V LAPPIN, ET AL.

PLTF's EXHIBIT Z

JULY 10, 2006

RE: FORMAL WRITTEN REQUEST FOR ADMINISTRATIVE REMEDY FORMS.

To: W. HAYGOOD
ECHO UNIT EXECUTIVE
FLORENCE, ADX

SIR, I HEREBY RESPECTFULLY AND FORMALLY REQUEST – PURSUANT TO WARDEN'S (R. WILEY) RESPONSE TO FORMAL REQUEST TO HIM (K. REAR & C. SINSVOL DATED 7/06/06 — SO THAT IT MAY NOT BE ILLEGALLY STOPPED FROM COMPLYING WITH 42 USC 1997(e) AND / OR THE ADMINISTRATIVE REMEDY EXHAUSTION REQUIREMENT OF THE PLRA IN PROGRAM CIVIL ACTIONS :- USDC-D. COLORADO #'S 06-1036 & 06-1114; USDC / NDGA 99-3285; USDC's, DEL # 04-538 & 04-80 —— AND —— UPCOMING PROGRAM CIVIL ACTIONS :

1) NO LESS THAN SIXTEEN (16) BP-2285 (INFORMAL RESOLUTION ATTEMPT FORM) SO THAT I AM NOT ILLEGALLY STOPPED FROM ADHERING TO 28 CFR 542.14 (a).

NOTICE: BUREAU OF PRISONS PROGRAM STATEMENT PS 1330.13 (7) (a) IS PLAIN & CLEAR: " INFORMAL RESOLUTION... THESE PROCEDURES MAY NOT OPERATE TO LIMIT ACCESS TO FORMAL FILING OF AN ADMINISTRATIVE REMEDY REQUEST "

THANK YOU SIR [REFUSED TO PROVIDE BP-8's AND REFUSED TO SAY IT IN WRITING ☒] (CIVIL CONSPIRACY) R/ BAC

CC: PERSONAL FILES / FUTURE EXHIBIT.

Civil Action USDC/D.C. Custred v Lappin    5/22/2006

Defendant (Ms. K. Rear → Refuses To Respond / Malicious / & Civil Conspiracy)

Administrative Remedy Co-Ordinator
Florence, Colorado - ADX

Re: Re-Submission Of Ad. Rem.
# ADX 413731.

Rod Custred
U.S. Prisoner Reg No 07734 [?]
Fci No - 402 - ADX

(Shows & Proves Multiple Attempts To Illegally Thwart # 413731 From Start To Finish - Each BP-11 Rejection As "Untimely" Pltf's Exhibit. ®)

PLTF'S EXHIBIT 2A

Dear Ms Rear,

I'm Sorry, I'll Try To Be More Clear. As To "Hard To Read" However, There Is Little I Can Do. I Have Asked For A Typewriter, The Warden, And You (His Executive Assistant Have Denied That Request And That Administrative Remedy.

And As You Know, Or Should Know [Doctrine] I Have Over 40% Of My Right (Writing) Hand Amputated. Making It Both Very Hard For Me To Write At All & Very Painful

To Be Clear - Please See 3X "Request Receipts For"

IE: The 3 Closely Related Requests To # 413731 Involve "Requests For Receipts" (1) For Outgoing Legal Mail; (2) For BP-8's ← (Note: If Hawkins Had Given Your Remedy # 41373) To The Wrong Prisoner Instead Of Me — How Would I Ever Know - In A Timely Fashion - Or At All It Was Returned? Plus You Rejected # 394 548 - And Others Because (Hawkins Lost The BP-228's As "Untimely" Because I Could Not Prove The Ever Had Taken (___) (3) Receipts For Legal Materials Given For Copying (Many Never Returned Or Claimed To Be Ever Turned)

⊛ Please Note: 28 CFR 542.14 (V 2) Allows For Submission Of "Reasonable Number Of Closely Related Issues" Which # 413731 Is. RJ BOJU

CC: Personal Files,

Civil Action / USDC - D.C.          United States Prisoner Request          *Ptf's Exhibit Z-C*
Custard v. Lappin, et al.            To Bureau Of Prisons Staff Member

("On A Piece Of Paper" Per Hood & Wiley Directives — And — Pursuant To BOP-PS. 5511.07
A Response, In Writing, Is Respectfully - And - SPECIFICALLY REQUESTED.)

| NAME | TITLE | DATE January 13/ 2006 |
|---|---|---|

To: K. REAR / Administrative Remedy Co-ordinator / (31)

From: BOB A. CUSTARD / U.S. Prisoner Reg. No. 02128-03 / About Threats Of The Rockies Florence ADX

Ma'am, I Respectfully, And Formally Request, In Writing:

Return To Me Forthwith ADX Ad Rem. # 396147 Which Has
A "Response Due : January 22, 2006" Date — And Which I Have Not Rec'd
From Either N.C. Regional Ad. Rem Co-ordinator Or You.

If Not Returned Forthwith I Will Both (a) File A Grievance On It,
& (b) Duly File A BP 231 To Central Offices Ad. Rem. Co-Ordinator Pursuant
To 28 CFR 542.18. — ✱ Showing BCP Ad. Rem Co-Ord's Unlawful Attempts To Stymie & Thwart
Access To Federal Courts & Retaliating Plra On 1ˢᵗ & 8ᵀᴴ Amendment Rights By 'Loiran' Ad Rem Responses; Etc.

Judicially Noticeable: This Marks The 24ᵀᴴ Time Out Of My Last 36 Filings That
Response That Either Been Non-Existent Or Over 10 Days Late [From Stated
Signature & Date] Getting To Me Thru Your Office & E-Unit Counselor W. Harlows.

Thank You Ma'am.          "Batch Mail" Weeks Late - Then Reject As Untimely
                          Like 'I' Sent It 'Batch Mail - Civil Conspiracy'
                                                                  Bob
1/31/06 cc: Personal Files/Possible Exhibit.          Respectfully Submitted

RESPONSE / DISPOSITION:

Defendant Rear Refused To Respond At All To Perpetuate Civil Conspiracy
With Other Defendants To "Procedurally Default" Due Only To Malicious And
Bureau ADX Executive Staff Illegal Conduct.

| STAFF MEMBER /S/ | DATE: |
|---|---|

Replaces 148.070 — Per P.S. 5511.070 — MAY BE Duplicated By Copying — BAC-2-Jan. 2006

USDC / D.C. Civil Action
Custard v. Lappin

REQUEST

Pltf's Exhibit Z-A

8/07/06

To: ___ Madison / 'Counselor' / Echo Unit - ADX

From: B. Custard / U.S. Prisoner / ADX - Echo-405

Sir, I Respectfully And Formally Request:

1) So That I May Comply With 28 CFR 542.14 (d) "20 Calendar Days" Regulation That You Provide Me With Three (3) BP-228 'Informal Resolution Attempt' Forms

— Or In The Alternative —

2) Provide Me With Three (3) BP-229's So That I May Comply With 28 CFR 542.14 (d) See 28 CFR 542, & P.S. 1330.13

— With —

3) Documentation (Memo) From You That You Refuse To Provide The BP-228's;

4) And — As We Discussed Earlier — So That I Can Comply With Federal Court Orders In USDC / D.Colo. Civil Actions #'s 05-2654; 06-1036; 06-1114 To File Same — I Request, Formally & In Writing, That You Would Please Provide Me With Three (3) "Certified" Trust Fund Account Statements. Note: "Certified" Meaning (According To D.Colo. Federal Judge Zita Weinshienk) Stamped With One Of The Unit Team's '1955 Notary' Seals.

Note: ————→ Defendant Madison Refuses To Respond To This Written Request In Writing All The While Maliciously Denying All Four Specific Requests To → "Federally Default" Me. B∅C

Thank You Sir.

Bob A. Custard
Box 8500-0772⁴031
Florence, Colorado
81226-8500

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98  USDC / D.C. Civil Action Custard v Lappin, et al.
**U.S. DEPARTMENT OF JUSTICE**

*Pltf's Exhibit Z-E*

**FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| TO:(Name and Title of Staff Member) K.Y. Rear /ADX Ad. Reme. Co-ord — Warden & Ex. Ass. | DATE: August 15, 2006 |
| FROM: B. A. Custard / United States Prisoner. | REGISTER NO.: 02278-031 |
| WORK ASSIGNMENT: | UNIT: Juliet - 08 - 115 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Ma'am, 1) Again I Request Specifically Formally & In Writing For Copies Of Each BP-228 (Informal Resolution Attempt 1-Page Form) That I Have Filed Here At ADX (B.P.8's From ADX Only);

———— And ————

2) Since You Have Received Numerous BP-229's (Formal Prison Grievances) On A Basis "... You Did Provide The 'Necessary Evidence' Of Your Attempt At Informal Resolution. And Since Clearly Established Law Provides I Have A Right To Be Informed Of All Rules & Policy Pertinent To Me Personally — I, Again (Because There A Various Types Of "Evidence"; e.g. Circumstantial, Direct, Inviolate, etc.) Specifically Formally & In Writing, Request To Be Informed In Writing Of Exactly What You Mean By The Above Quoted Statement, Culpable Mens Rea Failure To Timely Respond Will Result In Further Adx (c) Personal Files / Exhibit.    (Do not write below this line)   RS /   B. A.K.

DISPOSITION:

Defendant K. Rear

The ADX Administrative Remedy Co-ordinator Refused To Respond To This Formal Written BOP U.S. Prisoner Request — Thereby Representing Her Civil Conspiracy With The Other Defendants While Refusing To Provide Necessary Evidence Of Your Attempt At Informal Remedy To Illegally Thwart Meritorious Grievance By Contrived Procedural Default !!

| | |
|---|---|
| Signature Staff Member | Date |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98 USDC / D.C. Civil Action Custard v Caapin, et al.
U.S. DEPARTMENT OF JUSTICE

(1ctf's Exhibit Z-F)

FEDERAL BUREAU OF PRISONS

*(Left margin, vertical handwritten note):* Note: Cut-Able & Easier to Restore to This Form/Or, Then Return d.t. a Timely Fashion) This Form Must Be Deemed As Acceptable Remain to Decline Antics Procedure, P.S. 5314.08, etc.)

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| K. Year/Indy. An. Rem Co-ord & Wardens Ex Ass. | August 14, 2006 |
| FROM: | REGISTER NO.: |
| B.A. Custard / U.S. Prisoner | 02728-021 |
| WORK ASSIGNMENT: | UNIT: |
| Not "Allowed" At ADX General Pop | Juliet-01-115 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Ma'am, In Order To Set A Time Begins Date On The Prisoner Grievance "20 Calendar Day" Rule (IE: 28CFR 542.14(a).) I Hereby Respectively, But Formally & In Writing, Specifically Request Response To The Numerous Previous Formal Written Requests I Have Sent You In Your Capacity As ADX Administrative Remedy Co-Ordinator Including But Not Limited To The Formal Written Requests Of 5/22/06; 6/09/06 - 6/15/06, 7/06/06, 7/25/06 And That You Have Refused To Respond To Either Verbally Or In Writing —— For As Long As I Can Be Determined That You Are In Your Professional Capacity Simply Shirking These Duties And Further Violating BOP Policy I Will Be Forced To File Formal Administrative Remedy (Invoke Prison Grievance Procedure Prior To Bringing Federal Civil Action) On And/Or After Date This I Specifically Request That You Answer All Formal Written Requests Only Presented To You By Me —— Over The Last Seven Months —— Or Refuse To Do So In Writing. Thank You.

CC: Personal Files / Exhibit.

(Do not write below this line)

RS/ B.R.

DISPOSITION:

Defendant K. Year To Perpetuate (Civil Conspiracy With Other Defendants) Refused To Respond - At All - Take The Above Request (That Regarded Her Regular To Respond - At All - To Numerous Previous Requests Over A Period Of Months! Getting An Idea? Of What I Have Had To Contend With? ADX Prison Defendants' Routinely Ran Over And Bully (Physically & Mentally) U.S. Prisoner's Where The Least Powerful & Vulnerable Of All U.S. Citizens!

| | |
|---|---|
| Signature Staff Member | Date |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

Printed on Recycled Paper

USDC/D.C. Civil Action
Custard v. Lappin et al.

One Page Attachment To BP-229 Dated 8/03/2006 # 421037

PLTF'S EXHIBIT Z-G

①

3) FURTHERMORE THE BP-229 SPECIFICALLY ADMINISTRATIVE REMEDY REQUESTS:

"HAVE THE ADX ECHO-UNIT TEAM INDIVIDUALLY OR IN ANY COMBINATION

# E—V—E—R

SEE
BP-229
→
1-PAGE
ATTACHMENT

REFUSED TO PROVIDE INFORMAL RESOLUTION FORM BP-228'S
AND IS NOT SPECIFICALLY RESPONDED TO IN THIS BP-229 RESPONSE

AND I AGAIN SPECIFICALLY REQUEST AN ADMINISTRATIVE REMEDY RESPONSE THERETO.

4) NOT A COMPLAINT INCLUDED HEREWITH — BUT AS CONTEXT TO THE
OUTRAGEOUSLY LYING FALSEHOODS OF BP-229 RESPONSE —— ON
7/18/06 WARDEN WILEY IN A RESPONSE TO BP-148 REQUEST (COP-OUT)
DENIED TO PROVIDE ME WITH ANY BP-8'S —— ON JULY 20, 2006 I HAD
TO SUBMIT 3-BP-9'S WITHOUT ANY BP-8'S —— ON JULY 24, 2006
K. REAR REJECTED ALL 3-BP-9'S ON SAME DATE STATING " YOU MUST
RESUBMIT [WITH BP-8.S] WITHIN 5 DAYS" —— BUT—FROM
7/24/06 — 8/01/06 - 9-DAYS — W. HAYGOOD (ECHO COUNSELOR) TOOK
9-DAYS TO ANSWER 1-BP-8 —— AND REFUSED TO PROVIDE A-N-Y
OTHER BP-8 DURING THAT 9-DAYS —— OBVIOUSLY MAKING IT
IMPOSSIBLE TO COMPLY WITH THE "WITHIN 5 DAYS WITH BP-8.S" ORDERS OF
K. REAR (IN RESPONSES ON # 421039; 421040; 421041) WHO IS
WRITING ALL THESE FALSEHOODS RESPONSES FOR WILEY TO IMPROPERLY SIGN
VIOLATING MY 1ST, 5TH & 1ST AMENDMENT CONSTITUTIONAL RIGHTS.    s/ [signature]

CC: PERSONAL FILES / POSSIBLE CIVIL ACTION EXHIBIT ID 8/01/06

FLAT REFUSED TO ANSWER!
THAT'S OK - DISCOVERY WILL TELL.

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy ID Number:** 421674-R1                *PLTF'S Exhibit Z-H*

===

This is in response to your Regional Administrative Remedy Appeal received on August 21, 2006, in which you claim your access to the Administrative Remedy Program is hindered. Specifically, you state that you turned in three Request for Administrative Remedy (BP-9) forms without Informal Resolution (BP-8) forms because your Unit Team refuses to provide you with more than one BP-8 form at a time. In addition, you state your Unit Team takes up to five days to respond to the BP-8 forms you submit. As relief, you request permission to submit your BP-9 forms without attempting to informally resolve your issues.

*HAVE NEVER PROVIDED ADEQUATE NUMBER OF FORMS /          IN OTHERWORDS, IN VIOLATION OF THE U.S. CONSTITUTION —*

Your Unit Team has and continues to provide you with the necessary forms in accordance with the Administrative Remedy Program Statement and Institution Supplement. You have been counseled by your Unit Team regarding the proper procedures for filing remedies at your institution. In addition, you have access to the Administrative Remedy Program Statement and Institution Supplement, which provide specific procedures for filing administrative remedies.

Pursuant to Program Statement 1330.13, <u>Administrative Remedy Program</u>, an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each Warden shall establish procedures to ~~allow for the informal resolution of inmate complaints.~~ *WITHHOLD ADEQUATE Amounts Of Informal Resolution Administrative Remedy Forms, AND NO,*

Pursuant to Institution Supplement 1330.13G, <u>Administrative Remedy Program Procedures for Inmates</u>, only one BP-8 form will be issued at a time. This is not meant to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution.

Based on the above information, this response is for informational purposes only. Your remedies will continue to be processed under the same policy and procedures for all inmates within the Bureau of Prisons.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_8/30/06_
Date

Michael K. Nalley, Regional Director

*IRRELEVANT WHAT IT IS OR IS NOT MEANT = TO DO, IT DOES "IMPEDE AN I/M's ACCESS TO FORMAL REVIEW OF AN ISSUE" — AS THIS AD. REM PROVES*

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

*[handwritten at top: USDC / D. [illegible] / Edward V. Lappin et al.]*

*[handwritten box: Pltf's Exhibit Z - I]*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

*[handwritten date: 6/22/06]*

From: Castro, Bob A.          07728631          Echo          Florence, AN

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A - REASON FOR APPEAL *There are 3 (Three) 28 [illegible] "Closely Related Issues" on this BP-229 - all of which are fully addressed herein: (See BP-228 & 229 one page attachments)*

1) *Legal Mail Log: The BP-229 response (B) does not account for legal mail from ADX cells - to mailroom - if I must be given to counselor to target any mailroom - and (C) does not address when legal mail [illegible] be properly logged [illegible] received; 172 F3d 1268; Houston, 487 U.S. 266; (C) does not account at all for incoming prisoners mail - all as stated in the BP-228 thru BP-229;*

2) *Administrative Remedy Receipts: The BP-229 response [illegible] government states: "Copies" of [illegible] forms... "who said anything about copies"? - the BOP are required [to be] maintaining/keeping/[illegible] of administrative remedy process. "Want on them but BOP administrators - to throw away / shred their & their apt/gen. forms have "their receipts" [illegible] on them but BOP administrators - to throw away / shred their [illegible] Receipts - BP-8's must be filed [illegible] refuse to log them - and as stated also in the BP-228 & 29 attachments [illegible] II - and [illegible] the receipts "continued"; them - who "loses" them? prisoners who no receipt to prove the rules were... R-E-C-E-I-P-T-S - not - "copies" - BP-9's [illegible]*

3) *[illegible text] to proper receipt for copying ADX staff - as stated in the BP-229 - can - and do - just throw away legal mail/legal prisoners received for copying [illegible] unlawful attempt to thwart PLRA and its civil actions [illegible] view your counselor - responsible for copying - knows he is [illegible] being sued by me in federal civil actions (D Cir As 06-1036 & 06-1114) - the BP-229 is [illegible] in part - [illegible] reviewers are asked to bear in mind the special barriers the prisoners have in legal matters; [illegible] [illegible] legal civil matters [illegible]; with an error. Thank you, CC: Files & [illegible] 6/22/06 SIGNATURE OF REQUESTER [signature]*

Part B - RESPONSE

*[faint stamp: [illegible] 2006]*

_____ DATE          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: **413731-R1**

Part C - RECEIPT          CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____ DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

*Chisham V Lappin et al.,*    *USDC*
*District of Columbia*

*PLTF's Exhibit Z-J*

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy ID Number:** 421042-R1

This is in response to your Regional Administrative Remedy Appeal received on August 9, 2006, in which you state institution staff will not provide you with sixteen Informal Resolution (BP-8) forms at one time. As relief, you request staff provide you with sixteen BP-8 forms.

A review of your issue has been conducted and revealed you have filed 96 remedies to date. Pursuant to Program Statement 1330.13, <u>Administrative Remedy Program</u>, inmates have the responsibility to use the Administrative Remedy Program in good faith and in an honest and straightforward manner.

Pursuant to Institution Supplement 1330.13G, <u>Administrative Remedy Program Procedures for Inmates,</u> only one BP-8 form will be issued at a time. This is not meant to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution.

Therefore, your Unit Team will continue to provide you with BP-8 forms consistent with the procedures established in the above mentioned Institution Supplement.

Based on the above information, your request is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

8·3/·06
Date

Michael K. Nalley, Regional Director

→ *No It's "Meant" to Maliciously "Procedurally Default" Meritorious Grievances And Meritorious Prisoners Complaints By Known Unconstitutional Tactics.*

*USDC
District of Columbia*

*PLTF'S Exhibit Z-K*

## RESPONSE TO INMATE REQUEST TO STAFF MEMBER

**NAME: Custard, Bob**

**Register Number:    02728-031                Unit:    E**

This is in response to your Inmate Request to Staff Member ("Cop-out") dated June 1, 2006, in which you contend the Administrative Remedy Coordinator thwarts PLRA Exhaustion of Prison Grievance Procedures.  You allege this based on the fact the cover page of your Administrative Remedy appeal responses are date stamped despite your continued requests that the ADX alter their procedures to meet your requirements for date stamping. As a result, you contend this proves nothing. *Very Funny — The Fact is They Meet 'No' Requirement Whatsoever*

A review of the issue has been conducted.  It has been discovered that the date of response from the Regional or Central Office is maintained on our computer system, and the date received in the Warden's Office is stamped on the cover page of the Administrative Remedy Response.  These cover sheets are computer generated at the Regional Office or Central Office level, and do not contain the number of the Administrative Remedy. This proves that the response was received in the Warden's Office on the date stamped. *← No it doesn't - in fact its proves Nothing, which is the point of this complaint. -Duh-* *{ Stupid }*

Since January, 2006, you have received responses for 72 Administrative Remedies, showing no indication that your PLRA Exhaustion of Prison Grievance Procedures have been violated.  Although the method used to record receipt of remedies does not meet your approval, there is no validity to your claim this circumvents your appeal rights. *— Oh yes there is — And any of these "Computer Generated" (cover) sheets "Prove" that there is validity to my claim" )*

I trust this addresses your concerns.

R. Wiley, Warden

JUN 0 7 2006

Date

*See: Pltf's Exhibits of "Computer Generated (over) sheets" Dated "Jul 13, 2004"; "Jan 03, 2006"; "Jan 05, 2006";*

** Do Not Contain The Administrative Remedy I.D.#." And Thus Cannot And Do Not "Prove" Anything!*
*1) 2) 3)*
*—Duh—*

U.S. Department of Justice    Case 1:07-cv-00538-UNA    Document 1    Filed 03/19/2007    Page 83 of 193    Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

PLTF'S EXHIBIT Z-L

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: ___LUSTARD, BOB A.___ ___02728031___ ___ELITE___ ___FLORENCE ADX___
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**  To PLEA EXHIBIT BEFORE I SUE IN FEDERAL COURT PERTINENT

TO WHAT THE DISSENT IN WOODFORD, U.S.C# OS 416 WACKS ABOUT.

___9/14/06___                    ___B L___
DATE                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Administrative Remedy Section

_____                    GENERAL COUNSEL
DATE

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: ___421648174___

**Part C - RECEIPT**                    CASE NUMBER: ___421648174___

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                    BP-231(13)
JUNE 2002

Z-M

**Administrative Remedy No. 421674-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you claim your access to the Administrative
Remedy Program is hindered.  Specifically, claim your Unit Team
refused to provide you with Request for Administrative Remedy
Forms without Informal Resolution forms.  You claim your Unit
Team refuses to provide you with more than one Informal
Resolution Form at a time.  You request to submit Request for
Administrative Remedy Forms without attempting to informally
resolve your issues.

Our review reveals the Warden and Regional Director adequately
responded to the issues you raised in your appeal.  P.S. 1330.13,
*Administrative Remedy Program*, stipulates that an inmate shall
first present an issue of concern informally to staff, and staff
attempt to informally resolve the issue before an inmate submits
a Request for Administrative Remedy.  As noted in your response
from the Regional Director, your Unit Team continues to provide
you with the necessary forms in accordance with policy
requirements.  In addition, staff have counseled you on the
proper procedures for filing remedies at the institution.

A review of your administrative remedy submissions indicates you
have filed numerous administrative remedies during your
confinement at your current institution.  We do not find any
evidence to indicate your access to the Administrative Remedy
Program is hindered by staff.  Staff review all complaints
thoroughly and make every effort to informally resolve each of
them.  We do not find any evidence to substantiate your
allegations.  This response is provided for informational
purposes only.  *Because we did Not Look!*

November 29, 2006
_____                    _____
     Date                           Harrell Watts, Administrator
                                    National Inmate Appeals

Z-N

Benjamin Bernard the
Staff Counsel
Florence ADX Colorado

Tobe A. Carstens
#030031 / E.U.-412

[UN Citizen / U.S.] Prisoner Formal Request
to [ ] Prison Staff Member        12/11/06

RE: Your Civil Cooperation with R. Madison
to Unconstitutionally Shuffle My Legal
Civil Action Status of Your Criminal Conspiracy
with R. Madison to Conceal Evidence.

I told you personally on 12/05/06 @ 10:00 AM in ADX-E-412 in front
of R. Madison & Mr. Collins that "in over 4 months Counselor Madison
has not made one copy of any document for me period." — that FACT
is very inconsistent with the fact that I have numerous Civil Actions
and Criminal Post Conviction Relief Actions — Outside and Outside of D. Colorado.

[Unreadable] your response was "I will see what I can do
to circumvent "the U.S. District Court for the District of Colorado's Local
Rules of Civil Procedure." ——— I told you that "Even if you do that
it would solve 20% of the Civil & Criminal Problems Madison's
refusal to make 'any' copies for 'any' case has & is causing." which
is true.

Since 11/05/06 I have given to R. Madison three (3) (3) different
Sets of Documents for copying for Exhibits for both administrative remedy
requests & appeals that he refuses to copy because, he says "Legal said
I don't have to" — Clearly by "Legal" he means You. ——— In reference to
Copys said 3 different Sets of Documents Madison (& you) from mismanagement & cover-up
systems me from timely filing violations BOP Administrative Remedy Requests & Appeals

— and Civil & Post Con. Relief Actions Outside District of Colorado.

— Look— I don't know what shenanigans you are up to and as your parting remarks
of 11/05/06 illustrates — As to do with D. Colo. — and frankly I
couldn't care less ——— But as I have told D. Colorado's 20% of this problem
that you are intentionally exacerbating. Madison to make my legal or personal photostat,
[Unreadable] you & I have requested to provide copies — [Unreadable]   RS/ R.C.

U.S. Department of Justice

Fedaral Bureau of Prisons

**Central Office Administrative Remedy of Appeal**

Z - O

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _LUSTARD    BOB   A_     _02728031_     _ECIH_     _FLORENCE, ADX_
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**   TO PLRA EXHAUST BEFORE BRINGING FEDERAL CIVIL ACTION PURSUANT TO 42 USC 1997 ET SEQ., INTER ALIA.

_9/14/06_                                        RS / B..
DATE                                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**



Administrative Remedy Section

---

_____               _____
DATE                           GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _421042-A1_

**Part C - RECEIPT**            CASE NUMBER: _421042_

Return to: _____     _____     _____     _____
LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT       INSTITUTION

SUBJECT: _____

_____                    _____
DATE                               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                            PRINTED ON RECYCLED PAPER           BP-231(13)
                                                                       JUNE 2002

Z-P

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 6, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP    UNT: E    QTR: E04-212L
      PO BOX 8500
      FLORENCE,  CO 81226


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 431144-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : NOVEMBER 27, 2006
SUBJECT 1       : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2       :                                      FiNGeR ed
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 3: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.


DEC 1 1 2006

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Z-Q

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: CUSTARD, BOB A. — 02728031 — [illegible] — FLORENCE ADX

LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A- INMATE REQUEST** Surgery [illegible] Treatment, [illegible] And [illegible] Justice [illegible] Excessive [illegible] An ADX-[illegible] "[illegible]" The Box [illegible] — [illegible] My "Force" [illegible] "[illegible]" [illegible] — [illegible] [illegible] — [illegible] — [illegible] [illegible] — [illegible] [illegible].

Note: This BP-229(13) Form Was [illegible] October 18, 2006 [illegible] — [illegible] BP-[illegible] 3-[illegible] ADX [illegible] — [illegible]

OCTOBER 18, 2006 — [illegible]

DATE — SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Center — Do Yourself A Favor & Get The General Counsel To Look At This Last Paragraph Because If You Uphold Maliciously Manipulated Ad. Rem. Procedures To Maliciously Procedurally Default We Will Be In Federal Court On It.

DATE — WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: [illegible]

CASE NUMBER: ______

**Part C- RECEIPT**

Return to: ______

LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ______

DATE — RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Z-R

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: [illegible] | [illegible] | [illegible] | [illegible]

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** [illegible]

[illegible]

DATE | SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE | REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE CASE NUMBER: 431144 [illegible]

**Part C - RECEIPT**

CASE NUMBER: 431144

Return to: [illegible] | [illegible] | [illegible] | [illegible]

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: [illegible]

[illegible]

DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

**U.S. Department of Justice**

Federal Bureau of Prisons

*NOTICE: SEE LAST PARAGRAPH* **Central Office Administrative Remedy Appeal**   Z-5

*OF BP-229 - I COULD NOT ATTACH BP-8" BECAUSE MALICIOUSLY DENIED BP-8 FORM.*

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this Appeal.

From: _CUSTARD, BOB A_    REG. NO. _02728031_    UNIT _FCC No_    INSTITUTION _FLORENCE ADX_

LAST NAME, FIRST, MIDDLE INITIAL

**Part A - REASON FOR APPEAL**

TO PROVE THE MALICIOUS MANIPULATION OF THE BUREAU OF PRISONS ADMINISTRATIVE REMEDY PROCEDURES TO UNCONSTITUTIONALLY PROCEDURALLY DEFAULT ADMINISTRATIVE REMEDY FILINGS ON A TIMELY BASIS BY DENYING ADEQUATE ADMINISTRATIVE REMEDY FORMS WHILE TAKING MALICIOUSLY TOO LONG TO RESPOND TO BP-8'S;

TO USE THIS AS AN EXHIBIT IN CURRENT FEDERAL CIVIL ACTIONS REGARDING FACTS IN PARAGRAPH ABOVE —

TO PLEAD EXHIBIT TO FILE FEDERAL CIVIL ACTION REGARDING FACTS IN 1ST PARAGRAPH AS RELATES TO E. MILLER, J. TIPPARD, M. CRUZ, K. REAR, M. COLLINS, E. MANSON, V. SHELTS, W. HUDSON, N. FIELDS, C.O. PERRY, FNU ADDERSON-GILKES. — 28 CFR 542.14 (b) EXTENSION EXCLAIMED IN LIGHT OF LAST PARAGRAPH OF BP 229; EXCLAIMER APPLIED FOR.

BC/882

_11/16/06_  DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 2 7 2006

Administrative Remedy Section
Federal Bureau of Prisons

_____  DATE

ORIGINAL: RETURN TO INMATE

_____  DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL
CASE NUMBER: _431144_

GENERAL COUNSEL
CASE NUMBER: _429738_

Z - V

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 6, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02738-031
      FLORENCE ADMAX USP     UNT: E    QTR: E04-212L
      PO BOX 8500
      FLORENCE,  CO 81226


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 429738-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED  : NOVEMBER 27, 2006
SUBJECT 1      : INSTITUTION CLOTHING AND SERVICES
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.


DEC 1 1 2006

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**    2-W

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A - REASON FOR APPEAL**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____　　　　　_____
　　　　DATE　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____　　　　　_____
　　　　DATE　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE　　　　　　CASE NUMBER: _____

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

SUBJECT: _____

_____　　　　　_____
　　　　DATE　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

FLM 1330.13f
Attachment 1

## USP ADMINISTRATIVE MAXIMUM
## FLORENCE, COLORADO
## INFORMAL RESOLUTION FORM

Inmate Name: _Bob Allen Custard_     Reg. No. _02228631_

Unit: _B_     Date: _9/18/06_

**NOTICE TO INMATE**: You are advised that normally prior to filing a Request for Administrative Remedy, (BP-DIR-13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the three steps listed below:

1.  State your complaint: _Unlawful Retaliation By Madison To Respond In Writing Or Verbally To The BP-148 "Official U.S. Gov't BOP Form That I Duly Filled Out And Presented To Him On 9/08/06 Pursuant To BOP P.S. 5511. Regarding This Unlawful Order He Gave Me To "Use The Carbon Sheets More Than Once" En USDC/D. Colo. Federal Civil Actions SO1 Us 84-30 04-538, NO Co 99-3283, A. Colo 4/10/06 10-304 06-1114._

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to BP-229(13) responses.))

2.  State what actions you have made to informally resolve your complaint: _Told Mr. Madison - In Said BP-148 That I've Written "Track" Copies (Copies) "Required For Verein Legal Remedies & Told Madison That His Order Was Unlawful Because The Two Carbon Companies: (1) Steven Carbon Co. & 2) Na-Kote Carbon Co. Policies & Carbon Sheet Usage Instructions Were To Use Their Carbon Sheets Only 1-Time Each And Thus His Order Adjudicated Was Not Only Malicious - But Plainly Unlawful._

3.  State what resolution you expect: _I Expect Mere U.S. Constitutional Violation By Madison And His Supervisors) — I Request "Proof That Both Steven Carbon Co. & Na-Kote Carbon Co. Manufacturer Their Carbon & Instruct Buyers To Use Their Carbon More Than Once" — Which Is The Only Thing That Could Possibly Make Madison's Malicious And Unlawful Order Into A Lawful One._

Inmate's Signature: _BA_     Date: _Sept. 19, 2006_

CC: Pertinent File / Possible Federal Court "Exhibit.

**Correctional Counselor's Comments (Steps to Resolve):** A review of your complaint has been conducted. Your claim is without merit. You were never informed you needed to use carbon paper issued to you more than once. You were told you could use the carbon paper issued to you more than one. You have been issued five sheets of carbon paper in accordance with Institution policy, and can exchange that carbon paper one for one with a member of your Unit Team. It is your choice to use that carbon paper one or more times if you desire. _Just Like "It Is Your Choice To Use "Toilet Paper Sheets Once Or More Times If You Desire." — What I "Derive" Drives The Issue._

**LIE**

Counselor's Signature: _RW_     Date: _9/2/06_  (PLUS 6 Days To Answer)

Unit Manager's Review: _mmm_     Date: _9-28-06_

Informally Resolved: ___     Date: ___

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | EXECUTIVE STAFF |
|---|---|---|---|---|---|
| DATE | 9/18/06 | 9/22/06 | 9/28/06 | 10/2/06 | |
| TIME | 11:00 A | 10:5 A | 1:50 C | 6:30 A | |
| COUNSELOR | Buur | Buur | as | Vuur | |

2-4

Cusaro, Bob H.                    87772051            Echo            Florence, ADX

28 CFR 543.14(c)(3) "One Page Attachment" To BP-230# 429138

Reviewers Hereof Please Note:

No "Copy" Of The "Rejection Notice" Is "Enclosed" Herewith
Because The Sham ADX Echo Unit Team Member Who This Complaint
Is About (& Who Answered The BP-228 "Complaint" About Himself)
(Madison) Refused To Provide Me With A Copy To Enclose Even
Though I Formally So Requested In Writing.

Sorry.

/s/ 8/16/06                              /s/ RS/ BH

WDC / DISTRICT OF Columbia

Cosmero V Lappin, Et Al.

PETR'S EXHIBIT  Z - Z

**Administrative Remedy No. 421042-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
in which <u>you request staff provide you with sixteen Informal
Resolution Forms</u>.

Our review reveals the Warden and Regional Director adequately
responded to the issues you raised in your appeal.  P.S. 1330.13,
*Administrative Remedy Program*, stipulates that an inmate shall
first present an issue of concern informally to staff, and staff
attempt to informally resolve the issue before an inmate submits
a Request for Administrative Remedy.  Staff will continue to
provide you with Informal Resolution forms in accordance with
policy.  This ensures that comprehensive attention is given to
the issues raised at the time you raise them.  As noted in your
response from the Warden, this practice is not intended to limit
your access to the Administrative Remedy Program, but to ensure
that a thorough investigation is conducted in a timely manner.

We therefore concur with the responses provided.  Accordingly,
your appeal is denied.

LIE

SEE
MY
AD REM
RECORDS

November 29, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals

( AVERAGE OF 7.5 DAYS PER BP-8  [NOT 3 WORKING DAYS]  OVER TWICE

AS LONG — FOR YEARS )( SOME BP-8'S TAKING 20-30 DAYS EACH )( WHILE
?

REFUSING TO PROVIDE ANOTHER BP-8 FORM !)



Rev. 4/06

DEFENDANT'S COPY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Civil Action No. _____
(To be supplied by the court)

BOB ALLEN CUSTARD _____, Plaintiff,

v.

HARLEY G. LAPPIN _____,

HARRELL WATTS _____,    W. HAYGOOD _____,

MICHAEL K. NALLEY _____,    R. WILEY _____,

K. REAR _____,    M. MONTGOMERY _____,

MARK COLLINS _____,    MR. `DOLLY´ MADISON _____,

M. CRUZ _____,    BENJAMIN BRIESCHKE _____,

J. SHARTLE _____,    CHRISTOPHER B. SYNSVOLL _____;

UNITED STATES _____, Defendant(s).

(List each named defendant on a separate line.)

_____

**PRISONER COMPLAINT**

_____

## JURISDICTION

I assert jurisdiction over my civil rights claim(s) pursuant to: *U.S Constitution's 1st, 5th & 8th, 21st Amendments;*

28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners) *;*

I assert jurisdiction pursuant to the following additional or alternative statutes (if any): *Administrative Procedures Act (5 USC at 554-706); 28 USC 1346; 28 USC 2671-2680; 28 USC 1332.* JURY TRIAL IS DEMANDED.

### I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

*Pltf Avers That He Does Not Have Three Strikes, Nor Is He Otherwise Barred From Bringing Action By Plra Or 42 USC 1997 et seq.*

### II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    ~~Yes ( )~~    No (✓)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (✓)    ~~No ( )~~

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs: *Bob A. Custard*

Defendants: *David Essig, Et Al.,*

2.    Court (If federal court, please name the district; if state court name the county.) *USDC / M.D. PA.*

3.    Docket number: *96-CV-1835*

4.    Name of judge to whom case was assigned: *James McClure*

USDC/D.C. Court Civil Action

## II. PREVIOUS LAWSUITS (CON'T)

1. Bob A. Custard, Def. Craig Robinson, Et Al., 2. USDC/N.D. GA., 3. # 99-CV-3285,
4. Charles A. Moye, Jr., J., 5. Pending Trial, 6. 1999, 7. Active.,

1. Bob A. Custard, Def., James Cutcuvin Def., 2. USDC/S.D. IL., 3. # 04-CV-538.,
4. G.P. Murphy, J., 5. Pending, ~~~~~~~~ 6. 2005., 7. Active.,

1. Bob A. Custard, Plt. V. Russell Rau Et Al., 2. USDC/S.D. IL., 3. # 04-CV-80.,
4. W.D. Stiel, J., 5. Pending, 6. 2004, ~~~~~~~~ 7. Active.,

1. Bob A. Custard, Plt. V. Gleana Custard, 2. USDC/W.D. OK. 3. # UNK.
4. UNK. J., 5. Settled In Favor Of Plt., 6. 1995, ~~~~~~~ 7. 1996.,

1. Bob A. Custard Plt., V. P.C. Gertien, 2. USDC/W.D. Mo. 3. # UNK.,
4. R.E. Dorr, J., 5. Dismissed In Favor Of Defendant, ~~~~~~~~ 6. 2005, 7. 2005.

1. Bob A. Custard V. Kennedy Astruck Et Al., 2. USDC/W.D. Te., 3. # Unk., 4. Unk. J.,
5. Dismissed In Favor Of Defendant ~~~~~~~~, 6. 2001, 7. 2002.,

1. Bob A. Custard V. Clifford Young, Et Al., 2. USDC/D. Colorado, 3. # 06-CV-1114.,
4. Zita Weinshienk, J., 5. Currently Being Served., 6. 2006., 7. Active.,

1. Bob A. Custard V. Chuck Turner, Et Al., 2. USDC/D. Colorado, 3. # 06-CV-1036,
4. Wiley Y. Daniel, J., 5. Currently Being Served., 6. ~~~~~ 2006. 7. Active.

*USATHE / B.C.   CUSTARD   "IL ACTION*

AS TO SECTION "II"
IT SHOULD BE NOTED
THAT I AM ALLOWED
ONLY 3 CU. FT. OF
SPACE FOR LEGAL
DOCUMENTS — I DO
NOT HAVE ALL PREVIOUS
LAWSUIT RECORDS; I
WILL LIST WHAT
I CAN.

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _SETTLED IN FAVOR OF PLTF._

6. Approximate date of filing lawsuit: _1996._

7. Approximate date of disposition: _MAY 28, 1998._

HOWEVER IT SHOULD ALSO BE NOTED THAT I DO NOT HAVE THREE STRIKES IN A DOZEN OR SO PREVIOUS LAWSUIT FILINGS. THANK YOU.

**III.   PLACE OF CONFINEMENT**

FEDERAL BUREAU OF PRISONS FLORENCE ADX, 5880 HWY 67., SOUTH, FLORENCE, COLORADO 81226

A.   Is there a prisoner grievance procedure in this institution? Yes ( ✓ )   ~~No ( )~~
If your answer is Yes, go to Question III B. If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes ( ✓ )   ~~No ( )~~

C.   If your answer is Yes to Question III B:

1.   To whom and when did you complain? _DOZENS OF BOP PRISON OFFICIALS INCLUDING EACH & EVERY DEFENDANT NAMED IN THIS CIVIL ACTION._

2.   Did you complain in writing? (Furnish copy of the complaint you made, if you have one.) Yes ( ✓ )   ~~No ( )~~ NUMEROUS ADMINISTRATIVE REMEDIES ARE INCORPORATED HEREIN AS PLTF'S EXHIBITS" — EXHUSTION, IN THIS CIRCUIT, IS AN AFFIRMATIVE DEFENSE AND OR AVAILABLE VIA DISCOVERY.

3.   What, if any, response did you receive? (Furnish copy of response, if in writing.) RESPONSES RECEIVED WERE GENERALLY DISRESPECTFUL, INANE, AND TECHNICALLY AND LEGALLY NON-RESPONSIVE; SEE ALSO #"2." ABOVE. — MANY OF MY BOP ADMINISTRATIVE REMEDIES WERE REFUSED BY STAFF TO BE RECEIVED AND "LOST" (THROWN AWAY) BY ADX-BOP STAFF.

4.   What happened as a result of your complaint? UNLAWFUL RETALIATION AGAINST A U.S. PRISONER FOR THE LAWFUL ASSERTION OF MY CONSTITUTIONAL RIGHTS; CIVIL CONSPIRACY TO VIOLATE MY CONSTITUTIONAL RIGHTS.

D.   If your answer is No to Question III B, explain why not. ON MANY OCCASIONS BOP-ADX STAFF, AFTER REFUSING TO PROVIDE ANY RECEIPT FOR A PROPERLY & DULY FILED ADMINISTRATIVE REMEDY FORM WOULD 'ACCIDENTALLY LOSE' THEM OR JUST THROW THEM AWAY TO AVOID HAVING TO RESPOND IN WRITING.

E.   If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( )   No ( )   N/A

F.   If your answer is Yes to Question III E;   N/A

1.   To whom and when did you complain? N/A

2.  Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes ( )    No ( )    *N/A*

3.  What, if any response did you receive? (Furnish copy of response, if in writing.)
    *N/A*

4.  What happened as a result of your complaint? *N/A*

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff: *Bob Allen Custard    Reg. No. 02728031*
      Address: *5880 Hwy 67, South, P.O. Box # 8500, Florence, Colorado 81226*

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B. (1)   Defendant: *Harley G. Lappin, Director Federal Bureau Of Prisons, BOP H.Q.,*
         Address: *320 First St., N.W., Washington, D.C. 20534*

(2)   Defendant: *Harrell Watts, Central Office Administrative Remedies-Ordinator, BOP H.Q.,*
      Address: *320 First St., N.W., Wash., D.C. 20534*

(3)   Defendant: *Michael K. Nalley, N.C. BOP Regional Director, BOP*
      Address: *400 State St., Gateway Tower II, 8th Floor Kansas City, Kansas    66101*

(4)   Defendant: *K. Rear, ADX Administrative Remedy Co-Ordinator, BOP*
      Address: *5880 Hwy 67, South, Florence, Colorado    81226.*

—4—

USDC / D.C.   Custorial Civil Action

**IV PARTIES (Con't)**

(5) R. WILEY, CEO (WARDEN) @ ADX,
    BOP
    5880 HWY 67, SOUTH, FLORENCE, COLORADO    81226;

(6) W. MONTGOMERY, (FORMER) ADX ADMINISTRATIVE REMEDY CO-ORDINATOR,
    BOP 5880 HWY 67, SOUTH, FLORENCE COLORADO    81226;

(7) W. HAYGOOD, ADX 'COUNSELOR',
    BOP 5880 HWY 67, SOUTH, FLORENCE, COLORADO    81226;

(8) MR. 'DOLLY' MADISON, ADX 'COUNSELOR'
    BOP 5880 HWY 67, SOUTH, FLORENCE, COLORADO    81226;

(9) M. CRUZ, ASSOCIATE WARDEN (OPS) ADX,
    BOP 5880 HWY 67, SOUTH, FLORENCE, COLORADO  81226;

(10) BENJAMIN    BRIESCHKE, PRISON ATTORNEY (INST. ADX)
    BOP 5880 HWY 67, SOUTH, FLORENCE, COLORADO 81226;

(11) J. SHARTLE, ASSOCIATE WARDEN (P) ADX
    BOP 5880 HWY 67, SOUTH, FLORENCE, COLORADO 81226;

(12) CHRISTOPHER B. SYNSVOLL, PRISON ATTORNEY (FLORENCE PRISON COMPLEX),
    BOP 5880 HWY 67, SOUTH, FLORENCE, COLORADO  81226.
13) MARK COLLINS, FLORENCE ADX UNIT MANAGER, 5880 HWY 67 SOUTH, FLORENCE COLORADO 81226
14) W. HAYGOOD, FLORENCE ADX, 'COUNSELOR', 5880 HWY 67 SOUTH, FLORENCE, COLORADO 81226
    ——— ALL DEFENDANTS ARE SUED IN INDIVIDUAL & PERSONAL CAPACITIES ———


——— ALL ADDRESSES PROVIDED FOR DEFENDANTS ARE BUSINESS   ADDRESSES ———
(15) UNITED STATES.


— 4(a) —

V.    STATEMENT OF CLAIM

State here briefly as possible the facts of your case.  Describe how each defendant is involved.
Include the names of other persons involved, dates, and places.  If you intend to allege a number
of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets, if
necessary. PLTF. RESPECTFULLY PRESENTS THREE (3) CLOSELY RELATED STATEMENTS OF CLAIMS

INVOLVING VIOLATIONS OF THE U.S. CONSTITUTIONS, FIRST, FIFTH, AND EIGHTH AMENDMENTS BY THE MALICIOUS

AND UNLAWFUL MACHINATIONS OF BUREAU OF PRISONS ADMINISTRATIVE REMEDY PROCEDURES. SAID STATEMENTS

OF CLAIMS ARE SPECIFICALLY DELINEATED AND DULY SET FORTH INDIVIDUALLY (IN THE SEVERAL PAGE "5" EXTRA

SHEET ATTACHMENTS) DUE TO THE (a) DIFFERENT SETS OF FACTS & CIRCUMSTANCES GIVING RISE TO EACH

SEPARATE CLAIM, AND (b) THE DIFFERENT STANDARDS OF PROOFS, EVIDENCES OF LIABILITIES (EG: FOR STRIPPING OF QUALIFIED

IMMUNITIES, ETC.) AND PLEADING REQUIREMENTS INHERENT TO EACH ALBEIT INDIVIDUAL, CLOSELY RELATED STATEMENTS OF CLAIMS.

VI.    RELIEF

State briefly exactly what you want the Court to do for you. (PLEASE SEE ALSO ATTACHED SHEETS ENTITLED / HEADED "RELIEF REQUESTED."

PLTF. RESPECTFULLY AND SPECIFICALLY MOVES FOR THE FOLLOWING INJUNCTIVE RELIEF:

1) THAT COURT TEMPORARY RESTRAINING ORDER ISSUE — UNTIL THE TRIAL COURT CAN HEAR EVIDENCE AND

ARGUMENTS ON THE SUBJECT MATTER OF THIS CONTROVERSY AND DETERMINE WHAT RELIEF IS APPROPRIATE AND TO

PROVIDE FOR A STATUS QUO PENDING HEARING ON APPLICATION FOR INJUNCTION — EFFECTING THE DIRECTOR

OF THE BUREAU OF PRISONS GENERALLY — AND THE ADX WARDEN SPECIFICALLY — TO FORTHWITH DEVELOP W/ IN ALL

DELIBERATE SPEED BOP ADMINISTRATIVE REMEDY POLICY & PROCEDURES THAT WILL, AT A MINIMUM, PROVIDE W/. PRISONERS

WITH A VALID RECEIPT FOR HIS DULY PRESENTED ADMINISTRATIVE REMEDIES AND DULY POSTED ADMINISTRATIVE APPEALS.

Signed this 26ᵗʰ day of December , 2006 .

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

12 / 26 / 06
_____
(Date)

_____
(Signature of Plaintiff)

Civil Action    USDC / D.C.  Custard v Lappin

VI. Relief Requested (Con't)  To Wit: That When An Inmate Gives Hand-To-Hand A Completed BOP Administrative Remedy To A BOP Prison Official That The BOP Prison Official Provide That Inmate With A Receipt Clearly Showing The (a) Administrative Remedy Identification Number, (b) The Correct Date, And (c) Signed By To Whom This Lawfully Presented, —— So That No Malicious Chicanery Can Thereafter Be Employed By Any BOP Administrative Remedy Co-Ordinator, Or Any Other BOP Official / Personnel To Illegitimately Stymie Or Thwart Unlawfully The PLRA & Woodford "Proper Exhaustion" Of Administrative Remedies By False, Malicious Or Retaliatory Or Constitutionally Violative, Or Arbitrary & Capricious, Or By Unlawful Civil Or Criminal Conspiracy  Any U.S. Prisoner's Generally — And Pltf's Specifically Meritorious Grievances & Complaints.

⟶ Judicial Notice Is Respectfully Requested That The BOP Ad. Rem. Forms (See: Attached) BP-229 (BP-9's), BP-230 (BP-10's); And BP-231 (BP-11's) D-O A-L-R-E-A-D-Y H-A-V-E Such Receipts "Dotted Line Attached Right To The Bottoms Of Them N-O-W! —— (But BOP Staff, Out Of Laziness, One - And Intentionally As Illegal Means To Falsely "Procedurally Default" Meritorious Complaints & Grievances R-E-F-U-S-E To Now Issue Their Own Receipts On The Bottom Of Their Own Forms!?→)  Thus Said Requested "Temporary Restraining Order" And "Injunction" Could Be Accomplished And Done As Easily & Efficaciously As Ordering The Director Of The BOP, And ADX Warden, To Merely Require Their Own Staff To Simply Utilize Those Plain Receipts That Are A-L-R-E-A-D-Y Present On The Bottom Of Their Own BOP Administrative Remedy Forms T-O Stop The Now On-Going Maliciously Chicanery & Illegal BOP Staff Conduct.

Judicial Notice Of The Facts In The Above Paragraph Is Respectfully & Specifically Requested. —5(a)— (RR)——

Injunctive Relief Requested (Con't)    Civil Action UDDC/D.C. C... and V Lappin

Finally, Said T.R.O. & Injunctive Relief Respectfully Moves For Must "Require" BOP Prison Official Handlers Of U.S. Prisoner Administrative Remedy Appeals To Provide Duly Like Receipts For Ad. Rem. Appeals When Given To Them For Posting ← As Is "Required", I.E: ADX Prisoners Have No 'Legal Mail Box' (Or Any Type Of Mail Box) And MUST "Give To Your Unit Team Member Any Administrative Remedy Appeal For Mailing" IF - And When - He Ever 'Gets Around To It' — SEE Inter Alia Pltf's Bogusly "Rejected As Untimely" BOP Ad Rem Appeals - Out Of His Hands For Weeks! And Unmailed By Unit Team See Also Pltf's Exhibit Of Defendant Wiley Crowing = " No Legal Mail Log At ADX... Nor Is Any Legal Mail Log At ADX "Required"."

## Ad Damnum

Pltf. Respectfully Moves For Monetary Damages, Including But Not Limited To Actual, Civil, Compensatory, Continuing, Criminal, Exemplary, Punitive, Future, General, Incidental, Irreparable, Necessary, Nominal, Pecuniary, Prospective, Special, Statutory, Substantial, And Treble Damages As To Each Defendant As Follows In Individual & Personal Capacities:

Harley G. Lappin #60,000.00; Harrell Watts #55,000.00 = #110,000.00
Michael K. Nalley #60,000.00; R Wiley #55,000.00 = 110,000.00
Defendant K. Rear #80,000.00; W. Montgomery #80,000.00 = 160,000.00
Defendant C.B. Sinwell #80,000.00; Benshaun Briery vice #80,000.00 = 160,000.00
Defendant R. 'Dolly' Manion #45,000.00; W. Haygood #45,000.00 = 90,000.00
M. Cenz #75,000.00; J. Shartle #70,000.00 = 145,000.00
Defendant United States (In Case Of Finding Of Mere Negligence, Or In Case Of Institution Of Parties, Or Suing In Official Capacity Equals Suing US Etc.) 180,000.00

Total Sum Certain    #955,000.00

—5(b)—RR—

Civil Action USDC/D.C. Custard Lappin

# V. Statement[s] Of Claim[s] (Con't)   [Introduction]

There Is A Certain Set Category Of Facts Which Intrinsically Apply

And That Plainly Denote And That Clearly Give Rise To Valid Inferences

Relevant To Each Separate Statement Of Claim.

To Reasonably Familiarize Reviewers Hereof With That Certain Set Of

Facts, To Prevent Redundancy, And For Ease Of Analysis Pltf. Provides,

As Indicia, A Brief Synopsis Thereof — Including Verifiable Explanations

Of That Set Category Of Facts Inherent To Each Statement Of Claims To Follow.

To Wit: The Federal Bureau Of Prisons "Administrative Remedy 'Program'"

[Approgram] Is Controlled For Administration By Numerous Codes Of Federal

Regulations; Federal Agency Policy Statements; And Federal Agency

Institutional Supplements. — Moreover, The Bureau Of Prisons Administrative Remedy

"Program" Is [Incredibly] Incorporated In An Act Of Congress; And Additionally,

At Least Peripherally Referred To By The U.S.S.Ct. Recently In Woodford Et Al. Vs. Ngo, ____ U.S. ____,

____ L. Ed. 2d ____.        —5(2)—

<u>Civil Action USDC/D.C Custard v. Lappin</u>

1) The Code Of Federal Regulations (CFR's) Are Published By The Office Of The Federal Register National Archives And Records Administration — As A Special Edition Of The Federal Register. Certain Parts Of CFR Title 28, Entitled "Judicial Administration" Contains A Codification Of Documents Of Future And Of General Applicability To The Federal Bureau Of Prisons (BOP). — In Short, The Code Of Federal Regulations Is The Statutory Codifications Of The General And Permanent Rules Published In The Federal Register By The Executive Departments And Agencies Of The Federal Government. (Of Which The BOP Is One).

   <u>Title 28 CFR, Chapter V</u>, § 500.1 — 572.40 Regulates The BOP Generally — And — § 542.1 — 542.19 Regulates, By Statutory Codification, The BOP Administrative Remedy Program Specifically. (See: 28 CFR Part 43 to End.) <u>28 CFR 542.11 (a)(1)(2) Responsibility</u>"

<u>Is Plain & Clear In Authorizing & Charging Defendant Wiley</u>:
   "[Warden] <u>SHALL</u> (1) Establish Procedures For Receiving Administrative Remedies...
   (2) <u>Acknowledge Receipt</u> Of An Administrative Remedy Request By Returning <u>A Receipt To The BOP Inmate</u>."
                              — 5(b) —

Civil Action USDC/D.C. Custard v. Lappin

28 CFR 542.13 "Informal Resolution." States In Pertinent Part:

BP-228
OR
'BP-8'
(White)
{ "(a) ... An Inmate SHALL First Present An Issue Of Concern To Staff, And Staff SHALL Attempt To Informly Resolve The Issue Before An Inmate Is Allowed To Submit A Request For Administrative Remedy. Each Warden SHALL Establish Procedures For The Informal Resolution Of Inmate Complaints. [Emp. Added] "

28 CFR 542.14 "Initial Filing Of Administrative Remedies" States In Pertinent Part:

BP-229
OR
'BP-9'
(Blue)
{ "(a) Submission. The DEADLINE For The COMPLETION Of Informal Resolution — And — Submission Of A Formal, Written, Administrative Remedy Request (BP-9) Is 20 Calendar Days Following The Date On Which The Basis For The Request Occurred. [Emp. Added] "

28 CFR 542.15 "Appeals Of BOP Administrative Remedies" States In Pertinent Part:

BP-230
OR
'BP-10'
(Yellow)
{ "(a) Submission Of Appeals. An Inmate Who Is Unsatisfied By The Warden's Response May Submit An Appeal On The Appropriate Form (BP-10) To The Appropriate Regional Director Within 20 Calendar Days Of The Date The Warden Signed The Response (To The BP-9).

BP-231
OR
'BP-11'
(Pink)
{ An Inmate Who Is Unsatisfied By The Regional Director's Response May Submit An Appeal On The Appropriate Form (BP-11) To The BOP General Counsel Within 30 Calendar Days..."

——— VERY Importantly, Reviewers Hereof Are Respectfully Requested To NOTICE That The ONLY Way A BOP U.S. Citizen/Prisoner, Like Pltf, Can Obtain A-ny Of These "Required Forms" Is FROM A BOP Prison Official, (Who Routinely 'Slowplay' & Refuse To Provide Them At All To Maliciously Procedurally Default).

—5(c)—

Civil Action USDC/D.C.  Clustard v Lappin

2) FEDERAL AGENCY POLICY STATEMENTS: The Bureau Of Prisons Federal Agency Policy Statements Relevant To BOP Administrative Remedy Program Is Contained In BOP Policy Statement 1330.13G — And Is, Basically, Just Alot Of Blather Repeating CFR's To Favor BOP Ad. Rem Ops., — More Importantly Are The Institutional Supplements, (I Have Nonetheless Provided A Copy Of BOP P.S. 1330.13G As A Plff Exhibit);

3) FEDERAL AGENCY POLICY STATEMENT INSTITUTIONAL SUPPLEMENT: The BOP Institutional Supplement (I.S.) Relevant To BOP Administrative Remedy Program Is Contained In ADX I.S. 1330.13G — Of Specific Import Relevant To These Statements Of Claims Is ADX Institutional Supplement 1330.13G (5)(B) & (C). (NOTE: Defendants Wiley & Rear Are Responsible For 'Promulgating' ADX Institutional Supplements).

ADX Institutional Supplement 1330.13G (5)(B) [Decoratively States]: Unit Counselors Are Responsible For Issuing The Informal Resolution Form (See Plff's BP-8 Exhibits) Upon Inmates Request. 'Ordinarily', Only One Informal Resolution Form Will Be Issued At A Time. This Is Not 'Meant To' [But Is Known 'To'] Impede An Inmate's Access To The Formal Review Of An Issue... [But Obviously Does And Did Imply Its Statements Of Claims]. " Emp. Added.

Judicial Notice Is Requested That Every Reputable Dictionary Defines 'Ordinarily' As: "More Often Than Not."

ADX Institutional Supplement 1330.13G (5)(C) Decoratively States: 'Ordinarily', The 'Counselor' Will Complete The Attempt At Informal Resolution Within 3 Days (Excluding Weekends)." Not Done In Plff's Informal Resolution Attempts At ADX Except Less Than 10% Of The Time. And Again 'Ordinarily', By Definition Must Mean: "More Often Than Not."

—5(d)—

Civil Action USDC/D.C. Custard v Lappin

4) THE ACT OF CONGRESS, PRISON LITIGATION REFORM ACT (PLRA).

**[left margin note:]** U.S. CONGRESS "INVITING" PRISON PERSONNEL TO VIOLATE RULES, REGULATIONS, POLICY, AND THE CONSTITUTION TO "CREATE" SO-CALLED "PROCEDURAL DEFAULT" BY U.S. PRISONER COMPLAINTS & GRIEVANCE(S) BY UNLAWFUL PRISON PERSONNEL CONDUCT.

THE UNITED STATES CONGRESS ENACTED THE PLRA (OF 1995) 110 STAT. 1321-71, AS AMENDED, 42 USC 1997 e ET SEQ., IN 1996 IN RESPONSE TO (A WELL-PERCEIVED) RISE OF _UNMERITORIOUS_ PRISONER LITIGATION IN THE FEDERAL COURTS. THE PLRA CONTAINS A VARIETY OF PROVISIONS DESIGNED TO BRING _UNMERITORIOUS_ LITIGATION UNDER CONTROL. E.G.: 42 USC 1997 e (c) ( REQUIRING FEDERAL DISTRICT COURTS) TO WEED OUT PRISONER COMPLAINTS "THAT CLEARLY LACK MERIT", IE: _UNMERITORIOUS_. FURTHER 42 USC 1997 e (e) PROHIBITS CLAIMS FOR ANY EMOTIONAL SUFFERING WITHOUT FIRST SHOWING A PHYSICAL INJURY. STILL FURTHER, TO FINANCIALLY BLOCK PRISONERS FROM BRINGING SUIT 42 USC 1997 e (d) RESTRICTS ANY & ALL PRISONER'S ATTORNEY'S FEES.

ONE CAN EASILY & CORRECTLY SAY THAT THE 'CENTERPIECE' OF THE PLRA'S EFFORT TO REDUCE _UNMERITORIOUS_ PRISONER'S SUITS IS A MASSIVELY CONTRIVED (AND MORE OFTEN THAN NOT IE: "ORDINARILY" _KNOWN_ TO BE 'FUTILE') EXHAUSTION OF ADMINISTRATIVE REMEDIES. _SEE_: INTER ALIA, PORTER v NUSSLE, 534 U.S. 516, 524 (2002). INDEED, "EXHAUSTION OF ADMINISTRATIVE REMEDIES IS NO LONGER LEFT TO THE DISCRETION OF THE DISTRICT COURT, BUT IS MANDATORY." _BOOTH v. CHURNER_, 532 U.S. 731, 739 (2001). AND "PRISONER MUST EXHAUST ALL "AVAILABLE" REMEDIES EVEN WHERE THE RELIEF SOUGHT, E.G.: MONETARY DAMAGES, — CANNOT EVEN _BE_ GRANTED BY THE ADMINISTRATIVE REMEDY PROCESS." _BOOTH, id._ @ 734.

IN SHORT, THE PLRA, ON THE PRETEXT OF CONTROLLING "UNMERITORIOUS" PRISONER COMPLAINTS IS NOW _WILDLY EXPANDED_ & WILDLY EXPANDED, EG: _STEELE_, 355 F.3d 1204 AND _ROSS_, 365 F.3d 1181. , 10TH CIR. DISTRICT'S 'RECHARACTERIZING' EXHAUSTION OF ADMINISTRATIVE REMEDIES AS "JURISDICTIONAL" INSTEAD OF AFFIRMATIVE DEFENSE — AND — DISMISSING ALL CLAIMS SIMPLY BECAUSE ONE CLAIM IS NOT EXHAUSTED!

NOTE: BOP PRISON OFFICIALS KNOWS THIS OF THE PLRA & SUPREMACY HOLDINGS AND INTENTIONALLY AND MALICIOUSLY WITHOUT BOP ADMINISTRATIVE REMEDY FORM(S) & DO NOT RECEIPT AND MAIL TOO LATE TO UNLAWFULLY OBTAIN BOGUS REJECTIONS AND THWART MERITORIOUS PRISONER COMPLAINTS (LIKE PLTF'S -) — 5 (e) — ( NOT JUST (AN) MERITORIOUS ONES).

Civil Action USDC/D.C. Custard v Lappin

5) Woodford Et Al. V. Ngo. And, Of Course, Now Comes Former U.S. Attorney And Newest Supreme Justice Alito — To Sit Just In Time To Write The "Supremely Convoluted" Decision In Woodford, 548 U.S. ___, led 2d ___ To Further Dubiously Embolden Already Out-Of-Control BOP "Unit Teams" To "Procedurally Default" U.S. Prisoners, PLRA Mandated, Administrative Remedy Exhaustions By (a) Withholding The Necessary Forms (See Pltf's Exhibits) (b) Refusing To Receipt & Verify U.S. Prisoners Administrative Remedies, And (c) "Slowplay" / Withhold Mailing Of U.S. Prisoners Administrative Remedies — ALL To Intentionally, Maliciously, And Illegally Thwart Meritorious Complaints (— Which This & All Pltf's Complaints Regrettably Are) By So-Called "Procedural Default Of Bureau Of Prisons Administrative Remedy Exhaustion" Please See "Pltf's Exhibits" And Pltf's "Statement[s] Of Claim[s]" I — III"

"Encouraging Prison Officials To Violate Rules, Regulations, And Policy To "Create" "Procedural Defaults" By Illegal Conduct.

It Is However The Lengthy And Well-Reasoned DISSENT In Woodford That Is Perhaps Most Telling:

"The Majority Holding Is Egregiously Misapprehended... The Court May Not, As A Matter Of Federal Common Law, Apply An Extrastatutory Waiver Requirement... (id., @ Page 20) The Procedural Default Sanction Created By This Court Now, Unlike The Exhaustion Requirement Created By Congress, Bars Litigation 'At Random', Irrespective Of Whether A Claim IS Meritorious Or Is Frivolous... The Constitution Guarantees That A Prisoner, Like All Citizens, Have A "Reasonably Adequate" Opportunity To Raise Constitutional Claims Before Impartial Judges [Not Judges Turned Litigation Gatekeepers]. (id., @ Page 15 & 20)... Depending On The Answer To Questions Like These, The Majority's Interpretation Of The PLRA Will Cause The Statute And The Majority's Holding To Be Vulnerable To Constitutional Challenges." —(Stevens, J., Dissenting id. @ 20.)

—5 (f)

USDC/D.C. Civil Acti    Custard V Lappin, Et Al,

# V.

## Statements Of Claims

Statement Of Claim 1: Civil Conspiracy To Illegally Deprive U.S. Prisoners Of Adequate Access To The Bureau Of Prisons Administrative Remedy Program By Illegally Denying To Duly & Timely Provide Adequate Amounts Of Bureau Of Prisons Administrative Remedy Forms: In Violation Of The U.S. Constitution's 1st, 5th, & 8th Amendments And Fatally Delaying Legal Mailings To Like Cause "Procedural Default";

Statement Of Claim 2: Unlawful Retaliation Against A U.S. Prisoner For His Lawful Assertion Of 1st Amendment Rights.

## Facts & Circumstances Giving Rise

Bureau Of Prisons Staff That Are Responsible For The Handling & Overseeing Of The Bureau Of Prisons (BOP) Administrative Remedy Program (ARP) Are Generally [All Over The Country By BOP Attorneys] And For Purposes Of This Statement Of Claim & Complaint, At Florence, Colorado ADX Specifically, Being Taught To, And Being Encouraged To Intentionally, Maliciously And Unconstitutionally Violate BOP Policies And Statutory Codes Of Federal Regulations (CFR's) That Pertain To BOP Staff Administrative Remedies (Ad.Rems.) Response Time Deadlines: For The Known Illegal Purposes Of Intentionally, Maliciously, And Unconscionably And Illicitly Cause "Procedural Default" Non-Compliance With The Prison Litigation Reform Act (PLRA) Generally, And Currently Specifically Post Woodford V. Ngo, 548 U.S. ___ , LEDB, ('Woodford') To Knowingly Illegally And Unconstitutionally Thwart The Filing Of Meritorious Prison Grievances And Meritorious Prisoner Complaints.

BOP & ADX Unit Team Staff Are Gleefully Violating BOP Policy Statement (P.S.) 1330.13G And ADX Institutional Statement (I.S.) 1330.13G (5),(B),(C) Under The Tacit & Explicit Auspices Of BOP ARP Administrators, BOP Wardens, BOP Associate Wardens, BOP Administrative Co-Ordinators & BOP National And On-Site Attorneys. To Falsely "Procedurally Default" —— 5 (9)——

USDC (D.C. Civil, on Custers v Lappin et al. / Statement Of Claim 1 (Con't)

Reviewer(s) Hereof Are Respectfully Requested To Understand That, To Begin With, The O-N-L-Y Possible Way TO File An Administrative Remedy In The BOP Is By First Obtaining "The Appropriate Form" (28CFR542.14(a)) From A BOP "Unit Team Member" (Usually A "Correctional Counselor" Although Any Member Of A BOP Unit Team "Can" Issue "The Appropriate Form").

Once You Obtain "The Appropriate Form" (BP-9) You "Must First File The Informal Remedy Resolution Form" (BP-8) All "Within 20 Calendar Days" 28 CFR 542.14 (a) — If You "Dare" Try To Complain About "More Than One [Narrow] Issue" It Will Be Rejected" Because "You Raise More Than One Issue" On "The Appropriate Form" (BOP Administrative Remedy Program Staff Are Very Good At Enforcing Ad. Rem Rules Against You — But Flat Out Refuse To Enforce The Ad. Rem. Rules That Apply To Themselves, PERIOD), — So You "Raise One Issue" On The Appropriate Form" Or You Are "Rejected" And You Must Begin All Over! Attempting To Obtain "The Appropriate Form" Again.

Thus, Even Under The "Best Of" Circumstances Of The Arbitrarily & Capriciously Contrived By The Warden At ADX (Defendant Wiley) "Rules (ADX I.S. 1330.13G(5)(B)&(C))" "One Appropriate Form At A Time" And "Ordinarily Within 3 Days Excluding Weekends & Holidays" You Are Not Likely To Be Able To File An Adequate Amount Of BOP Administrative Remedies To Protect Your Right To Bring Civil Action For Unconstitutional Deprivations, And BOP Staff Criminal Conduct.

EG: To The "Uninitiated" This Example Might Appear Humorous — But ADX Is Not Only The "Worst Of The Worst" It Is All, Naturally, The "Worst Of Worst BOP Staff" (For Instance One Of The Defendants (T. Manspeaker) Was Demoted From Captain (Acting) / Ranking BOP Lieutenant For For "4-Pointing" (Chaining Down On A Concrete Slab A Person And Handcuffing Both His Wrists & Ankles To That Concrete Slab) — Then Cutting His Clothes Off, In Winter-Time, Opening The Outside Windows And Pouring Cold Ice Water Over That Pointed Person, — 5(h) — BOP "Just "Sent" Manspeaker To ADX.) (For The Rest Of His "Career" — And He's Been Here For Alot Of Years. "Worst Of The Worst" Staff.)

CIVIL ACTION   U.S. I.D.C.   CUSTALO V. LAPPIN, ET AL.   STATEMENT OF CLAIM 184 (CONT)

28CFR542.14(a) "20 CALENDAR DAY" RULE IS BEING MALICIOUSLY PRELIMINARILY DEFAULTED BY BOP AD. REM. HANDLING STAFF.   BECAUSE EVEN THOUGH ADX I.S. 1330.13G(5)(C) STATES:   "[BP-8.5.] "ORDINARILY" WILL BE RESPONDED TO WITHIN 3-DAYS" (EXCLUDING WEEKENDS & HOLIDAYS)

MY UNIT TEAM AND DEFENDANTS W. HAYWOOD AND MADISON HAVE RESPONDED "WITHIN 3 DAYS" TO LESS THAN 10% OF ALL MY BP8 INFORMALS.

THIS HAS BEEN DONE UNDER THE EXPLICIT APPROVAL OF DEFENDANTS MONTGOMERY, AND REAR AND DEFENDANTS WILEY, NALLEY, WATTS AND LAPPIN AND CRUZ/SEARCLE, UPON THE 'ADVICE' OF DEFENDANTS (BOP ATTORNEYS) BRIESCHKE & SEINSVOLL.  SEE: PLTF AD. REM. EXHIBITS & PLTF'S EXHIBITS.

WHEN PERSONAL DEFENDANTS HAYWOOD (& DEFENDANT MADISON) THAT "ORDINARILY" CAN ONLY BE DEFINED AS: "MOST OF THE TIME" — NOT 'RARELY' — AND THAT SINCE THEIR ROUTINELY VIOLATE ADX I.S. 1330.13G(5)(C) THAT THEY MUST W HAVE A DX I.S. 1330.13G(5)(B) WHICH STATES: " "ORDINARILY" ONLY ONE BP-9 WILL BE ISSUED AT A TIME"

THEY HAVE BOTH TOLD ME VARIOUSLY:

"I DON'T CARE IF I AM 'VIOLATING' YOUR 'CONSTITUTIONAL RIGHTS', THIS IS THE WAY THE WARDEN (DEFENDANT WILEY) AND REAR (WARDEN'S EXECUTIVE ASSISTANT AND ADX ADMINISTRATIVE REMEDY CO-ORDINATOR DEFENDANT K. REAR) 'WANT IT.'"; "OR (SAID BY THE HANDS ON DEFENDANT MONTGOMERY) "YOU FILE TOO MANY 'GRIEVANCES.'"; " YOU FILE TOO MANY LAWSUITS.";

[DEFENDANT] BRIESCHKE AND [DEFENDANT] HAVE TOLD ME TO 'SLOWPLAY' YOUR ADMINISTRATIVE REMEDIES SO THEY WILL GET REJECTED, SO THAT'S WHAT I DO. TAKE IT UP WITH THEM AND THE WARDEN"

"IF YOU 'FILE' ON ME, OR TRY TO MAKE MY JOB HARDER, I WILL JUST 'SLOWPLAY' MAILING IT AND IT WILL GET 'REJECTED' AND THROWN OUT ANYWAY"

→ IT SHOULD BE NOTED THAT THE ONLY WAY A U.S. PRISONER CAN MAIL LEGAL MAIL IS BY GIVING IT TO ADX UNIT TEAM STAFF TO MAIL.

—5(i)—

Civil Action  USDC.  C. Custard V Lappin, et al.

**NOTE** { IE: There Iz No "Legal Mailbox" — Or Any Kind Of Prisoner Mailbox At ADX; Moreover, ADX Prisoners Are In Their Cells 23 Hours A Day And Thus Cannot "Go See" A Unit Team Member Or ADX Staff Member Of Any Kind, And Must Just Wait Until One Comes Around Whenever They Feel Like It" — Furthermore Your Unit Team Member Won't Come Around For Days On End (I Haven't Seen A Unit Team Member In 5 Days As I Write This — And Gave Him A BP-8 2-Weeks Ago Still Unanswered!) — And When I Do See One And Ask For A BP-8 Or BP-9, BP-10 or BP-11 I Am "Ordinarily" Told "You Got One (BP-8) 'Out'" — I Say "So What! You Should Have Answered It By I.S. 1330.13G (5)(c) Weeks Ago" Defendants Hallwood & Mahlon Say "So Sue' Me." (So I Am.)

Plus — Even When You Do! Finally See Evening Ask For Ad.Rem. Forms "More Often Than Not" Defendants Madison & Hallwood Say "I Don't Have Any With Me' Catch Me Next Time" (So It's Another Several Days)

When I Say "Well — Go Get Some (Ad.Rem. Forms)! You Do Know The Way Back To Your Office Don't You?" They Refuse To Go Get The Forms And Come Back With Them The Same Day. ← In The Last 2 Years This Has Happened Dozens Of Times With Both Defendants Madison & Hallwood.

I Have Spoken To Defendants (BOP On-Site Attorneys) Bruscino & Synsvoll About This Many Times In The Last Two Years. Both Have Stated: "Good. The Less Administrative Remedy Forms You Get The Better Off 'We' Are." — When I Complained To Them That In Light Of PLRA (And Now Woodford) They Are Knowingly Committing Gross (Due Process) Fifth (And Other) Amendment Violations By Knowingly Withholding And Counseling Others To Withhold Ad.Rem. Forms From Me Synsvoll Said "I 'Decide What The 'Constitution Means' In ADX" Likewise Laughing Bruscinacke Said "That's The Way The Warden 'And Synsvoll 'Want It'."

— 5 (j) —

Civil Action  USDC / D.C.   Custard v Lappin et al

Everytime - For 2 Years Or More That I Have Complained To Defendants Sharpe & Cruz About Claims 1 & 2 Hereof Sharpe Said "Everytime" Around Here Goes Thru Me And That's "The Way" The Warden And I Want It." When Pressed He Has Also Said "Refusing You Administrative Remedy Forms Is What Berlinger And Sinsvell And Rear 'Advise' To Keep You From Filing 'So Many' Grievances And To Keep You From Filing Lawsuits So That Is What 'We' Do." ( Defendant Sharpe Is Also Warden Of Programs ).

Defendant Cruz Stated: "That's ( Refusing Me Adequate Ad Rem Forms ) What The Warden, The 'Attorneys' Sharpe And Rear And Nalley And Watts All 'Want'; & 'That's' The Way It's Going 'To Be' Custard 'I' Am 'Just' A 'Bureaucrat'." —— In All Fairness I Have To Say That Defendant Cruz Is The Only One Who Is Not Gleefully Malicious About The Fact That I Am Long Systematically And Personally Deprived Of BOP Ad. Rem. Forms —— Nevertheless It Is Clear That She Knows About It And Does Not Intervene To Stop — It Is Also Clear That She Is Very Skilled At 'Bureaucratic' 'CYOA' Tactics.

Defendants Watts & Nalley's Knowledge & Complicity In Denying Me Adequate Amount Of Ad. Rem Forms Are Proven & Clearly Evidenced By Their Numerous Responses Of Ad. Rem. Appeals They Denied Regarding That Or Similar Issues. —Likewise On Receipts, Of Ad Rem: Logs On Ad. Rem Appeals. The Failures To Properly Utilize BOP Ad Rem Forms ( For Receipts By The Perforated Edge Tear Tabs Receipts Already Right On / Attached To BOP Ad Rem Forms, Et.

 As To Defendant Lappin I Have Spoken To Him In Person - Just As I Have Nalley & About This And Told, Respectively : "Oh I Know You! You're 'The One' Who Files 'Too Many' Administrative Remedies And Lawsuits! Well If 'We' Don't 'Give' You The Forms You 'Can't' File Them 'Can' You?" And Nalley Stated The Same Thing Who The #I Know You".

—5(K)—

Civil Action USDC / D.C. Clifford V Lappin et al.

Defendant Warden Wiley Has Never 'Made Rounds' (Walked Down To Unit Ranks To Which I Was Assigned) When I Have Not Raised This Issue Of Deprivation Of ADX Ad. Rems In Violation Of The Constitution, BOP P.S.'s & ADX I.S.'s — Likewise For Defendants Montgomery And Rear.

Between 10/25/05 — 8/16/06 (Including But Not Limited To 10/25/05; 12/20/05; 5/26/06; 6/01/06; 8/11/06) I Spoke Directly To Defendant Wiley About The Unconstitutional Deprivation Of Adequate Ad. Rem Forms; The Pelican Delays In Ad. Rem. Appears To Cause Illegitimate Procedural Defaults.

Likewise Defendants Montgomery & Rear ( ADX Warden Executive Ass'ts & Ad. Rem. Co-Ordinators' — Note: In BOP The Title / Position Of 'Ad. Rem Co-Ordinator' Is Deprived And Given — Just As An Afterthought — To The BOP Warden's Executive Ass't's — Which Is A Full Time Job w/o 'Ad. Rem. Co-Ordinator' Stacked On Top Of It — And They Get Very Distraught When They Have To Devote Any Serious Time To 'Being' An 'Administrative Remedy Program Co-Ordinator' — They Hate Is, I Kid You Not, And It Always Shows) On Dates Between But Not Limited To 11/25/04 — 9/22/06.

Defendant Wiley Stated: " You 'Shouldn't' File So Many Lawsuits And 'We'D 'Treat You 'Differently' Around Here." ; " You 'Piss People Off' By Filing Grievances And Lawsuits So You 'Deserve' It." ; " I Don't Care' About Your `Administrative Remedy 'Constitutional Rights' And Neither Does Synsvoll Or Brieschke — I 'Got' Attorneys."

Defendant Rear — (With Defendant Harwood) On 8/18/06 Refused To Even Look At A BP-8 Harwood Hand Delivered To Me In N-I-N-E, Not "3-Days" Stating: " I Don't Care And Neither Does He" Pointing To Defendant Harwood. And Also At Other Said Times : The Warden (Defendant Wiley) And The Attorneys (Defendants Brieschke & Synsvoll) Have Talked To Nalley And They (Nalley & Wiley & Brieschke & Synsvoll) Have 'Determined' That You 'Need To Be' 'Slowed Down' On Your Grievances

Civil Action USA / D.C. Custard v. Lappin, et al,

And Lawsuits On BOP Staff." — When I Told Her That She Was A Law Enforcement Officer And Sworn To Uphold The Constitution And "When" Any Law Enforcement Officer Witnesses Other Law Enforcement Officers Violating The Constitution And Breaking The Law But Do Nothing To Stop It" They Can Be Held Liable For That Same Unlawful Conduct — Defendant Rena States "You Can't Prove 'Anything' From In Here' (ADX) Custard." —— I Said The Very Same Thing To Every 'ADX Defendant' Herein And Told Everything From "Fuck You", To "Nobody Cares"—To "Tell It To A Judge", "Write A Letter," And "Sue Me"—To "I'm 'Not' A 'Law Enforcement Officer'."—"You Can't 'Prove' Shit."—To "Kiss My Ass" And "Fuck You' And' The Constitution'." Respectively.

When Defendant Cruz Was Acting Warden I Saw Her At ADX 'Special Housing Unit' (SHU) While I Was At Outside Rec / Exercise Period And With Her Were Defendants Brieschke And Sunsvold. I Complained To All Of Them — Yet Again — About Unconstitutional Deprivations Of A.D. Rem. Forms And That They Knew It And Were Causing It To Illicitly Manifestly Procedurally Default Me On Serious Medical Needs; And On ADX Staff Criminal Behavior And ADX Staff Misconduct, And Otherwise — And — That Unit Team Member (defendant) Madison & Haywood Were (Grossly) Delaying My A.D. Rem. Legal Mail (Appeals) And All Said "Prove It, Custard"— And "So What' You' Can't 'Prove It."

I Try Diligently To Keep Chronological Record Of Dates (Of Course) And Times; And Who (What BOP Personnel) I Speak To And About What — But Just Like On The Above Date & Time With Acting Warden & BOP Attorneys Did Then — Everytime They See Out Of My Cell They Run And Grabble Up And Destroy My 'Logs' And Records On Them. — And Never Providing Confirmation Forms Or Any Way For Me Appeal Or 'Prove' It — However, Discovery Processes

—— 5 (M) ——

In This Action Will Reveal And Connect / Tie Together / Corroborate All Of The Factual Circumstances And Occurances Set Forth Above.

Lappin' Is Named As A Defendant Not As Respondant Superior, But As Personal Involvement In The (Criminal And) Civil Conspiracy As Well As Supervisory Liability For Failure To Supervise.


Every Defendant Named In This Action Knows About And Is Maliciously Involved In The Civil Conspiracy To Deprive Me Of The Adequate Amount Of BOP Ad. Rem. Forms For The Illicit Purpose To Procedurally Default Me On Numerous Serious Medical Issues, Serious Prison Conditions Issues, And When Unable To Accomplish That Illegal Goal By Simply Taking Way Too Long ( 200% Or More (Routinely)) To Respond To BP-8's While Denying BP-8's 'Because' They Are Taking Too Long To Answer The One They Have — They Then Procedurally Default Meritorious Claims ( See: Eg's: Rejection, By Defendant Watts, Of Ad Rem # 413 713, After Knowing Defendant Nordale 'Advised' By Attorney Defendants Beckerle & Sundval, (With Defendants Willey, Nalley, & Lappin Approval To 'Slowplay' Delay The Mailing Of # 413 713 At All Appens, Etc. [Just One Of Many Examples] See: Pltf's Exhibits ) By Slowplay Delaying — Known And Without 'Allowing' Legal Mailing Receipts For Legal Mailing Of Ad. Rems. While Bizarrely & Fundamentally Unfairly & In Light Of 9-11 Bombing Added Time-Consuming Federal Buildings Mail Screening) Holding Pltf Responsible !? For "This Includes Mail Time" !? — And Every Named Defendant As Shown Knows About And Is Involved The Unlawful Retaliation Against Pltf. For His Lawful Assertions Of His 1ST Amendment Rights; (Pltf's Statements Of Claims 1 & 2.)

— 5 (N) —

Civil Action USDC / D.C.    Custard v. Lappin et al.

To Be Clear — And To Be Certain, In Addition To Those Specific Instances Of Unconstitutional Deprivation Set Forth Above Prejudice Was Incurred By Pltf On Each And Every 'Rejection' For Any & All Bogus Reasons Of The Several Dozen Rejection Notice Exhibits Pltf Has Submitted Herewith And Which Pltf Hereby Moves Be Incorporated As Being Pled With This Complaint.

To Wit : All Of The "Rejection Notices" Concerning "Subjects" Of Administrative Remedy Requests, Complaints And Appeals Citing :

(1) "Misconduct By (BOP/ADX) Staff," (2) "Other Misconduct By Staff";
(3) "Administrative Remedy Procedures"; (4) "Safety, Sanitation, Environmental Conditions";
(5) "Complaint Against (BOP/ADX) Staff" (6) "Hard To Read";
(7) "Medical Care — Improper And Inadequate"; (8) "Untimely";
(9) "Administrative Remedy Outgoing Mail Logs";
(10) "Administrative Remedy Receipts — Lack Thereof In Reasonable Fashion";
(11) "Administrative Remedy Form — Failure To Provide — Complaint Against ADX Staff"

As Said ADX Staff — Under Auspices Of All Named Defendants Routinely Come Into Pltf's Assigned U.S. Prisoner Quarters And Steal Any & All Documentation, Proofs & Evidences That They Can Determine To Be Of Service To Pltf In Ad. Rems. & Actions Against Them — And Documentation, Proofs & Evidences Critical Of BOP & ADX Prison Personnel. EG: Refusing To Do 28 CFR 542.19 Ad. Rem. Indexing; Refusing To Process My FOIA Requests, Stealing My Ad. Rem. Copies, And Refusing, Upon Request (Written Form Request) To Replace Them. ——— Thus, Also As Said, Discovery Procedure Will Flesh Out All Claims & All Prejudices And / Or Evidentiary Hearing Which Pltf Also Moves For Can Serve Likewise If Any Claims Or Actual Prejudices Therefrom Are Questioned By Their Bureau Of Prisons & ADX Prison Defendants.

—— 5 (o) ——

Civil Action  UNDC / D.C.  Cusharov Lappin, Etc.

**Statement Of Claim 3:**  Violations Of The U.S Constitution's 1st, 5th & 8th Amendments As Direct Result Of The Known To Be Antiquated Administrative Remedy Forms And Procedures.

(Facts & Circumstances Giving Rise To Claim 3)

Bureau Of Prisons Executive Staff That Are Responsible For Handling & Processing U.S. Prisoners Administrative Remedy Forms Are Maliciously Machinating The Known Deficiencies Of The Antiquated BOP Forms & Procedures — And Are Failing To Utilize The Receipting Part Of Their Own Forms Purposely To Illegitimately Procedurally Default U.S. Prisoners (Generally) And Pltf's, Specifically, Administrative Remedies.

The BOP Administrative Remedy Program & Procedures Consists Of Prisoners Filing Of Four (4) Different Forms: BP-228 (BP-8); BP-229 (BP-9); BP-230 (BP-10); And BP-231 (BP-11)

The PLRA Requires Prisoners To Exhaust Ad. Rems. Before Challenging Prison Conditions In Federal Courts. 42 USC § 1997e(a). The U.S. Supreme Court Has Adjudicated That This Administrative Law Requires "Using All Steps That That An Agency Holds Out Through "Proper" Exhaustion. Woodford, SfX US____, L. Ed 2d ____.

┌─────────────────────────────────────────────────────────────────────┐
It Is In The Light Of Woodford That The BOP Must Be Obliged To Update Sufficiently It's Ad. Rem. Program & Procedures And Duly Incorporate A Reasonable Amount Of BOP Prison Official Accountability In Order To Reasonably Ensure U.S. Prisoners Due Process In The BOP Administrative Remedy Process And Access To The Courts — While Taking Away Malicious BOP Ad. Rem. Staff's Currently Unchecked Capability To Capriciously Thwart, By Procedurally De-Faulting, Any U.S. Prisoners Meritorious Grievances & Accordingly to PLRA & Woodford Any U.S. Prisoner's Meritorious Complaint.
└─────────────────────────────────────────────────────────────────────┘

Civil Action under D.C. Cusano V Lappin, Et Al.

The Four BOP Ad. Rem. "Appropriate Forms" Are:

1) BP-28 ('BP-8') Informal Resolution Attempt Form;  (White)  See:
2) BP-229 ('BP-9') Administrative Remedy Request Form;  Blue  Pltf's
3) BP-230 ('BP-10') BOP Ad. Rem. Regional Appeal Form;  Yellow  Administrative
4) BP-231 ('BP-11') BOP Ad. Rem. National Appeal Form,  Pink  Remedy Forms
                                                                   Exhibits.

( Unconstitutional Inadequacy Of BOP Administrative Remedy Form Receipts )

1) BP-8's Have NO RECEIPTING Process W/ HATSOEVER.

28 CFR 542.14(a) Mandates That A Prisoner "Must" Complete, Hand-In, And Receive A Response To A BP-8 — And — File A BP-9 Within 20 Calendar Days." Yet When I Hand-In' (Hand-To-Hand) The BP-8' To A B8'S Unit Team Member I Get NO RECEIPT And Nothing WHATSOEVER To Prove I Ever Gave It To Him Or Her, Who Can Then 'Lose' It. (Throw It Away Be It Is A Grievance About Themselves Or A Cohort) Overly Delay It To Procedurally Default Litigation w/Then Use The '20 Day Rule', Or Just Act Like I Never Gave It To Them! (All Of Which Has Happened To Pltf w/Last 2 Years)

Defendants Madison & Harwood — When I Applied Them For BP-8 Receipts Due To Their Previous Intentional Procedural Plaintiff Mark-Default, Of Other BP-8's Stated:" It's 'My' Choice To Process A BP-8, Or Not, 'That's "Why" You (U.S. Prisoner) Get NO RECEIPT For A BP-8." As Al. And: " That's (No BP-8 Receipt) So 'We' Can Throw It Away ('Lose') It If We 'Want To.'' And They Have Done That Numerous Times Intentionally & Maliciously.

Defendants Wiley And Rear, And Defendants ADX Attorneys Being Like This Lawsuit Have Al Stated: " That's How 'We' 'Control' 'What' Gets Answered' And 'What' 'Doesn't'." Such A Civil Conspiracy And Unconstitutional Manipulation Of ADX BP-8's — Note: Each Warden 'Makes Up' His 'Own' Alien BP-8. I.E. BP-8's Differ/Deten Drastically From 1-BOP Prison To Another. But Al BP-8's Have NO RECEIPTS

— 5 (φ) —

Civil Action USDC Castires V Lappin et al.

BP-9's, BP-10's, & BP-11's All DO HAVE RECEIPTS RIGHT ON THE FORMS! But BOP Ad. Rem. Officials Flat Refuse To Simply Fill Out And Issue The Perforated Tab 9, 10, & 11 Receipts That Are Attached Right On The Bottom Of The Form! — See Pltf's Exhibits Of BP-9's, BP-10, & BP-11 (Ee: "BP-229", "BP-230", & "BP-231") Forms ( Blue, Yellow & Pink Respectively) Which Plainly Show Perforated Line Tear Off Receipts Which BOP Ad. Rem. Officials Generally, And Defendants Haywood, Madlin, Rear, Montgomery, Wiley, Cruz & Sparre Refuse To Issue To A BOP Prisoner Stating Variously, "We Don't Issue Those 'So We' Can Throw It Away If 'We' Want To." Showing, Civil Conspiracy. When Plte Complained To Defendants Believue & Sainvill About This He Was Told "That's The Way 'We' Like It, So You 'Can't' 'Prove' You Ever Gave The Administrative Remedy To Us Unless 'We' 'Want' You To." (Civil Conspiracy)

BP-9's, 10's, & 11's Have Receipts Right On Them ("Part C") At Bottom Of Page. But When Plte Has Filled Out The Receipts For Himself (Since Staff Refuses To Do So) The Ad Rem Forms Were "Rejected" And Procedurally Defaulted On That Illegitimate Premise.

——— You Give Hand To Hand To The Unit Team Member A BP-10, Or BP-11, He Refuses You A Receipt, Then Man, Or Man Mail The BP-10 And BP-11, Or Maliciously Mail It Late To Illegitimately Procedurally Default You ——— And You Cannot 'Prove' You 'Ever' Gave It 'To' Him — Or — When You Gave It To Him! A Fundamentally Unfair Due Process Ad. Rem. Procedures Constitutional Violation. ——— When All That's Needed Is To Require BOP Ad Rem Personnel To "Properly" Utilize Their Own BP-9, BP-10, And BP-11 Receipt Containing Forms! So The Prisoner Cannot Be Maliciously Procedurally Defaulted By Unlawful Machinations Of 'When I Get Around To' 'Computer Generated Receipts' Issued Weeks Or A Month Later — Or Never And You Win No Proof Of Filing!

—5(R)—

This Court, As Others, Are Is Quite Aware Of The Extreme Demands Now Made Upon Prisoners To Bring Meritorious Grievances & Complaints, See: Woodford v Ngo, 548 U.S. ___, ___ (2021) ___; Ross, 365 F.3d 1181; Steele, 355 F.3d 1204, Etc. —— Pltf, A U.S. Citizen & U.S. Patriot, Accepts The PLRA Exhaustion Requirement, And Subsequent Harsh Court Holdings — That's The Law, Pltf Asks Only For The Minimum Of Fundamental Fairness From BOP AdRem Officials Who Accordingly Now Have Major Incentive To 'Procedurally Default' The Most Meritorious Of Claims ( The PLRA Seeks Only To Curb "Unmeritorious" Or "Frivolous" — Not Meritorious Claims) By Denying "Proper" Receipts By Purposefully Failing To Adhere To Their Own Rules — And In This Claim Even Their Own Ad. Rem. Forms!

Lately, BP-9, BP-10, BP-11 AdRems Contain A "Part B" [AdRem Personnel] Response" Section That Takes Up Approx. ½ Of The Entire Form! And Is Never Used By BOP Ad. Rem. Staff! — But If You Use It! - BAM - Procedurally You're Defaulted As Pltf Has Been Numerous Times.

As Variously Discussed, The PLRA, Woodford, Etc Place Extreme Demands Upon Prisoners Not Only To 'Exhaust' But To "Totally Exhaust" And "Properly Exhaust" IE: Exhaustively And Timely Exhaust — But BOP 'Allows' Only ½ Page Of A Form That They Usually Tear A Receipt Off The Bottom Of And Give You Dated & Signed As Proof Of Filing. —— And Only "One 8½ X 11 Street" (28 CFR 542.14(c)(3) / Then You Are Grilled 'As To Exhaustion By The Court, And Then By Defendants Counsel, Not Just Once (At Rule 12) But Again (At Rule 56) And Again Up Until The "Eve Of Trial" — Isn't That 'Enough'? Allowing BOP Ad. Rem. Personnel To Disregard Their Own Forms, Utilize Clearly Obsolete Forms (With "Part B") And To Maliciously Procedurally Default Meritorious Grievances & Complaints By Not Providing "Proper" Receipts - For The AdRems — And For The Legal Mailings Thereof

—— 5 (5) ——

_Civil Action USDC/D.C. Custard V Lapin, Et Al.,_

_Constitutes A Vicious & Brutish Rape Of The "Fundamental Fairness Doctrine"._

It Is Therefore And As Grounds, Reasons, Facts & Circumstances Respectfully Set Forth Above That Pltf Respectfully Presents To Reviewers Hereof Statements Of Claims 1, Civil Conspiracy; Statement Of Claim 2, Unlawful Retaliation; And Statement Of Claim 3, Egregious Violations Of Even Minimal Due Process; All _Relating Directly To The Currently Illegitimate Bureau Of Prisons_ _Administrative Remedy "Program" & Procedures_ — And The BOP Ad. Rem. _Personnel Responsible For The Fundamental Fairness And Application Of The_ _Bureau Of Prisons Administrative Remedy Program & Procedures Named As_ _Defendants Herein_ — For Judicious Evaluation And Relief Deemed Appropriate.

Respectfully Submitted

This 26th Day Of December, 2006.

Bob Allen Custard, Pltf.,
Box 8500-02728031
Florence, Colorado 81226-8500

BP-230 #421040 Exhib·

USDC/D.C. Civ Action
Custard V. Watts, Etal.    Pltf's Exhibit A

## USP ADMINISTRATIVE MAXIMUM
## FLORENCE, COLORADO
## INFORMAL RESOLUTION FORM

Inmate Name: Custard

Unit: Echo-405

Reg. No. 02728031

Date: 7/21/06

**NOTICE TO INMATE**: You are advised that normally prior to filing a Request for Administrative Remedy, (BP-DIR-13), you **must** attempt to informally resolve your complaint through your Correctional Counselor. Please follow the three steps listed below:

1.    **State your complaint:** On Jul 4 06, 2006 I sent to ADX Warden Wiley a BOP.I.S.SU. Request to Staff Member form Which he Responded to but about 7/20/06 Both disRespectfully And Incorrectly. — I what The Informational Inaccuracies of that 7/20/06 RSM Conformed so I know He knows what He Is doing And Is Aware of the facts.

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page. You must also submit one copy of supporting exhibits. (Exhibits will not be returned with the response to BP-229(13) responses.)

(Next one BP-8 ATTACHED too)

2.    **State what actions you have made to informally resolve your complaint:** Wrote & spoke to ADX Warden R. Wiley At Least 3 Times (; And to ADX Administrative Remedy Co-Ordinator At Least 10 Times.

3.    **State what resolution you expect:** I 'Expect' The ADX Warden, His Executive Ass., And The Unit Team To Continue to do Unlawfully Deny me Adequate BP-228 forms, I 'want' The Warden To Correct His Response To Accurately State B.P.S 1330.13(G),5.B And stop Making me Use known Limited BP-228's Like this To Further pursue Inaccurate/Unresponse.

Inmate's Signature: _____    Date: _____

Yes I Am Willing To Take a 9-Days To issue one BP-228

**Correctional Counselor's Comments (Steps to Resolve):** A review of your informal resolution was conducted, you are not being deny BP-228. Only one informal resolution form will be issued at a time.

Yes I Am When It Takes 9-Days To Return A BP-228

Counselor's Signature: _____    Date: 7-21-06

Unit Manager's Review: _____    Date: 7-31-06

Informally Resolved: _____    Date: _____

Violates PLRA Exhaustion Mandates    →9-Days←    Violates ADX I.S. 1330.13G.5(B)(C)

|  | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | EXECUTIVE STAFF |
|---|---|---|---|---|---|
| **DATE** | 7/21/06 | 7-24-06 | 8-1-06 | 8/4/06 | 8/4/06 |
| **TIME** | 8:10AM | 9:15A | 1020A | 0720 | 1340 |
| **COUNSELOR** | Suev | | | | |

CC: Program Files / Possible Exhibit.    Anenc me "with 5-days" direction

USDC/D.C. Civil Act.    CUSTARD V. WATTS, ET AL.    PLTF'S EXHIBIT B





**UNITED STATES PENITENTIARY**
ADMINISTRATIVE MAXIMUM FACILITY
Florence, Colorado  81226

| INSTITUTION SUPPLEMENT | Number | : FLM 1330.13G |
| | Date | : July 15, 2005 |
| | Subject | : Administrative Remedy Procedures for Inmates |

1.  **PURPOSE & SCOPE:**   This Institution Supplement establishes procedures for inmates and staff to effect the timely and thorough resolution of inmate complaints and appeals.  This Supplement also provides guidelines for the formal presentation of complaints [Form BP-229(13)] should informal resolution procedures be ineffective.  Program Statement 1330.13, Administrative Remedy Procedures for Inmates, should be read in conjunction with this Institution Supplement.

2.  **DIRECTIVES AFFECTED:**

    Program Statement 1330.13, Administrative Remedy Procedures for Inmates, dated December 22, 1995.

    TRM 1301.02, SENTRY Administrative Remedy Technical Reference Manual, dated October 3, 1997.

    **Directives Rescinded:**

    *  Institution Supplement FLM 1330.13F, Administrative Remedy Procedures for Inmates, dated April 21, 2003.                                    *

3.  **ACA STANDARDS REFERENCED:**

    *  American Correctional Association 4th Edition Standards for Adult Correctional Institutions: 4-4248; 4-4284; 4-4446; 4-4492.
                                                                              *

*D.C. 1 Custard Ci. _Action*

*Pltf's Exhibit B-1*

FLM 1330.13G
Administrative Remedy Procedures for Inmates
Page 2

4.  OVERVIEW:

   A.  The Executive Assistant is designated as the Administrative Remedy Coordinator.

      He/she will determine whether the complaint/appeal is properly filed and in compliance with the requirements of Program Statement 1330.13. The Coordinator will also review all responses to inmates to ensure compliance with Bureau of Prisons policy. The Warden's Secretary is designated as the Administrative Remedy Clerk and will assist in coordinating and exacting all associated clerical duties, i.e., logging of BP-229(13)'s data entry in SENTRY, corrections, and maintaining accurate and current files.

   B.  Upon submission of a Request for Administrative Remedy, the Coordinator will assign a staff member to conduct an impartial review of the issue. This staff member is also responsible for the preparation of a draft response.

      The inmate's unit team will generate a receipt for the inmate, which will be forwarded immediately via the institution mail, or hand carried.

   C.  All staff assigned to prepare a BP-229(13) response will prepare a draft response which will then be forwarded through the department head to the respective Associate Warden. The Associate Warden will review the response for appropriateness and then forward it on to the Administrative Remedy Coordinator. At that time, the Administrative Remedy Coordinator will determine if Legal Services staff needs to review the response. If necessary, Legal Services will review prior to the final draft being sent to the Warden for his/her signature. Draft responses will be prepared in the format provided (see Attachment 2) and will be routed in hard copy. It is imperative that assigned suspense dates be met. If an extension is necessary for justifiable reasons, such as additional time to review because staff or information is unavailable, it must be approved by the Administrative Remedy Coordinator. The inmate will be notified of any extension in the response time.

   D.  After the draft is reviewed and corrected as necessary, it will be submitted to the Warden for approval and signature, and then forwarded to the inmate by the Administrative Remedy Clerk.

5.  ADMINISTRATIVE REMEDY PROCEDURES:  The ideal and preferred course of action is to resolve inmate complaints through direct interaction with involved staff. Therefore, it is imperative that staff maintain a good interactive relationship with inmates, and respond promptly and professionally to routine, unusual, and urgent requests and issues. Attentiveness to inmate issues and responsiveness

*B.S. No Need Now — Post-Woodford Prison Officials Have & Use Incentive To Purposely Procedurally Default Prisoner Administrative Remedies.*

D.C. / Custard Civil Action

Pltf's Exhibit B-2

FLM 1330.13G

**Administrative Remedy Procedures for Inmates**

Page 3

to the inmate population will reduce the use of the formal administrative remedy procedure. In the event that a complaint cannot be resolved via direct interaction, the following guidelines apply:

A.   Inmates should attempt to informally resolve complaints prior to the filing of a formal administrative remedy request. However, as outlined in P.S. 1330.13, pg. 6 (b), if the inmate refuses to attempt informal resolution he will be given a formal request form [(BP-229(13)]. The Administrative Remedy Coordinator will determine if a valid reason existed for bypassing the informal resolution stage. If not, the request will be rejected and returned to the inmate to attempt informal resolution.

B.   Unit Counselors are responsible for issuing the Informal Resolution Form (see Attachment 1) upon inmate request. Ordinarily, only one Informal Resolution form will be issued at a time. This is not meant to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution. An exception to this would be if an inmate has a sensitive, medical or problematic issue. Ordinarily, the form will be completed by the inmate within three (3) days of issuance.

*BS. That Is Exactly What It Is "Meant" To Do; And It Plainly Does.*

C.   The inmate will return the completed Informal Resolution form to his assigned Correctional Counselor, who will document the exact time and date received. The Correctional Counselor will meet with the inmate and attempt to informally resolve the complaint. Ordinarily, unit staff will complete the attempt at informal resolution within three (3) days, excluding weekends and holidays. The Correctional Counselor will then document on the form all attempts and strategies at informal resolution, as well as the current status of the inmate's complaint. He/she will forward this documentation to the Unit Manager.

*"Ordinarily" Must Mean More Often Than Not*

*At ADX Not Done In Even 10% Of All Administrative Remedies.*

D.   The Unit Manager will review the Informal Resolution form and familiarize himself/herself with the facts of the complaint. If further efforts at informal resolution are deemed necessary or helpful, the Unit Manager will assist the Correctional Counselor in continued efforts to resolve the complaint. All further efforts and attempts will be documented. If Informal Resolution is not possible, the Unit Manager will sign the completed form and return it to the Correctional Counselor, who may then give the inmate a BP-229(13) form, if he so requests. The inmate must directly request a BP-229(13) form from his assigned Counselor, and may do so verbally or in writing.

E.   The inmate will return the completed BP-229(13) form to his assigned Counselor. He must submit this completed form to the Counselor within twenty (20) calendar days of the date on which the issue arose. This BP-

*"Must" But Can't If Not Given Adequate Forms Or When Staff Violate "B." & "C." Above.*

D.C. Civil Action Custard

PLTF'S EXHIBIT B-3

FLM 1330.13G
### Administrative Remedy Procedures for Inmates
Page 4

229(13) will contain <u>only</u> that issue reflected in the Informal Resolution. Additional issues will result in a final response which addresses <u>only</u> that issue documented on the Informal Resolution form.

F.   Any inmate request for assistance in preparing a Request or an Appeal, as outlined in section 10, page 9 of the Program Statement, must be approved by the Unit Manager.

AFTER

No RECEIPT GIVEN TO PRISONER AND STAFF CARRY AROUND FOR WEEKS.

G.   The Counselor will attach the Informal Resolution form to the completed BP-229(13) and promptly forward this packet to the Administrative Remedy Coordinator.  If a continuation page is necessary, the inmate must provide a copy.  If the inmate wishes to receive a copy of the continuation page back with his response, he must provide an additional copy.  The inmate must submit one copy of supporting exhibits.  <u>Exhibits will not be returned with the response.</u>

To AGAIN ATTEMPT TO THWART & CONCEAL EVIDENCE.

6.   <u>Guidelines for Investigation and Response Preparation</u>:

The authorized format for response shall follow the outline provided in Attachment 2.

7.   <u>EFFECTIVE DATE</u>:  This supplement is effective upon issuance.

8.   <u>OFFICE OF PRIMARY INTEREST</u>:  Executive Assistant.


_____                    _____
R. Wiley, Warden                           Date


DISTRIBUTION:

Directives Libraries
All Department Heads
Associate Warden (Programs)
Associate Warden (Operations)
AFGE

*RETURN TO CUSTODIAN*

*USDC/D.C. Civil Action*
*Custard V Watts, Et Al,*

*Pltf's Exhibit C*

U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: OGC
NUMBER: 1330.13
DATE: CN 4, 8/13/2002
SUBJECT: Administrative Remedy Program

RULES EFFECTIVE DATE: 8/6/2002

---

\* 1. [<u>PURPOSE AND SCOPE</u> §542.10

**a.** <u>Purpose</u>. The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement. An inmate may not submit a Request or Appeal on behalf of another inmate.

**b.** <u>Scope</u>. This Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities.]

The president of a recognized inmate organization may submit a request on behalf of that organization regarding an issue that specifically affects that organization.

[c. <u>Statutorily-mandated Procedures</u>. There are statutorily-mandated procedures in place for Tort claims (28 CFR 543, subpart C), Inmate Accident Compensation claims (28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D). If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures.]

\*

2. **PROGRAM OBJECTIVES.** The expected results of this program are:

**a.** A procedure will be available by which inmates will be able to have any issue related to their incarceration formally reviewed by high-level Bureau officials.

*But Only 'If' Not Illegally Deprived Of Adequate Amount Of Forms Which BOP Officials Are Counseled, In Light Of Woodford (USDC #05-416) To Withhold By Violating Federal Regulations & BOP Guidelines To Purposely Thwart Administrative Remedy Exhaustion By Maliciously Making The U.S. Prisoner Procedurally Default.*

USDC/D.C. _Custard Civil Action_



PS 1330.13
CN-4 8/13/2001
Page 2

b. _Each request_, including appeals, _will be_ responded to _within the time frames allowed_. BS.

c. A record of Inmate Administrative Remedy Requests and Appeals will be maintained.

d. Bureau policies will be more correctly interpreted and applied by staff.

3. **DIRECTIVES AFFECTED**

   a. **Directive Rescinded**

      PS 1330.11    Administrative Remedy Procedure for Inmates (10/29/93)

   b. **Directives Referenced**

      PS 1320.05    Claims Under the Federal Tort Claims Act (6/28/00)
      PS 4500.04    Trust Fund Manual (12/15/95)
      PS 5212.07    Control Unit Programs (02/20/01)
      PS 5214.04    HIV, Handling of Inmates Testing Positive (2/4/98)
      PS 5264.06    Telephone Regulations for Inmates (12/22/95)
      PS 5270.07    Inmate Discipline and Special Housing Units (12/29/87)
      PS 5890.13    SENTRY-National On-Line Automated Information System (12/14/99)

      28 CFR 301    Inmate Accident Compensation
      28 CFR 16.10  Fees (for records requested pursuant to the Freedom of Information Act (FOIA))

   → SEE: 28 CFR § 542. Et Seq.

   c. _Rules cited in this Program Statement are contained in 28 CFR 542.10 through 542.19_.

4. **STANDARDS REFERENCED**

   *
   a. _American Correctional Association_ 3rd Edition Standards for Adult Correctional Institutions: 3-4236 and 3-4271

   b. _American Correctional Association_ 3rd Edition Standards for Adult Local Detention Facilities: 3-ALDF-3C-22, and 3-ALDF-3E-11
   *

↳ Ludicrously BOP Sycophanticly Obsequious 'Association' _With No Credibility_.

*[handwritten: USDC/D.C. CUSTMRS CIVIL ACTION]*

*[handwritten: PLTF'S EXHIBIT C-2]*

PS 1330.13
CN-4 8/13/2002
Page 3

5.  [RESPONSIBILITY §542.11

a.  The Community Corrections Manager (CCM), Warden, Regional
Director, and General Counsel are responsible for the
implementation and operation of the Administrative Remedy Program
at the Community Corrections Center (CCC), institution, regional
and Central Office levels, respectively, and shall:

*[handwritten left margin: DO BUT ONLY WEEKS OR MONTHS LATER]*

    (1)  Establish procedures for receiving, recording,
reviewing, investigating and responding to Administrative Remedy
Requests (Requests) or Appeals (Appeals) submitted by an inmate;]

See Section 13 for further information on remedy processing,
including use of SENTRY.

*[handwritten right margin: THERE IS A "RECEIPT" RIGHT ON BOTTOM OF ALL BOP ADMINISTRATIVE REQUESTS]*

    [(2)  Acknowledge receipt of a Request or Appeal by
returning a receipt to the inmate;]

*[handwritten left margin: IF COUNSELORS THAT THEY ARE LIABLE WILL ASSUR NO RECEIPT, EVEN IF ACT LIKE THEY NEVER RECEIVED THE MERITORIOUS COMPLAINT]*

The receipt is generated via SENTRY.

*[handwritten right margin: BUT BOP STAFF - I THWART & STIFLE REFUSE TO ASSIST THEM!]*

[(3)  Conduct an investigation into each Request or Appeal;

    (4)  Respond to and sign all Requests or Appeals filed at
their levels.  At the regional level, signatory authority may be
delegated to the Deputy Regional Director.  At the Central Office
level, signatory authority may be delegated to the National
Inmate Appeals Administrator.  Signatory authority extends to
staff designated as acting in the capacities specified in this
§542.11, but may not be further delegated without the written
approval of the General Counsel.]

§ 542.11 refers to Section 5 of this Program Statement.

    For purposes of this Program Statement, the term
"institution" includes Community Corrections Centers (CCCs); the
term "Warden" includes Camp Superintendents and Community
Corrections Managers (CCMs) for Requests filed by CCC inmates;
and the term "inmate" includes a former inmate who is entitled to
use this program.

    (5)  The Warden shall appoint one staff member, ordinarily
above the department head level, as the Administrative Remedy
Coordinator (Coordinator) and one person to serve as
Administrative Remedy Clerk (Clerk).  The Regional Director and
the National Inmate Appeals Administrator, Office of General
Counsel, shall be advised of these appointees and any subsequent
changes.

USDC/D.C.   *Custard Civil Action*

PLTF'S EXHIBIT C-3
PS 1330.13
CN-4 8/13/2002
Page 4

To coordinate the regional office program, each Regional Director shall also appoint an Administrative Remedy Coordinator of at least the Regional Administrator level, ordinarily the Regional Counsel, and an Administrative Remedy Clerk. The National Inmate Appeals Administrator, Office of General Counsel, shall be advised of these appointees and any subsequent changes.

(6) The Administrative Remedy Coordinator shall monitor the program's operation at the Coordinator's location and shall ensure that appropriate staff (e,g., Clerk, unit staff) have the knowledge needed to operate the procedure. The Coordinator is responsible for signing any rejection notices and ensuring the accuracy of SENTRY entries, e.g., abstracts, subject codes, status codes, and dates. The Coordinator also shall serve as the primary point of contact for the Warden or Regional Director in discussions of Administrative Remedies appealed to higher levels.

(7) The Administrative Remedy Clerk shall be responsible for all clerical processing of Administrative Remedies, for accurately maintaining the SENTRY index, and for generating SENTRY inmate notices.

(8) The Unit Manager is responsible for ensuring that inmate notices (receipts, extension notices, and receipt disregard notices from institutions, regions and the Central Office) are printed and delivered daily for inmates in their units and for deleting those notices from SENTRY promptly after delivery to the inmate. CCMs are responsible for this function for inmates under their supervision.

**[b.  Inmates have the responsibility to use this Program in good faith and in an honest and straightforward manner.]**

6.   **RESERVED**

7.   [**INFORMAL RESOLUTION** §542.13

a.   **Informal Resolution**.  Except as provided in §542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each Warden shall establish procedures to allow for the informal resolution of inmate complaints.]

The Warden is responsible for ensuring that effective informal resolution procedures are in place and that good faith attempts at informal resolution are made in an orderly and timely manner by both inmates and staff. These procedures may not operate to limit inmate access to formal filing of a Request.

*DAMN LIE — BECAUSE THEY DO — AND BOP OFFICIAL DC USA "THESE PROCEDURES" TO KNOWINGLY, INTENTIONALLY, AND UNLAWFULLY PROCEDURALLY DEFAULT BOP PRISONERS ADMINISTRATIVE REMEDY ATTEMPTS TO MALICIOUSLY HIDE BEHIND PLRA EXHAUSTION PREREQUISITES.*

USDC/DC  Custard Civil Action

PLTF'S EXHIBIT C-4

PS 1330.13
CN-4 8/13/2002
Page 5

[b. **Exceptions**. Inmates in CCCs are not required to attempt informal resolution. An informal resolution attempt is not required prior to submission to the regional or Central Office as provided for in §542.14(d) of this part. An informal resolution attempt may be waived in individual cases at the Warden or institution Administrative Remedy Coordinator's discretion when the inmate demonstrates an acceptable reason for bypassing informal resolution.]

Not A Chance

For example, the Warden may waive informal resolution for Unit Discipline Committee (UDC) appeals, or when informal resolution is deemed inappropriate due to the issue's sensitivity.

Although not mandatory, inmates may attempt informal resolution of DHO decisions. See the Program Statement on Inmate Discipline and Special Housing Units.

8.  [**INITIAL FILING**.  §542.14

a.  **Submission**.  The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, **on** the appropriate form (BP-9), **is 20 calendar days following the date on which the basis for the Request occurred.**]

Regardless If It Takes You 9-Days To Get A BP8, 9-Days To Get A BP-8 Response [See Exhibit A] And 9-Days To Get A BP-9.

In accord with the settlement in Washington v. Reno, and for such period of time as this settlement remains in effect, the deadline for completing informal resolution and submitting a formal written Administrative Remedy Request, on the appropriate form (BP-9), for a disputed telephone charge, credit, or telephone service problem for which the inmate requests reimbursement to his/her telephone account, is 120 days from the date of the disputed telephone charge, credit, or telephone service problem.

Administrative Remedy Requests concerning telephone issues that do not involve billing disputes or requests for refunds for telephone service problems (such as Administrative Remedy Requests concerning telephone privileges, telephone lists, or telephone access) are governed by the 20-day filing deadline.

[b.  **Extension**.  Where the inmate demonstrates a valid reason for delay, an extension in filing time (may) be allowed.  In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame.  Valid reasons for delay include the following:  an

"May" Be But Is Not.

USDC/DC. Custard Civil Action

PLTF'S EXHIBIT C-5

PS 1330.13
CN-4 8/13/2002
Page 6

extended period <u>in-transit</u> during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was <u>physically incapable</u> of preparing a Request or Appeal; <u>an unusually long period taken for informal resolution attempts</u>; indication by an inmate, `verified by' staff, that a response to the inmate's request for copies of dispositions requested under §542.19 of this part was delayed.] *Like Staff Responsible For The Delay Are Going To Admit It (Instead Of Just Backdate It.*

Ordinarily, the inmate should submit written verification from staff for any claimed reason for delay. *Good Luck Getting This.*

*Like PLTF Denied On That Every Time*

*But They Will Not Give It To You.*

If an inmate requests an Administrative Remedy form but has not attempted informal resolution, staff should counsel the inmate that informal resolution is ordinarily required. If the inmate nevertheless refuses to present a request informally, staff should provide the form for a formal Request. Upon receipt of the inmate's submission, the Coordinator shall accept the Request if, in the Coordinator's discretion, informal resolution was bypassed for valid reasons, or may reject it if there are no valid reasons for bypassing informal resolution.

[c. <u>Form</u>

(1) The inmate shall obtain the appropriate form from CCC staff or institution staff (ordinarily, the correctional counselor).]

*See ADX Administrative Remedies #'s 421039; 421040; 421041; Wherein I Did Exactly This Proving I Could Not Obtain Adequate Administrative Remedy Informal Resolution Forms — But Still "Rejected" All 3 Of Them To Intentionally, Maliciously, And Illegally Procedurally Default Me Knowing PLRA Exhaustion Mandate & Steele, 355 F.3d 1204, (10th Cir 2004) And Knowing Woodford, USSCt. # 05-416 Which Provides Very Unwisely Prison Officials — As All Defendants Herein — An Insidious Incentive To Stage Unnatural Hurdle & To Raise Regulation & Policy Violating Obstacles & Actions To Illegally Thwart Meritorious Prisoner Administrative Remedies By Illegally Directly Thereby Causing Pseudo Procedural Default.*

*USDC / D.C.   Customer Civil Action*

[ PLTF'S EXHIBIT C-6 ]

P.S. 1330.13
December 22, 1995
Page 7

The following forms are appropriate: *AND 'AVAILABLE' TO THE 23 HR. A DAY LOCKED DOWN BOP PRISONER 'ONLY'*

♦ Request for Administrative Remedy, Form BP-9, is *FROM BOP STAFF WHO 'MAY' COME* appropriate for filing at the institution; *AROUND OR*
♦ Regional Administrative Remedy Appeal, Form BP-10, is *'MAY' NOT.* appropriate for submitting an appeal to the regional office;
♦ Central Office Administrative Remedy Appeal, Form BP-11, is appropriate for submitting an appeal to the Central Office.

[(2)  The inmate shall place a single complaint <u>or a reasonable number of closely related issues</u> on the form.  If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue.  For DHO and UDC appeals, <u>each separate incident report number must be appealed on a separate form.</u>] *✓ GOOD LUCK GETTING ALL THOSE FORMS.*

Placing a single issue or closely related issues on a single form facilitates indexing, and promotes efficient, timely and comprehensive attention to the issues raised. *AND CAUSES THE INMATE TO HAVE TO OBTAIN YET MORE FORMS.*

[(3)  The inmate shall complete the form with all requested identifying information and shall state the complaint in the space provided on the form.  If more space is needed, the inmate may use up to one letter-size (8 1/2" by 11") continuation page. The inmate must provide an additional copy of any continuation page.  The inmate must submit one copy of <u>supporting exhibits</u>. *WHY!* <u>Exhibits will not be returned with the response.</u>  Because copies *Our Of MEANNESS* of exhibits must be filed for any appeal (see § 542.15 (b) (3)), the inmate is encouraged to retain a copy of all exhibits for his *To STYMIE & THWART* or her personal records. *& To CONCEAL EVIDENCE.*

*FORMS ONLY ALLOW ½ OR 1-PAGE — So 1½ PAGES TO 'TOTALLY EXHAUST' ALL CLAIMS — THAT'S 1 LENGTH AS 'NOT LENGTHY ENOUGH!?*

(4)  The inmate shall date and sign the Request and submit it to the institution staff member designated to receive such Requests (ordinarily a correctional counselor).  CCC inmates may mail their Requests to the CCM.]

The correctional counselor shall submit the form promptly *AFTER CARRYING* (ordinarily not later than the next business day) to the Clerk *IT AROUND FOR A WEEK OR MORE.* for processing. *✻ "PROMPTLY" AS USED HERE MEANS "WHENEVER" SINCE NO RECEIPT EVER ISSUED ANYWAY.*

[d.  <u>Exceptions to Initial Filing at Institution</u>

(1)  <u>Sensitive Issues</u>.  If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director.  The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution.  If the Regional Administrative Remedy Coordinator agrees that the

*USDC/D.C. CUSTARD CIVIL ACTION*

*PLTFS EXHIBIT C-7*

P.S. 1330.13
December 22, 1995
Page 8

Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

  (2)  DHO Appeals.  DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located.]

See the Program Statement on Inmate Discipline and Special Housing Units.

  [(3)  Control Unit Appeals.  Appeals related to Executive Panel Reviews of Control Unit placement shall be submitted directly to the General Counsel.]

See the Program Statement on Control Unit Programs.

  [(4)  Controlled Housing Status Appeals.  Appeals related to the Regional Director's review of controlled housing status placement may be filed directly with the General Counsel.]

See the Program Statement on Procedures for Handling HIV Positive Inmates Who Pose Danger to Others.

9.  [APPEALS § 542.15

  a.  Submission.  An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in §542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.]

*Wait Until Defendants Explain To The Jury About 'Batch Mail' On This.*

These deadlines specify the date of the Appeal's receipt in the regional office or the Central Office. The deadlines have been made deliberately long to allow sufficient mail time. Inmates should mail their Appeals promptly after receiving a response to ensure timely receipt. Ordinarily, the inmate must submit written verification from institution staff for any reason for delay that cannot be verified through SENTRY.

*But Response Sent Via Atch Mail & Rec'd - Weeks After Signing Resp.*

*What About Post 9-11 Federal Building Added Screening, & Additional Processing Of All Federal Building Mail Now? 'Include' That.*

*Uses Post 9-11 Program Bldgs; Mail Screening Procedures; Elec. Screening, Ionic Spectrometer Screening; X-Rays; Bulkman Hazard Fac.; etc. etc. To Intentionally Thwart DOL Screening Requirements. PLRA Exhaustion Requirements.*

USDC/ D.C. *Custom Civil Action*

PLTF'S EXHIBIT C-8

P.S. 1330.13
December 22, 1995
Page 9

In many cases, courts require a proper Appeal to the General Counsel before an inmate may pursue the complaint in court.

[b. Form

*ALL OF WHICH "forms ARE AVAILABLE ONLY FROM BOP STAFF WHO MAY OR MAY NOT Comply PROVIDE OR EVEN HAVE THE forms WITHIN THE WBOP.*

    (1)  Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of the institution Request and response.  Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP-11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses.  Appeals shall state specifically the reason for appeal.

    (2)  An inmate may not raise in an Appeal issues not raised in the lower level filings.  An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal.

    (3)  An inmate shall complete the appropriate form with all requested identifying information and shall state the reasons for the Appeal in the space provided on the form.  If more space is needed, the inmate may use up to one letter-size (8 1/2" x 11") continuation page.  The inmate shall provide two additional copies of any continuation page and exhibits with the regional Appeal, and three additional copies with an Appeal to the Central Office (the inmate is also to provide copies of exhibits used at the prior level(s) of appeal).  The inmate shall date and sign the Appeal and mail it to the appropriate Regional Director, if a Regional Appeal, or to the National Inmate Appeals Administrator, Office of General Counsel, if a Central Office Appeal (see 28 CFR part 503 for addresses of the Central Office and Regional Offices).]

c.  Processing.  The appropriate regional office to process the Appeal is the regional office for the institution where the inmate is confined at the time of mailing the Appeal, regardless of the institution that responded to the institution filing.

10.  [ASSISTANCE §542.16

    a.  An inmate may obtain assistance from another inmate or from institution staff in preparing a Request or an Appeal.  An inmate may also obtain assistance from outside sources, such as family members or attorneys.  However, no person may submit a Request or Appeal on the inmate's behalf, and obtaining assistance will not be considered a valid reason for exceeding a time limit for submission unless the delay was caused by staff.

    b.  Wardens shall ensure that assistance is available for inmates who are illiterate, disabled, or who are not functionally literate in English.  Such assistance includes provision of reasonable accommodation in order for an inmate with a disability to prepare and process a Request or an Appeal.]

USDC / D.C. *Custard Civil Action*

[ *Pltf's Exhibit C-9* ]

P.S. 1330.13
CN-01, April 24, 1996
Page 10

\* For example, Wardens must ensure that staff (ordinarily unit staff) provide assistance in the preparation or submission of an Administrative Remedy or an Appeal upon being contacted by such inmates that they are experiencing a problem.                        \*

11.   [<u>RESUBMISSION</u>  §542.17

   a.   <u>Rejections</u>.  **The Coordinator at any level (CCM, institution, region, Central Office) may reject and return to the inmate without response a Request or an Appeal that is written by an inmate in a manner that is obscene or abusive, or does not meet any other requirement of this part.**

   b.   <u>Notice</u>.  **When a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection.  If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal.]**

      (1)  <u>Sensitive Submissions</u>.  Submissions for inmate claims which are too sensitive to be made known at the institution are not to be returned to the inmate.  Only a rejection notice will be provided to the inmate.  However, other rejected submissions ordinarily will be returned to the inmate with the rejection notice.

      (2)  <u>Defects</u>.  Defects such as failure to sign a submission, failure to submit the required copies of a Request, Appeal, or attachments, or failure to enclose the required single copy of lower level submissions are examples of correctable defects.  Ordinarily, five calendar days from the date of the notice to the inmate is reasonable for resubmission at the institution level; at least 10 calendar days at the CCM or regional offices; and 15 calendar days at the Central Office.

      (3)  <u>Criteria for Rejection</u>.  When deciding whether to reject a submission, Coordinators, especially at the institution level, 'should be' flexible, keeping in mind that major purposes of this Program are to solve problems and be responsive to issues inmates raise.  Thus, for example, consideration should be given to accepting a Request or Appeal that raises a sensitive or problematic issue, such as medical treatment, sentence computation, staff misconduct, <u>even though that submission may be somewhat untimely</u>. *YEAH RIGHT, A.S.*

   [c.  <u>Appeal of Rejections</u>.  **When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection, including a rejection on the basis of an exception as described in §542.14 (d), to the next appeal level.  The Coordinator at that level may affirm the rejection, may direct that the submission be accepted at the lower level (either upon the**

*USDC/D.C. Custard Civil Action*

*PLTF'S Exhibit C-10*

PS 1330.13
CN-03, 10/07/97
Page 11

inmate's resubmission or direct return to that lower level), <u>or</u>
<u>may accept the submission for filing</u>.  The inmate shall be
informed of the decision by delivery of either a receipt or
rejection notice.]

12.  [<u>RESPONSE TIME</u>  §542.18.  If accepted, a Request or Appeal
is considered filed on the date it is logged into the
Administrative Remedy Index as received.  Once filed, response
shall be made by the Warden or CCM within 20 calendar days; by
the Regional Director within 30 calendar days; and by the General
Counsel within 40 calendar days.  If the Request is determined to
be of an emergency nature which threatens the inmate's
immediate health or welfare, the Warden shall respond not later
than the third calendar day after filing.  If the time period for
response to a Request or Appeal is insufficient to make an
appropriate decision, the time for response may be extended once
by 20 days at the institution level, 30 days at the regional
level, or 20 days at the Central Office level.  Staff shall inform
the inmate of this extension in writing.  Staff shall
respond in writing to all filed Requests or Appeals.  If the
inmate does not receive a response within the time allotted for
reply, including extension, the inmate may consider the absence
of a response to be a denial at that level.]

The date a Request or an Appeal is received in the Administrative
Remedy index is entered into SENTRY as the "Date Rcv", and <u>should</u>  *AY but
<u>be the date it is first received</u> and date-stamped in the   ISN'T.*
Administrative Remedy Clerk's office.  Notice of extension
ordinarily is made via SENTRY notice.

13.  <u>REMEDY PROCESSING</u>

a.  <u>Receipt</u>.  Upon receiving a Request or Appeal, the
Administrative Remedy Clerk shall stamp the form with the date
received, log it into the SENTRY index as received on that date,
and write the "Remedy ID" as assigned by SENTRY on the form.
Once a submission is entered into the system, any subsequent
submissions or appeals of that case shall be entered into SENTRY
using the same Case Number.  The "Case Number" is the
purely numerical part of the "Remedy ID" which precedes the
hyphen and "Submission ID."

*     All submissions received by the Clerk, whether accepted or
rejected, shall be entered into SENTRY in accordance with the
SENTRY Administrative Remedy Technical Reference Manual.        *

Sensitive issues, when the inmate claims that his or her safety
or well-being would be placed in danger if it became known at the
institution that the inmate was pursuing the issue, should be
withheld from logging in until answered and/or should be logged
into SENTRY with sufficient vagueness as to subject code and
abstract to accommodate the inmate's concerns.

USDC / D.C. _Custradl ina Action_    [ PLA'S EXHIBIT C-11 ]

P.S. 1330.13
December 22, 1995
Page 12

A Request should be submitted and logged in at the institution    BUT
where the inmate is housed at the time the inmate gives the    ABSOLUTELY
Request to the counselor or other appropriate staff member. If    DEFINATELY
the event(s) occurred at a previous institution, staff at that    IS NOT.
previous institution shall provide, promptly upon request, any
investigation or other assistance needed by the institution
answering the Request. If an inmate is transferred after
giving the Request to a staff member, but before that Request is
logged in or answered, the institution where the Request was
first given to a staff member remains responsible for logging and
responding to that Request.

b. <u>Investigation and Response Preparation</u>. The Clerk or
Coordinator shall assign each filed Request or Appeal for
investigation and response preparation. Matters in which
specific staff involvement is alleged may not be investigated by
either staff alleged to be involved or by staff under their
supervision.

<u>Allegations of physical abuse by staff shall be referred to the</u>    GOOD LUCK
<u>Office of Internal Affairs (OIA)</u> in accordance with procedures    W. IN THAT !
established for such referrals. Where appropriate, e.g., when    (MAYBE
OIA or another agency is assuming primary responsibility for    1 - IN A - MILLION)
investigating the allegations, the response to the Request or
Appeal may be an interim response and need not be delayed pending
the outcome of the other investigation.

Requests or Appeals shall be investigated thoroughly, and all
relevant information developed in the investigation shall
ordinarily be supported by written documents or notes of the
investigator's findings. Notes should be sufficiently detailed
to show the name, title, and location of the information
provided, the date the information was provided, and a
full description of the information provided. Such documents and
notes shall be retained with the case file copy. When deemed
necessary in the investigator's discretion, the investigator may
request a written statement from another staff member regarding
matters raised in the Request or Appeal. Requested staff shall
provide such statements promptly. For a disciplinary Appeal, a
complete copy of the appealed disciplinary actions record shall
be maintained with the Appeal file copy.

c. <u>Responses</u>. <u>Responses ordinarily shall be on the form</u>    NEVER. I HAVE
<u>designed for that purpose</u>, and shall state the decision reached    NEVER REC'D
and the reasons for the decision. The first sentence or two of a    A RESPONSE
response shall be a brief abstract of the inmate's Request or    " ON THE FORM
Appeal, from which the SENTRY abstract should be drawn. This    DESIGNED FOR
abstract should be complete, but as brief as possible. The    THAT PURPOSE."
remainder of the response should answer completely the Request or
Appeal, be accurate and factual, and contain no extraneous
information. The response should be written to be released to
any inmate and the general public under the Freedom of

*USDC (D.C. Custard Civil Action*

*...tf's Exhibit C-12*
P.S. 1330.13
CN-01, April 24, 1996
Page 13

Information Act (FOIA) and the Privacy Act.  Inmate names shall
not be used in responses, and staff and other names may not be
used unless absolutely essential.

Program Statements, Operations Memoranda, regulations, and
statutes shall be referred to in responses whenever applicable,
including section numbers on which the response relies.

d.  <u>Response Time Limits</u>.  Responses shall be made as required
in Section 11 of this Program Statement. *Bullshit Unmitigated Bullshit.*

e.  <u>Index Completion</u>.  When a response is completed, the Clerk
shall update SENTRY in accordance with the SENTRY Administrative
Remedy Manual and the instructions in Attachment A.  Particular
attention should be paid to updating the status date, code, and
reason, and to making any changes to the subject code and
abstract indicated by the Coordinator or by the response drafter.
The abstract shall be taken from the response's first paragraph.
Abbreviations may be liberally used, as long as they are easily
understood, to allow as complete a description of the issue in
the 50 characters allotted.  For consistency, the Administrative
Remedy Coordinator shall approve the closing entry, including the
subject codes, status code and reason, and abstract before the
closing entry is made by the Clerk.

f.  <u>Response Distribution</u>.  For an institution response, one
copy of the complete Request and response shall be maintained in
the Warden's Administrative Remedy File together with all
supporting material.  Three copies shall be returned to the
inmate.  An inmate who subsequently appeals to the regional or
Central Office shall submit one copy with each appeal.

One copy of a Regional Appeal and response shall be retained at
the regional office.  One copy shall be sent to the Warden at the
original filing location.  The remaining two copies shall be
returned to the inmate; one to submit in case of subsequent
appeal to the Central Office, and one to retain.

One copy of a Central Office Appeal and response will be
returned to the inmate.  One copy will be retained in the Central
Office Administrative Remedy File, one copy will be forwarded to
the regional office where the Regional Appeal was answered, and
one to the Warden's Administrative Remedy File at the original
filing location.

g.  <u>File Maintenance</u>.  The Warden's Administrative Remedy File
and Administrative Remedy Files at the Regional Offices and
Central Office shall be maintained in a manner that assures case
files are readily accessible to respond to inquiries from Federal
Bureau of Prison staff, inmates and the public.  Institutions
shall file Regional and Central Office response copies with the
inmate's institution submission copy.  Regional offices shall
file copies of Central Office responses with the inmate's
Regional Appeal file.  Each location shall maintain copies of
supporting material and investigation notes with the case file.  *

*USDC/D.C. CUSTARD CIVIL ACTION*

*PLTF'S EXHIBIT D-1*

## RESPONSE TO INMATE REQUEST TO STAFF MEMBER

*BP-230*

**Name:** CUSTARD, Bob A. — *Exhibit B To 7/24/06 Rejected ADX BP-228 # 421041*

**Register Number:** 02728-031          **Unit:** E04-205

This is in response to your Inmate Request to Staff Member ("Cop-out") dated July 6, 2006, and received in this office on July 7, 2006. You request to receive sixteen BP-228 (Informal Resolution Forms) at one time or, as an alternative, be exempt from the 20 calendar day rule. This is to assist you in your PLRA Exhaustion of Prison Grievance Procedures.

A review of the issue raised in your request was conducted. The results of the review revealed that according to Institutional Supplement 1330.13G, Administrative Remedy Procedures for Inmates, "Ordinarily, only one informal resolution form will be issued at a time. This is not to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution." Also, you must submit the completed BP-229(13) to the Counselor within twenty calendar days of the date on which the issue arose. Accordingly, your request is denied.

I trust this response addresses your concerns.

*You CAN "TRUST" THAT I Am Going To Sue You; OVER Your MALICIOUS ILLEGAL PROCEDURAL DEFAULTING OF ME, You CAN "TRUST" THAT.*

R. Wiley, Warden

**JUL 1 8 2006**

Date

*ARBITRARY & CAPRICIOUS ILLEGAL 'LOCAL RULE' (INSTITUTIONAL SUPPLEMENT 1330. 13. G. (B.)(5).) OF BOP 1330.13 — WHICH IS MEANT SPECIFICALLY "TO IMPEDE AN INMATES ACCESS TO FORMAL REVIEW OF AN ISSUE" AND PURPOSELY & UNLAWFULLY USED THAT WAY AT ADX BY ADX WARDEN R. WILEY And ADX ADMINISTRATIVE REMEDY CO-ORDINATORS (W. MONTGOMERY &) K. REAR;*

*FALSEHOOD — IN 3 YEARS I HAVE N-E-V-E-R HAD ANY ADX UNIT TEAM MEMBER E-V-E-R EVEN O-N-C-E TALK TO ME ABOUT TRYING TO INFORMALLY RESOLVE A-N-Y BP-8;*

*THIS 7/18/06 RESPONSE TO MY 7/6/06 FORMAL REQUEST FOR ADEQUATE BP-8's, SAME DENIALS CIVIL DAYS BEFORE I SUBMITTED PROBLEMS 421037; 421048; 421041 — CENSORED FOR NO BP-8's PROVES KNOWING & INTENTIONAL LONG-DR-GOING-ILLEGAL MANIPULATIONS OF ADX AD-REMS.*

PLAINTIFF'S EXHIBIT D-2

To: R. Wiley, CEO, Florence, ADX,
K. Rear, Executive Act., Florence ADX,
C. Synsvoll, Chief Legal Counsel, Florence, ADX.

BP-228

EXHIBIT A Is The Chronological ADX Form # 421041

7/06/06

FORMAL WRITTEN REQUEST

From:
Bob Allen Custard
Reg. No. 02728-031
ADX – Florence
PO Box 8500
Florence, CO 81226

RE: Refusal Of ADX Executive Staff — Per The Orders And Direct Instructions Of Each Of You — To Provide Adequate Amounts Of Bureau Of Prisons Administrative Remedy Procedure Forms BP-228 & BP-229's — For The Mens Rea Unlawful Purposes Of Stymieing & Thwarting The Congressional PLRA Requirement To File Civil Actions

The Prison Litigation Reform Act (PLRA) Mandates That All Claims Presented In Federal Court By A U.S. Prisoner First Be Administratively Exhausted. 42 USC 1997 Et Seq. The Bureau Of Prisons (BOP) Requires That All Complaints By Prisoners Be Submitted "On The 'Appropriate' Form (BP-229) Within 20 Calendar Days Following The Date On Which The Basis Of The Complaint Or Request Occurred." —— Before Submitting The Form a BP-9 The Prisoner "Must Attempt" An Informal Resolution (BP-8) Form. 28 CFR 542.14 & 542.13 Respectively.

However, No Prisoner At ADX Can Obtain E-1-T-H-E-R The BP-8 Or BP-229 Form Except From ADX Staff. Moreover, ADX BP-8's Are Issued On A 'One-At-A-Time' Basis Only And A Second One Is Not Provided Until The First One Is Responded To — (At A Minimum No Less Than 5 Business Days) And Often 2 Or More Weeks & Beyond — Consequently, When 3 Or More Grievable Incidents Occur Within "20 Calendar Days" Under Your Orders & Direct Instructions It Is Impossible To Comply With The Statutory Requirements Of The PLRA Because Of The "20 Calendar Days" Resolution & The "One At A Time" BP-228 Worn Rule Every 5 Business Days" —— The Effect Of Which Is To Stymie And Purpose Of Which Is To Thwart The (a) Filing Of Federal Civil Action And/Or (b) Disingenuously & Unlawfully Lay Foundation For A Failure To Exhaust Administrative Remedies Affirmative Defense To Any Federal Civil Action.

Within The Last 18 Days I Have Been Subjected To Approximately 16 Constitutionally Impermissable Action, Practices, Or Omissions; Including But Not Limited To: (a) Threats By ADX Executive And Security Staff For The Lawful Assertion Of My 1st, 5th, And 8th Amendment Rights; (b) Constitutionally Violative Conditions Of Confinement (c) Constitutionally Violative Programs; (d) Threats By ADX Staff To Murder Me, Beat Me, & Issue Me False Disciplinary Reports, 'Plant' 'Shanks' And Other Criminal Contraband In My Quarters — And On My Person (While I Am In Chains) And Otherwise Retaliate Against Me For My Lawful Assertion Of My Constitutional Rights, Inter Alia. —— And Each Incident "Must Be" Separately Included On Individual BP-228 And BP-229 Forms & Which I Can Only Obtain From ADX Executive Staff. —— ADX Echo Unit Team Staff — Of Whom Mark Collins Told V Nudeau "No Do Not Give 'Custard Any BP-8's" On/About Jan R 30, 2006 Stating "He (Custard) "Can't File Any Lawsuits Against Me If He (Can't Get Any BP-8's & 9's" —— And Which They Too Refused BP-8's To Me On June 27, June 28, July 5, & July 6, 2006 Stating "No. If You Any Get Grievance Forms You Can't File Lawsuits, We Know" That." —— Judicially Noticeable Is The Fact That Both Haywood & Collins Know I Am Currently Suing Them In Colorado Civil Actions 6-1036 & 66-1114 —— And That I Was Refused Adequate Administrative Remedy Forms Many Times Before

REQUEST

Is Therefore And As Grounds And Reasons And Material Facts Respectfully Set Forth Above That I Formally Request, In Writing, Sixteen (16) BP-228 Administrative Remedy Forms At Once - Or - In The Alternative I Demand To Be Exempted, In Writing, From The "20 Calendar Days" Rule 'Order That I May Be Able To Physically Exhaust Said Administrative Remedies That Arrive

*UNC/D.C. CIVIL ACTION*

*PLTF'S EXHIBIT D-3*

## RESPONSE TO INMATE REQUEST TO STAFF MEMBER

NAME: **Custard, Bob**

Register Number:    **02728-031**              Unit:    E

This is in response to your Inmate Request to Staff Member ("Cop-out") dated June 1, 2006, in which you contend the Administrative Remedy Coordinator thwarts PLRA Exhaustion of Prison Grievance Procedures. You allege this based on the fact the cover page of your Administrative Remedy appeal responses are date stamped despite your continued requests that the ADX alter their procedures to meet your requirements for date stamping. As a result, you contend this proves nothing.

*Without The Administrative Remedy I.D. Number*

A review of the issue has been conducted. It has been discovered that the date of response from the Regional or Central Office is maintained on our computer system, and the date received in the Warden's Office is stamped on the cover page of the Administrative Remedy Response. These cover sheets are computer generated at the Regional Office or Central Office level, and do not contain the number of the Administrative Remedy. This proves that the response was received in the Warden's Office on the date stamped.

*That is what I said. Duh.*

Since January, 2006, you have received responses for 72 Administrative Remedies, showing no indication that your PLRA Exhaustion of Prison Grievance Procedures have been violated. Although the method used to record receipt of remedies does not meet your approval, there is no validity to your claim this circumvents your appeal rights.

*Irrelevant - I Needed To File Twice. That Ma'am But You Ultimately Denied Me Adequate Forms.*

I trust this addresses your concerns.

*Oh Yes There Is. As Everyone Will See; In Court.*

R. Wiley, Warden

JUN 0 7 2006

Date

*PLUS Malicious Subterfuge - As This Number Counts 1 - Administrative Remedy Again & Again At Each Level Which Is Not Even Clever - But Does Show Reviewers Thereof Exactly The Type Of Underhandedness These Defendants Routinely Operate. (IE: This Response For Defendant Wiley Provided To Him By Defendant Krear)*

*USDC/D.C. Custard Civil Action*

**BP-229 RESPONSE**

**Name:  CUSTARD, Bob**

*Pltf's Exhibit E*

**Case Number:  413731-F2**

**Register Number:  02728-031**

Your Request for Administrative Remedy dated May 10, 2006, and received on June 2, 2006, has been reviewed.  Specifically, you request staff maintain log books for outgoing legal mail, Informal Resolution Forms, and paperwork given to staff for copies.

A review of the issues raised in your Request for Administrative Remedy has been conducted.  The results of the review reveal staff currently maintain a log book in the mail room of outgoing legal mail only when accountable mail services (e.g., certified mail) are utilized.  Copies of Informal Resolution Forms are only maintained upon completion of the Administrative Remedy Process.  Staff do not maintain log books of documents inmates submit for copying, nor are they required to do so.

Accordingly, your Request for Administrative Remedy is denied.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

JUN 1 9 2006

R. Wiley, Warden

Date

*And will, eventually, be intentionally, maliciously, & illegally "rejected" [see Pltf's Exhibit ] to 'procedurally default' you 'pursuant to' Woodford, U.S.C.t. # 05-416 which now gives US U.S. Prison Officials Carte Blanche to knowing abuse you & codes of Federal Regulations, & BOP Policy & ADX Policy to maliciously thwart PLRA Exhaustion mandates on this and all other meritorious prisoner administrative remedy requests & meritorious complaints by blatant unlawful manipulation.*

*USDC / D.C*
*Custard Civil Action*

RESPONSE TO INMATE CORRESPONDENCE

*PLTF'S EXHIBIT F*

**CUSTARD, Robert A.**

**ADX**

**Registration No.: 02728-031**

**Unit: Z - 207**

*→ WHICH YOU*
*REFUSED TO D.*

This is in response to your request to my office of August 21, 2006, in which you ask me to order Mrs. Rear and Mr. Haygood to provide you with administrative remedy forms. You claim that their conduct is in violation of Institutional Supplement 1330 G (5) (B), and denies you access to the courts. A review of your request has been conducted and it has been determined that this matter was handled appropriately by both Mrs. Rear and Mr. Haygood in this situation. *— WHO TAKES 9-DAYS TO ANSWER BP-8's.*

Section G (5) (B) of Institutional Supplement 1330.13 G, Administrative Remedy Procedures for Inmates, states in part that:

*TO MALICIOUSLY STYMIE ← AND PROCEDURALLY DEFAULT MERITORIOUS ADMINISTRATIVE REMEDIES-*

Unit Counselors are responsible for issuing the Informal Resolution Form upon inmate request. *Ordinarily, only one Informal Resolution form will be issued at a time.* This is not meant to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution.

*→ BUT IRREFUTABLY DOES KNOWN TO YOU.*

(Emphasis added). At this time your unit team and I are unaware of any sensitive, medical or problematic issue, that would necessitate you receiving more than one BP-8 form at a time. Therefore, Mr. Haygood's and Mrs. Rear's conduct is in accordance with the institutional supplement. *SEE MY 7/06/06 REQUEST TO WARDEN THEN. DUH.*

*WRONG LIE ← SEE EXHIBIT A*

As for your claim that this conduct prohibits you from accessing the courts in a timely manner, a review of the time frame reveals that this is not the case. The BP-8 was issued to you on July 21, 2006, and you returned it to Mr. Haygood on July 24, 2006. On August 1, 2006, a BP-9 was issued to you, which you formally filed on August 4, 2006. Although it took nine days for the unit team to provide you a response and a BP-9, this did not violate policy as clearly states in 1330.13 G (5) (C) that *ordinarily* unit staff will complete the attempt at informal resolution within three (3) days." Even though this did not happen in this case, you still started the administrative remedy process within 20 days of the date of the incident that gave rise to your concern, and therefore you were not prohibited from exhausting the administrative remedy process.

*MISSTATING THE FACTS SEE CLAIM I OF COMPLAINT.*

*WHICH 3-OTHERS WERE REJECTED BECAUSE I COULD NOT GET A BP-8 (#'S 421039, 421040, & 421041) ← OH YES I WAS-ON ALL 3 OF THESE*

If you believe that you have a valid issue, complaint, or concern, I encourage you to file an Administrative Remedy. *YEAH RIGHT - I CAN'T GET ENOUGH FORMS FOR THE ONES I NEED TO FILE NOW ALREADY — WHAT A STUPID RESPONSE.*

I trust this information will be of assistance.

M. Cruz, Associate Warden - Programs

9-14-6

Date

USDC/D.C. Custard Civil Action

PLTF'S EXHIBIT G

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 29, 2006

OCT 03 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO :   BOB ALLEN CUSTARD, 02728-031
       FLORENCE ADMAX USP        UNT: E
       PO BOX 8500                         QTR: Z03-207LAD
       FLORENCE, CO 81226

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 413731-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED  : SEPTEMBER 22, 2006
SUBJECT 1      : OTHER OPERATIONS      ?    About Malicious Purposeful "Procedurally Defaulting"
SUBJECT 2      :                            BOP Administrative Remedys & Appeals After Refusing
INCIDENT RPT NO:                            To Receipt Them

REJECT REASON 1: YOUR APPEAL IS UNTIMELY. CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE. THIS TIME LIMIT INCLUDES MAIL TIME.

REMARKS        : YOU MUST PROVIDE STAFF VERIFICATION ON BOP
                 LETTERHEAD DOCUMENTING THAT THE UNTIMELY FILING
                 OF THIS APPEAL WAS NOT YOUR FAULT.

Only Because 'Dolly' Mr. Madison ADX Echouncs 'Counselor'
Went On Vacation With It On His Desk For Two Weeks Then
Intentionally & Maliciously 'Slow Played' Mailing It Even
Longer To Illegally "Procedurally Default" This
Meritorious Grievance That Is Not About "Other Operations"
But Maliciously Refusing To Properly Receipt Ad. Rem. Postings
(Mailing Or Appears) To Procedurally Default As "Mail Time"
Untimely — While Laughingly & Maliciously Refusing
To "Provide 'Staff Verification'" "On BOP Letterhead" That
The [Staff Intentionally] Untimely Filing Was Not "My
"Fault"!

'Yeah Right'
'Good Luck'
Getting That!

Civil Action- USDC (D.C.
Custard V. Lappin, Et Al.

FORMAL WRITTEN REQUEST

PLTF'S EXHIBIT H

To: Mr Madison / ADX Echo Unit 'Counselor'          Oct 03, 2006
From: Bob Custard / U.S. Prisoner / Reg No. 02722031  12-03-207

Sir,

BOP Administrative Remedy Appeal # 413731 Was "Rejected" As "Untimely"
On 9/29/06 Stating It Had Been "Received September 22, 2006".

That BP-11 As Dated The Same Day I Gave It To You Unit Team On
"8/24/06" Where It Stayed On Your Desk And File During Vacation, And/Or
Otherwise For Nearly A Month Until You Maliciously Belatedly Then Mailed
It + To Maliciously & Illegally "Procedurally Default" My Meritorious
Grievances Regarding Your Maliciously Refusing To Properly Receipt Address.
And Address Appeal Legal Mailings — Which At ADX Have To Go Thru You.

" Thus I Formally Request, In Writing, That You Therefore :
Provide Staff Verification On BOP Letterhead Documenting That The
[So-Called] Untimely Filing Of An Appeal [# 413731] Was Not [My]
Fault. "

Sincerely,

B Bob

CC: Personal Files / ~~Possible~~ Federal Court Exhibit.

Reviewers Hereof
Please Notice That
Mr Madison — To Perpetuate
Civil Conspiracy With The Other
Defendants — Refused To Respond
To This Formal Written Request —
In Fact - Out Of 2 Dozen Or
More Formal Written Requests To
Him Over Months He Has Never
Responded, Verbally Or In Writing,
To A Single One In His Unlawful
Attempts To Obfuscate And Illegally
Conceal Evidence On This And Other
Meritorious ADX Prisoner Grievances.

U.S. Department of Justice *REVIEWER THIS UP OF REACH NOTE* **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons *THE BP-23, JANUARY '81 7/06 WAS REC'D VIA INTERNAL ATTACH ON 8/23/06. THIS 8-7-06 — TO — 8/23/06 AS EQUITABLE TOLLED.*

Type or use ballpoint pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: CUSTARD BOB A.    02728031    ZEBRA    FLORENCE ADX
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** TO PLRA EXHAUST BEFORE BRINGING FEDERAL CIVIL ACTION THE STATEMENT OF CLAIM OF WHICH WILL BE CIVIL CONSPIRACY TO OBSTRUCT JUSTICE AND VIOLATE 1ST AMEND BY BOP ACTORS HEREIN VIA THE FUNDAMENTALLY UNFAIR & KNOWN FUNDAMENTAL & UNFAIR UNLAWFUL CONDUCT OR UNLAWFULLY MACHINATING & UNLAWFULLY MANIPULATING TITLE 28 CODE OF FEDERAL REGULATIONS PART 542. ET SEQ., AND BOP P.S. 1330. 13 & ADX I.S. 1330.13G.(5)(B) TO PURPOSELY CAUSE BOP TO FAIL ON BOP ADMINISTRATIVE REMEDY EXHAUSTION BY CONSPIRING TO, AND CAUSING TO (PRISONERS) OCCUR IMPOSSIBLE PROCEDURAL HURDLES TO KNOWINGLY, PURPOSEFULLY, MALICIOUSLY AND ILLEGALLY, ARBITRARILY AND CAPRICIOUSLY UNLAWFULLY, BY CIVIL CONSPIRACY AND OTHER UNNATURALLY AND UNLAWFULLY CAUSE NON-FINALIZATION & OVERWISE PROCEDURAL DEFAULT OF 28 CFR 542.14 (2) INTER ALIA — AS WAS DONE IN #42103, 42040, & 41041. ————— THAT'S OK— THIS IS THE CASE U.S.S.Ct. WHICH STEVENS SPEAKS TO IN HIS DISSENT (W/ BREYER, GINSBURG, & SOUTER) IN WOODFORD, #05#416.

8/28/06 DATE    CC: PERSONAL FILES/ POSITIVE EXHIBIT.    SIGNATURE OF REQUESTER    BS/ B

**Part B - RESPONSE**

USDC/ DISTRICT OF COLUMBIA   CIVIL ACTION
CUSTARD V WATTS, ET AL.

PLTF'S EXHIBIT I

RECEIVED
SEP 22 2006
Administrative Remedy Section

    DATE
ORIGINAL: RETURN TO INMATE     GENERAL COUNSEL
    CASE NUMBER: 413731
**Part C - RECEIPT**
    CASE NUMBER: 413731

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

    DATE     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

U.S. Department of Justice

Federal Bureau of Prisons

*SEE: THE "9-10 EXHIBIT C* Central Office Administrative Remedy Appeal
*AND "DO THE MATH" ON THE BP-9 "9/24/06" RETRACTION RESPONSE" WITH*

16 Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13). including any attachments must be submitted with this appeal.

From: CUSTARD, ROB A.        02724031        ZEBRA        FLORENCE ADX
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A - REASON FOR APPEAL    IN HOPES THAT BOP NATIONAL WILL DO EXACTLY AS BOP NC REMAND AND BOP ADX AND REJECT THIS WHO EVEN ACCORDING THE FACT THAT:

(a) I WAS REFILING A TIMELY BP-8 SO I FIRSTLY FILED A BP-9 WITHOUT A BP-8 → SEE TOP OF BP-8 ← SO NOTHING THEREON;

(b) THIS BP-9 (& 3-OTHERS ALL ON SAME DAY) WAS REJECTED STATING: "YOU MUST RESUBMIT USING BP-8" WITHIN 5-DAYS";

(c) FIRST OF ALL REJECTING 3-BP-9's ON SAME DAY & DEMANDING RESUBMITTAL OF ALL 3 "WITHIN 5-DAYS" IS FACTUALLY A MATHEMATICAL IMPOSSIBILITY IN LIGHT OF ADX IS 1330.13G.(5)(B) (d) AND SECONDLY — AS THE BP-230 EXHIBIT PROVES FROM THE VERY DAY OF THE RETRACTION (9/24/06) UNTIL NINE DAYS LATER (8/01/06) I WAS ALSO DENIED ANY BP-8's WHILE ADX OFFICIALS VIOLATED THEIR OWN INST. POLICY STATEMENT SUPPLEMENT 1330.13G.(5)(B).

— NATIONAL REVIEWERS — READ THE BP-9 & BP-10 & EXHIBITS OR READ THEM IN COURT. THEREFORE THE UNDERLYING BP-9 & BP-10 ARE ERRONEOUSLY REJECTED BY TAKING PLRA. — SEE DISSENT OF WOODFORD.

8/24/06    DATE    CC: PERSONAL FILES / COUNSEL EXHIBIT.        SIGNATURE OF REQUESTER   [signature]

Part B - RESPONSE

USDC / DISTRICT OF COLUMBIA CIVIL ACTION
CUSTARD V WATTS, ET AL.

PLTF'S EXHIBIT J

RECEIVED
[stamp]
Administrative Remedy Section

_____
DATE

ORIGINAL: RETURN TO INMATE

Part C - RECEIPT

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
DATE

GENERAL COUNSEL
CASE NUMBER:   421040

CASE NUMBER:   421040

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USDC/ D.C. Custard Civil Action

PLTF'S EXHIBIT K

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: AUGUST 16, 2006

RECEIVED

AUG 23 2006

ADX Warden's Office

FROM: M. Fields
ADMINISTRATIVE REMEDY COORDINATOR
NORTH CENTRAL REGIONAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031    UNT:    QTR: J01-115L
       FLORENCE ADMAX USP
       PO BOX 8500
       FLORENCE,  CO 81226

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 421039-R1         REGIONAL APPEAL
DATE RECEIVED   : AUGUST 14, 2006
SUBJECT 1       : MEDICAL CARE – DELAY OR ACCESS TO
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

That's Right – But Only Because I Was
Unconstitutionally & Illegally Deprived
Of An Adequate Amount Of Informal
Resolution Forms TO Be Able To
Submit One. – DUH – See Other Exhibits

I Asked – 6 BOP
Officials FOR "THE
Necessary Evidence"
But They Threw My
Written Request In The
Trash And Refused To Respond.

But I Cannot
"File A BP-9" Without
A 'BP-8' Which I Was
Unconstitutionally & Illegally
Deprived See Other Exhibits Also.

*USDC / D.C. Custard Civil Action*

*PLTF'S EXHIBIT L*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 16, 2006

*n. fields*

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTH CENTRAL REGIONAL OFFICE

RECEIVED
AUG 23 2006
ADX Warden's Office

TO   : BOB ALLEN CUSTARD, 02728-031
FLORENCE ADMAX USP    UNT A    QTR: J01-115L
PO BOX 8500
FLORENCE, CO 81226

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID     : 421040-R1       REGIONAL APPEAL
DATE RECEIVED : AUGUST 14, 2006
SUBJECT 1     : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
AT THIS LEVEL.

REMARKS       : SECURITY PROCEDURES WILL NOT BE DISCUSSED WITH
INMATES

*Because — And Only Because I Was Illegally Deprived Of An Adequate Amount Of "Informal Resolution" Forms. —DUH—*

*I Formerly Requested, From Six BOP-ADX Staff Members (Defendants Herein) For Legitimate And "Necessary" Assistance TO Provide "The Necessary Evidence" All Threw Away My Formal Written Request And Were Illegally Refused To Respond TO My Formal Written Request.*

*Very Funny. When You Knew I Was Maliciously Procedurally Defaulted By Illegal Deprivation Of An Adequate Amount Of Informal Resolution Forms So I Could Not "File".*

NSDC / D.C. *CUSTARD CIVIL ACTION*

PLTF'S EXHIBIT M

REJECTION NOTICE - ADMINISTRATIVE REMEDY

RECEIVED

DATE: AUGUST 15, 2006

AUG 23 2006

ADX Warden's Office

for m. Fields

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTH CENTRAL REGIONAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-021     UNT:      QTR: J01-115L
FLORENCE ADMAX USP
PO BOX 8500
FLORENCE,  CO 81226

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID         : 421041-R1           REGIONAL APPEAL
DATE RECEIVED     : AUGUST 11, 2006
SUBJECT 1         : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2         :
INCIDENT RPT NO:

REJECT REASON 1:  YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2:  YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
5 DAYS OF THE DATE OF THIS REJECTION NOTICE. NO I CAN'T
BDP-ADX STAFF REFUSED TO PROVIDE AN ADEQUATE AMOUNT OF
ADMINISTRATIVE REMEDY FORMS TO DO S.

BECAUSE - AND ONLY BECAUSE I WAS ILLEGALLY DEPRIVED
OF AN ADEQUATE AMOUNT OF "INFORMAL RESOLUTION" FORMS.
— DUH—

VERY FUNNY-
WHEN YOU KNOW
I WAS MALICIOUSLY
PROCEDURALLY
DEFAULTED BY
ILLEGAL DEPRIVATION
OF AN ADEQUATE
AMOUNT OF INFORMAL
RESOLUTION FORMS
SO I COULD NOT "FILE".

I FORMALLY REQUESTED, FROM SIX BDP-ADX STAFF
MEMBERS (DEFENDANTS HEREIN) FOR LEGITIMATE
AND "NECESSARY" ASSISTANCE TO PROVIDE "THE NECESSARY EVIDENCE"
ALL THREW AWAY MY FORMAL WRITTEN REQUEST AND ALL
ILLEGALLY REFUSED TO RESPOND TO MY FORMAL WRITTEN REQUEST.

_iu SDC / D.C. CusTARD Civil ACTion_

_PLTFs ExHibiT N_

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: MARCH 6, 2006

_n. Fulds_

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

RECEIVED

MAR 1 4 2006

ADX Warden's Office

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP    UNT: E    QTR: E04-209L
      PO BOX 8500
      FLORENCE,  CO 81226


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 402321-R1       REGIONAL APPEAL
DATE RECEIVED   : FEBRUARY 24, 2006
SUBJECT 1       : NON-MEDICATION/PRESCRIPTIONS-BED BOARDS, IDLES, ETC.
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

_I CANNOT "FILE A BP-9 'FIRST'!" BECAUSE BOP-ADX STAFF
UNCONSTITUTIONALLY & ILLEGALLY DEPRIVED ME OF AN ADEQUATE
AMOUNT OF ADMINISTRATIVE REMEDY (BP-228) INFORMAL RESOLUTION FORMS.
DUH._

USAC / District Of Columbia Civil Action
Custard V Watts, Et Al.,

**FLM 1330.13g**
**Attachment 1**



Pltf's Exhibit O

### USP ADMINISTRATIVE MAXIMUM
### FLORENCE, COLORADO
### <u>INFORMAL RESOLUTION FORM</u>

Inmate Name: _____  Reg. No. _____
       Unit: _____          Date: _____

<u>**NOTICE TO INMATE**</u>:  You are advised that normally prior to filing a Request for Administrative Remedy, (BP-DIR-13), you **must** attempt to informally resolve your complaint through your Correctional Counselor.  Please follow the three steps listed below:

1.    State your complaint: _____
      _____
      _____
      _____

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page.  You must also submit one copy of supporting exhibits.  (Exhibits will not be returned with the response to BP-229(13) responses.))

2.    State what actions you have made to informally resolve your complaint: _____
      _____
      _____
      _____

3.    State what resolution you expect: _____
      _____
      _____
      _____

Inmate's Signature: _____  Date: _____

**Correctional Counselor's Comments (Steps to Resolve):**_____
_____
_____

**Counselor's Signature:** _____  **Date:** _____
**Unit Manager's Review:** _____  **Date:** _____
**Informally Resolved:** _____  **Date:** _____

|  | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | EXECUTIVE STAFF |
|---|---|---|---|---|---|
| **DATE** |  |  |  |  |  |
| **TIME** |  |  |  |  |  |
| **COUNSELOR** |  |  |  |  |  |

**U.S. DEPARTMENT OF JUSTICE**                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

USDC / District Of Columbia

Custard v Lappin, Et Al.

| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

Civil Action

Pltf's Exhibit P

| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**SECOND COPY: RETURN TO INMATE**                    CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _____
        LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**

USDC / District Of Columbia

Fletcher V Carroll, C. M.

_____         _____
        DATE                             SIGNATURE OF REQUESTER

**Part B - RESPONSE**

No Action

Plff's Exhibit Q

_____         _____
        DATE                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE           CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                                     CASE NUMBER: _____

**Part C - RECEIPT**

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____         _____
        DATE                       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

                                                              BP-230(13)

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

_USDC / District of Columbia_

_Prisoner of Conscience, Et Als._

| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

_Class Action_

_Part Exhibit R_

| DATE | GENERAL COUNSEL |

SECOND COPY: REGIONAL FILE COPY                          CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

USDC/D.C. _Custard v Watts Et Al_ Civil Action

PLTF'S EXHIBIT S

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 19, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      FLORENCE ADMAX USP

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP      UNT: E    QTR: E03-105L
      PO BOX 8500
      FLORENCE, CO 81226


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 382848-F1
DATE RECEIVED  : JULY 19, 2005      ADMINISTRATIVE REMEDY REQUEST
SUBJECT 1      : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 2: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                 OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                 NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 3: YOU DID NOT SUBMIT YOUR REQUEST THROUGH YOUR COUNSELOR, OR
                 OTHER AUTHORIZED PERSON.

From Waiting On ADX Staff To "Untimely" Answer The
Preceeding Informal Resolution Form (BP8);

Due To — And Due Only To — The FACT That BOP·ADX
Staff Maliciously Withheld An Adequate Amount Of Informal
Resolution Forms To Maliciously & Illegally Procedurally Default;
Greedily Relying On Woodford (USDC# 05-416) To 'Thwart By
Invitation' PLRA Exhaustion Mandates.

BP-230
EXHIBIT B    To ADX ADREM
421040

UNITED STATES PRISONER REQUEST
To BUREAU OF PRISONS STAFF MEMBER

PLTF'S EXHIBIT I

("ON A PIECE OF PAPER "PER HOOD & WILEY DIRECTIVES — AND — PURSUANT TO BOP-P.S. 5511.07
A RESPONSE, IN WRITING, IS RESPECTFULLY -AND- SPECIFICALLY REQUESTED.)

| NAME | TITLE | DATE JULY 128/2006 |

To: W. HAYWOOD / A.D.X. EXECUTIVE

FROM: BOB A. CUSTARD / U.S PRISONER Reg. N. 02728-03/ABU GHRAIB OF THE ROCKIES FLORENCE ADX

SIR,

FOR THE FIFTH DAY IN A ROW — I REQUEST THREE (3) BP-8's
FOR ADX ADMINISTRATIVE REMEDIES FORM BP-229's WHICH I HAD TO
SUBMIT WITHIN BP-8's BECAUSE YOU, M. COLLINS; V. SUDLOW; R. WILEY
(PER R. WILEY'S "DENIED" THE 7/18/06 "RESPONSE TO REQUEST TO STAFF MEMBER"
OF 7/06/06) AND K. REAR HAVE UNLAWFULLY REFUSED TO PROVIDE ME WITH
ADEQUATE BOP BP-228 INFORMAL RESOLUTION FORMS TO PURPOSELY THWART
BOTH 28 CFR 542.14 (a) & ACT OF CONGRESS PRISON LITIGATION REFORM ACT'S BOP
ADMINISTRATIVE REMEDY EXHAUSTION MANDATES. AND WHILE K. REAR'S REJECTION
OF ALL THREE BP-229's (#'S 421059; 421040; AND 421041) DEMANDS:
"RESUBMIT [ALL THREE WITH BP-8.] WITHIN 5 DAYS"

REQUEST: SAID THREE (3) BP-8's TO RESUBMIT SAID THREE (3) BP-229's SINCE
YOU, PER YOUR ADX EXECUTIVE POSITION CONTROL SAID FORMS - AND ARE THE ONLY PLACE
FROM WHOM I CAN OBTAIN SAID FORMS DEMANDED BY ADX ADMINISTRATIVE REMEDY CO-ORDINATOR K. REAR

(CC: PERSONAL FILES / POSSIBLE EXHIBIT)    RESPECTFULLY SUBMITTED,

RESPONSE / DISPOSITION:

W. HAYWOOD, / NOT AT ANY / GREATER ADX / ECHELON UNIT TEAM / MEMBER EVEN "MENTAL ROBOTS" / WOULD I.D. THE / DISCLOSURE / ON REVIEW / SEE TIMELY / FALSE DATE.

PROVES I TRIED
DILIGENTLY TO COMPLY
BUT COMPLIANCE INVOLUNTARILY
MADE IMPOSSIBLE BY ADX
BOP PRISON EXECUTIVES. ✗

STAFF MEMBER /S/    |    DATE:

REPLACES 148.070 — PER P.S. 5511.070 — MAY BE DUPLICATED BY COPYING — BAC-2 — JAN. 2006

BP-130 Exhibit A to
Adm No. 8+ -# 421040

*Plr's Exhibit U*

**UNITED STATES PRISONER REQUEST**
**TO BUREAU OF PRISONS STAFF MEMBER**

("On A Piece Of Paper" Per Hood & Wiley Directives — And — Pursuant To BOP-P.S. 5511.07
A Response, In Writing, Is Respectfully -And- Specifically Requested.)

| **NAME** | **TITLE** | **DATE** (July 26/2006) |
|---|---|---|

To: W. Haywood / Correctional Counselor /

From: Bob A. Custard / U.S. Prisoner Reg No. 02128034/ Abu Garab Of The Rockies Florence ADX

Sir,

As You Know K. Rear Rejected (On About 7/24/06) ADX Administrative Remedies (BP-229's That I Had To Submit — Pursuant To The "20 Calendar Days" Rule [28 CFR 542.14(a)]) # ADX 421039; 421040; 421041 ~~421042~~ ~~421043~~ Because You; R. Wiley; K. Rear; M. Collins; And V. Sudlow Unlawfully Denied Adequate BP-228's (Informal Resolution Attempt Form) To Adhere To Said 28 CFR 542.14(a) "20 Calendar Days" Regulation There Maliciously Hoping To Toward Unlawfully The PLRA's Administrative Remedy Exhaustion Requisite.

In Said Rejection K. Rear (ADX's Administrative Remedy 'Co-Ordinator') Stated: "You [Must] Resubmit [ The Above Ref'd BP-229's ][ With Three BP-228's] Within 5 Days" — You Know Yet You And All The Above Named Still Refuse To Provide Me A-N-Y BP-8's.

REQUEST: Provide With The Three Known By You Needed BP-8's.

CC: Personal Files / Possible Exhibit.          Respectfully Submitted, _____  [BAC]

RESPONSE / DISPOSITION:

Refused To Issue One! Ever One! BP-8! Stating: "No I Will You Not Give You A-N-Y BP-8's And I Shall As Hell Will Not Give You Three BP-8's!" In Keeping With His Practice As Usual —

STAFF MEMBER /s/ _____  ||DATE: _____

Replaces 148.070 — Per P.S. 5511.070 — May Be Duplicated By Copying — BAC-2- Jan. 2006

U.S. Department of Justice    *VUSDC / District Of Columbia*
Federal Bureau of Prisons    *Castmad V Lappin Et Al.*    **Regional Administrative Remedy Appeal**
North Central Regional Office    **Part B - Response**

---

**Admin Remedy Number:** 413731-R1    *PLTF'S EXHIBIT V*

---

This is in response to your Regional Administrative Remedy Appeal dated June 22, 2006, in which you allege that legal materials are being lost by staff. You request that the institution implement a log for legal mail, informal resolution forms, and legal copies.

We have reviewed your appeal and determined the Warden's response adequately addresses your concerns. Specifically, there is no requirement that legal mail, informal resolution forms, or legal copies be logged upon receipt by institution staff. Further, you have not submitted any evidence to support your claim that items are being misplaced by staff. ← *OH YES I HAVE – DOZENS OF TIMES*

Your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

*6-7-06*    *BUT SENT BY
'BATCH MAIL'
AND NOT RECEIVED
BY ME UNTIL 8/25/06*    [signature]
Date    Michael K. Nalley, Regional Director

*This Not About If There Is A "Requirement"; This Is About That There Is A 'Need' For It— To Stop Illegal Unconstitutional Known Misconduct Of BOP Staff Throwing Away Administrative Remedies Then Claiming Got 'Lost' Or Holding And Not Mailing Until Known Untimely Due To No Fault Of The U.S. Prisoner & Maliciously Caused By BOP Staff To Illegally Thwart PLRA & Woodford, 548 U.S. Exhaustion.*

*us DC / D.C.*
*Custard Civil Action*

*Pltf's Exhibit W*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 29, 2006

OCT 03 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
FLORENCE ADMAX USP    UNT: E    QTR: Z03-207LAD
PO BOX 8500
FLORENCE, CO 81226

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 421040-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED  : SEPTEMBER 22, 2006
SUBJECT 1      : OTHER COMPLAINT AGAINST STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REJECT REASON 2: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REMARKS        : WE CONCUR WITH THE REGION'S RATIONALE FOR REJECTING
THIS APPEAL.  *First- who is "We"*

*I Couldn't, Since You Have Instructed ADX & Other BOP
Prison Officials To Not Issue Adequate Amounts OF Informal Resolution Forms*

*Second — Of Course You Do These Rejections — 10 Times
More Of Them AFTER Woodford Than Before Woodford Are
Working Out Exactly As You, Defendant Lappin, And All Other
BOP Administrative Remedy Co-Ordinators And Regional Directors
Have Maliciously Conspired And Maliciously Manipulated Them To*

USDC/D.C. _Custard Civil Action_

Pltf's Exhibit X

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 13, 2004

RECEIVED
FEB 2 3 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031        QTR: E06-208L
      FLORENCE ADMAX USP   UNT: E
      PO BOX 8500, 5880 HWY 67 S
      FLORENCE, CO 81226

Dates Plainly Show That This Civil Action Is No Recent Fabrication — And Do Show Long-Time Illegal Pattern By BOP & ADX Prison Officials To Procedurally Default U.S. Prisoners Meritorious Complaints.

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 261798-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED  : FEBRUARY 2, 2004
SUBJECT 1      : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  CENTRAL OFFICE APPEALS
                 MUST BE RECEIVED WITHIN 30 DAYS OF THE REGIONAL
                 DIRECTOR'S RESPONSE.  THIS TIME LIMIT INCLUDES MAIL TIME.

REMARKS        : YOUR APPEAL WAS DUE ON 06-16-02. YOU WILL NEED STAFF
                 VERIFICATION ON BOP LETTERHEAD TO DOCUMENT THAT YOUR
                 UNTIMELINESS WAS NOT YOUR FAULT.  (PM 01-25-04)

Stop Taking 2-Weeks To 'Receive' It — And
Stop Taking 2-Weeks To 'Batch Mail' BP-10
Responses And It Would Not BE "Untimely"

I Formally Requested That (In Writing) From Numerous BOP/ADX
Staff (& Defendants Herein) — All Of Whom Threw Away Said
Formal Written Request And Refused To Even Answer Those Requests
Because It Was Irrefutable That "Untimeliness" (sic) Was Not [My] Fault."

REQUEST                                                8/04/06

MADISON (SIC),     USDC / D.C. CIVIL ACTION      PLTF'S EXHIBIT V
                   CUSTARD V LAPPIN ET AL.,

1) THIS IS __NOT__ ALL THE LEGAL DOCUMENTS FOR COPYING
THAT HAYGOOD HAS ———— THERE IS ANOTHER MANILA
ENVELOPE WITH, INTER ALIA, THE 3 - 7/24/06 R/R RECV.
REJECTION NOTICES ARE STILL MISSING.; I WANT THOSE BACK.

## PLUS

2) YOU (OR WHOEVER) DID THOSE BP-199's OVERCHARGED
ME — NUMEROUS OF THOSE COPIES YOU GAVE ME WERE
COPIES OF THE INSTRUCTIONS — I DEMAND A
REFUND FOR THOSE   ( I HAVE THEM TO SHOW YOU );

## PLUS

3) YOU DID NOT RETURN (FROM LAUNDRY OR WHOEVER)
MY JOCK STRAP ———— THAT HAYGOOD HAD/HAS
IN HIS POSSESSION THAT I HANDED TO HIM ON 7/31/06
WITH V. SUDLOW PRESENT — I WANT THAT JOCK STRAP
BACK.

REQUEST: PERSONALLY & PROFESSIONALLY DISPOSITION 1) - 3) ABOVE
OR PROVIDE ME WITH 3-BP-8's & 28 CFR PART 542 FORMS FOR T THEM.
                                                    RS/ B SM

→ REQUIRED 3-BP-8's AND REFUSED TO ANSWER THIS INVOLVING REGARDING REFUSING BP-8's
                                                    (CIVIL CONSPIRACY)

CC: PERSONAL FILES / POSSIBLE EXHIBIT.

**From:**

Bob A Custard #02728-031
USP-Florence - ADX
United States Penitentiary
P O Box 8500
Florence, CO 81226-8500

FORMAL WRITTEN REQUEST

USDC / D.C. CIVIL ACTION
CUSTARD V LAPPIN, ET AL.

PLTF'S EXHIBIT I

JULY 10, 2006

RE: FORMAL WRITTEN REQUEST FOR ADMINISTRATIVE REMEDY FORMS.

**To:**

W. HAYGOOD
ECHO UNIT EXECUTIVE
FLORENCE, ADX

SIR, I HEREBY RESPECTFULLY AND FORMALLY REQUEST — PURSUANT TO WARDEN'S (R. WILEY) RESPONSE TO FORMAL REQUEST TO HIM, K. REAR, C. SYNSVOL DATED 7/06/06 — SO THAT IT MAY NOT BE ILLEGALLY STOPPED FROM COMPLYING WITH 42 USC 1997(e) AND/OR THE ADMINISTRATIVE REMEDY EXHAUSTION REQUIREMENT OF THE PLRA IN FEDERAL CIVIL ACTIONS - USDC-D. COLORADO # 06-1036 & 06-1114, USDC/ NDGA 99-3285, USDC/S. DEL # 04-538 & 04-80 — AND — UPCOMING FEDERAL CIVIL ACTIONS:

1) NO LESS THAN SIXTEEN (16) BP-2208 (INFORMAL RESOLUTION ATTEMPT FORM) SO THAT I AM NOT ILLEGALLY STOPPED FROM ADHERING TO 28 CFR 542.14(a).

NOTICE: BUREAU OF PRISONS PROGRAM STATEMENT PS 1330.13 (7)(a) IS PLAIN & CLEAR: "INFORMAL RESOLUTION... THESE PROCEDURES MAY NOT OPERATE TO LIMIT ACCESS TO FORMAL FILING OF AN ADMINISTRATIVE REMEDY REQUEST."

THANK YOU SIR.

REFUSED TO PROVIDE BP-8's —AND REFUSED TO SAY IT IN WRITING ☞ (CIVIL CONSPIRACY)

R/ BAC

CC: PERSONAL FILES / PRIVATE EXHIBIT.

Civil Action USDC / D.C. Custodo v Lappin    5/22/2006

Defendant  Ms. K. Rear → Refuse To Respond / Malicious / #Civil Conspiracy

Administrative Remedy Co-Ordinator    Re: Re-Submission Of Ad. Rem.
Florence, Colorado - ADX    # ADX 41373.1.

Bob Custodo    SHOWS & PROVES
U.S. Prisoner Recno 07724-021    MULTIPLE ATTEMPTS
Fcc HD-402-ADX    TO ILLEGALLY THWART    PLTF'S EXHIBIT 2A
    # 41373.1 FROM
DEAR MS REAR,    START TO - FINISH -
    SEE ALSO BP-11 REJECTION AS "UNTIMELY" PLTF'S EXHIBIT. 8

    I'm SORRY, I'LL TRY TO BE MORE CLEAR.
AS TO "HARD TO READ" HOWEVER, THERE IS LITTLE I CAN DO. I HAVE
ASKED FOR A TYPEWRITER, THE WARDEN, AND YOU (HIS EXECUTIVE
ASSISTANT) HAVE DENIED THAT REQUEST AND THAT ADMINISTRATIVE REMEDY.

→ AND AS YOU KNOW, OR SHOULD KNOW [DOCTRINE] I HAVE OVER 40%
OF MY RIGHT (WRITING) HAND AMPUTATED. MAKING IT BOTH
VERY HARD FOR ME TO WRITE AT ALL & VERY PAINFUL

TO BE CLEAR - PLEASE SEE 3X "REQUEST RECEIPTS FOR"

IE. THE 3 CLOSELY RELATED REMEDIES # 41373.1 INVOLVE
→ "REQUESTS FOR RECEIPTS" (1) FOR OUTGOING LEGAL MAIL; (2) FOR
BP-8's ← (NOTE: IF HAWKINS HAD GIVEN YOUR REMEDY # 41373.1
TO THE WRONG PRISONER INSTEAD OF ME — HOW WOULD I EVER
KNOW - IN A TIMELY FASHION - IF AT ALL IT WAS RETURNED? PLUS
YOU REJECTED # 394 548 - AND OTHER BECAUSE HAWKINS LOST
THE BP-228's AS "UNTIMELY" BECAUSE I COULD NOT PROVE THE EVER
HAD THEM!) ———— (3) RECEIPTS FOR LEGAL MATERIALS (GIVEN FOR COPYING
(MANY NEVER REMOVED OR GIVEN TO WHERE I NEEDED)
✱ PLEASE NOTE 28 CFR 542.14(C)(2) ALLOWS FOR SUBMITTAL OF "REASONABLE
NUMBER OF CLOSELY RELATED ISSUES" WHICH 41373.1 IS. BOB /

Civil Action NODC-D.C.          United States Prisoner Request          Pltf's Exhibit Z-C
Custard v. Lappin, et al.         To Bureau Of Prisons Staff Member

("On A Piece Of Paper" Per Hood & Wiley Directives – And – Pursuant To BOP-PS. 5511.07
A Response, In Writing, Is Respectfully – And – Specifically Requested.)

| NAME | TITLE | DATE January 13/ 2006 (31) |
|------|-------|------|

To: K. Rear / Administrative Remedy Co-Ordinator /

From: Bob A. Custard / U.S. Prisoner Reg. No. 02128-031 / Abu Gurarb Of The Rockies Florence ADX

Ma'am, I Respectfully, And Formally Request, In Writing:

Return To Me Forthwith ADX Ad Rem # 396147 Which Has
A "Response Due: January 22, 2006" Date — And Which I Have Not Rec'd
From Either N.C. Regional Ad Rem Co-Ordinator Or You.

If Not Returned Forthwith I Will Both (a) File A Grievance On It;
& (b) Duly File A BP-231 To Central Offices Ad. Rem. Co-Ordinator Pursuant
To 28 CFR 542.18. — (*) Showing BOP Ad Rem Co-Ords' Unending Attempts To Stymie & Thwart
Access To Federal Courts Sabotaging Plea On 1st & 8th Amendment Rights By 'Losing' Ad Rem Responses; Etc.;

Judicially Noticeable: This Marks The 24th Time Out Of My Last 36 Filings That
Responses That Either Been Non-Existent Or Over 10 Days Late [From Stated
Signature & Date] Getting To Me Then Your Office & E-Unit Counselor W. Haynood.

Thank You Ma'am.          "Batch Mail" Weeks Late – Then Reject As Untimely
                          Like 'I' Sent It 'Batch Mail – Civil Conspiracy'

1/31/06 CC: Personal Files / Possible Exhibit.          Respectfully Transmitted, Bob

Response / Disposition:

Defendant Rear
Refused To All
Respond At All     To Perpetuate
                   Civil Conspiracy
                        With Other Defendants
                        To "Procedurally
                        Default" Due Only
                                To Malicious And
                                Bureau ADX Executive
                                Staff Illegal Conduct

| Staff Member /S/ | DATE: |
|------|------|

Replaces 148.070 — Per P.S. 5511.070 — May Be Duplicated By Copying — BAC-2–Jan. 2006

USDC / D.C. Civil Action
Custard V Lappin

REQUEST

PLTF'S EXHIBIT Z-D

8/07/06

To: ___ Madison / 'Counselor' / Echo Unit - ADX
From: B. Custard / U.S. Prisoner / ADX - Echo - 405

Sir, I Respectfully And Formally Request:

1) So That I May Comply With 28 CFR 542.14 (2) "20 Calendar Days" Regulation That You Provide Me With Three (3) BP-228 "Informal Resolution Attempt" Forms

— Or In The Alternative —

2) Provide Me With Three (3) BP-229's So That I May Comply With 28 CFR 542.14 (2) See 28 CFR 542.9 P.S. 1330.13

— With —

3) Documentation (Memo) From You That You Refuse To Provide The BP-228's;

4) And — As We Discussed Earlier — So That I Can Comply With Federal Court Orders In USDC / D. Colo. Civil Actions #'s 05-2654; 06-1036; 06-1114 To File Same — I Request, Formally & In Writing, That You Would Please Provide Me With Three (3) "Certified" Trust Fund Account Statements. Note! "Certified" Meaning (According To D. Colo. Federal Judge Zita Weinshienk) Stamped With One Of The Unit Teams' '1955 Notary' Seals.

Note: ———→ Defendant Madison Refuses To Respond To This Written Request In Writing, All The While Maliciously Denying All Four Specific Requests To "Procedurally Default" Me. I

Thank You Sir.

Bob A. Custard
Box 8500-027-28031
Florence, Colorado
81226-8500

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98  *USDC / D.C. Civil Action Custard V Lappin, et al.*

~~(~~ *Ptf's Exhibit Z-2* ~~)~~

**U.S. DEPARTMENT OF JUSTICE**                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) *K.Y. Rear / ADX Administ. Coord - Warden's Ex. Ass.* | DATE: *August 15, 2006* |
|---|---|
| FROM: *B.A. Custard / United States Prisoner.* | REGISTER NO.: *02278031* |
| WORK ASSIGNMENT: | UNIT: *Juliet-08-115* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

*Ma'am, 1) Again I request specifically formally & in writing for copies of each BP-228 (Informal Resolution Attempt 1-page form) that I have filed here at ADX ( BP-8's from ADX only );*

*———— AND ————*

*2) Since you have rejected numerous BP-229's (Formal Prison Grievances) on the basis: "You did not provide the necessary evidence of your attempt at informal resolution," and since clearly establish a law provides I have a right to be informed of all rules & policy pertinent to the personally — I again (because there a various types of "evidence": eg. circumstantial, direct, indirect, etc. specifically formally & in writing, request to be informed in writing of exactly what you mean by the above quoted statement. Culpable men's rea failure to timely respond will result to further added CC's personal files / exhibit.*            (Do not write below this line)       *BS /* [signature]

DISPOSITION:

*Defendant K. Rear the ADX Administrative Remedy Co-ordinator refused to respond to this formal written BOP U.S. Prisoner request — Thereby perpetuating her civil conspiracy with the other defendants while refusing to provide "necessary evidence of" your attempt at informal remedy to illegally thwart meritorious grievance by construed = procedural default "*  [symbol]

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98 USDC / D.C. CIVIL ACTION Custard V Lappin, ET A.
U.S. DEPARTMENT OF JUSTICE

*Petf's Exhibit ZF*

FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| K. Year / ADX Ad. Rem Co-Ord & Warden's Ex Act. | August 14, 2006 |
| FROM: | REGISTER NO.: |
| B.A. Custard / U.S. Prisoner | 02728081 |
| WORK ASSIGNMENT: | UNIT: |
| Not 'Allowed' at ADX Genprmx | Juliet-01-115 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Ma'am, In Order To Set A Time Begins Date "On The Prisoner Grievance "20 Calendar Days" Rule (IE: 28CFR 542.14(2L) I Hereby Respectfully, But Formally & In Writing Specifically Request Response To The Numerous Previous Formal Written Requests I Have Sent You In Your Capacity At ADX Administrative Remedies Co-Ordinator Including But Not Limited To The Formal Written Requests Of 5/22/06; 6/09/06 - 6/15/06; 7/06/06; 7/25/06 And That You Have Refused To Respond To Either Verbally Or In Writing —— For As Soon As It Can Be Determined That You Are In Your Professional Capacity Simply Shirking These Duties And Further Violating BOP Policy I Will Be Forced To File Formal Administrative Remedy (Answer Prison Grievance Procedures Prior To Bringing Federal Civil Action) On A Malfeasance. Thus I Specifically Request That You Answer All Formal Written Requests Previously To You By Me —— Over The Last Several Months —— Or Refuse To Do So In Writing. Thank You.

CC: Personal Files / Exhibit.          (Do not write below this line)

BP/ [signature]

Note: [sideways margin text] Unable & Afraid To Respond To This Formal Written Request As It Likely Truthful Will Be Deemed As Advesarial Refrain To Becoming An This Prisoner P.E. 5511 ETC LES.

DISPOSITION:

Defendant K. Rear To Perpetuate Civil Conspiracy (W/Other Defendants) Refused To Respond — At All — The Too Above Request (That Regarded Her Reason To Respond — At All — To Numerous Previous Requests Over A Period Of Months!

Getting An Idea? Of What I Have Had To Contend With? Of BOP Prison Officials Routinely Running Over And Bully (Physically & Mentally) U.S. Prisoners Who Are The Least Powerful & Vulnerable Of All US Citizens ☜

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

USDC/D.C. CIVIL ACTION.
CUSTARD V LAPPIN, ET AL.

PLTF'S EXHIBIT Z-G

One Page Attachment To BP-230 Dated 8/03/2006 # 421087

①

③ FURTHERMORE THE BP-229 (SPECIFICALLY) ADMINISTRATIVE REMEDY REQUESTS:

"HAVE THE ADX ECHO-UNIT TEAM INDIVIDUALLY AND IN ANY COMBINATION

SEE
BP-229 →

1-PAGE
ATTACHMENT

# E-V-E-R

REFUSED To PROVIDE INFORMAL RESOLUTION FORM BP-228's
AND I's NOT (SPECIFICALLY) RESPONDED To IN THE BP-229 RESPONSE.

AND I AGAIN (SPECIFICALLY) REQUEST AN ADMINISTRATIVE REMEDY RESPONSE THERETO.

④ NOT A COMPLAINT INCLUDED HEREWITH — BUT AS CONTEXT TO THE
OUTRAGEOUSLY ~~LYING~~ FALSEHOODS OF BP-229 RESPONSE —— ON
7/18/06 WARDEN WILEY IN A RESPONSE TO BP-148 REQUEST (COP-OUT)
DENIED TO PROVIDE ME WITH ANY BP-8's —— ON JULY 20, 2006 I HAD
TO SUBMIT 3-BP-9's WITHOUT ANY BP-8's —— ON JULY 24, 2006
K. REAR REJECTED ALL 3-BP-9's ON FORM NOTE STATING "YOU MUST
RESUBMIT [WITH BP-8's] WITHIN 5 DAYS" —— BUT—FROM
7/24/06 — 8/01/06 — 9-DAYS — W. HAYGOOD (ECHO COUNSELOR) TOOK
9-DAYS TO ANSWER 1-BP-8 —— AND REFUSED TO PROVIDE A-N-Y
OTHER BP-8 DURING THAT 9-DAYS —— OBVIOUSLY MAKING IT
IMPOSSIBLE TO COMPLY WITH THE "WITHIN 5 DAYS WITH BP-8's" ORDERS OF
K. REAR (IN RESPONSES ON # 421039; 421048; 421041) WHO IS
WRITING ALL THESE FALSEHOODS RESPONSES FOR WILEY TO CONSPIRATORIALLY SIGN
VIOLATING MY 1ST, 5TH & 8TH AMENDMENT CONSTITUTIONAL RIGHTS.            /s/ BBR

CC: PERSONAL FILES / POSSIBLE CIVIL ACTION EXHIBIT ID 8/01/06

FLAT REFUSED TO ANSWER!
THAT'S "OK"—DISCOVERY WILL TELL.

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy ID Number:** 421674-R1                *Plt's Exhibit ZH*

This is in response to your Regional Administrative Remedy Appeal received on August 21, 2006, in which you claim your access to the Administrative Remedy Program is hindered. Specifically, you state that you turned in three Request for Administrative Remedy (BP-9) forms without Informal Resolution (BP-8) forms because your Unit Team refuses to provide you with more than one BP-8 form at a time. In addition, you state your Unit Team takes up to five days to respond to the BP-8 forms you submit. As relief, you request permission to submit your BP-9 forms without attempting to informally resolve your issues.

*→ HAVE NEVER PROVIDED ADEQUATE NUMBER OF FORMS /    IN OTHER WORDS, IN VIOLATION OF THE U.S. CONSTITUTION —*

Your Unit Team has and continues to provide you with the necessary forms in accordance with the Administrative Remedy Program Statement and Institution Supplement. You have been counseled by your Unit Team regarding the proper procedures for filing remedies at your institution. In addition, you have access to the Administrative Remedy Program Statement and Institution Supplement, which provide specific procedures for filing administrative remedies.

Pursuant to Program Statement 1330.13, <u>Administrative Remedy Program</u>, an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each Warden shall establish procedures to ~~allow for the informal resolution of inmate complaints.~~ *WITHHOLD ADEQUATE AMOUNTS OF INFORMAL RESOLUTION ADMINISTRATIVE REMEDY FORMS, AND NO,*

Pursuant to Institution Supplement 1330.13G, <u>Administrative Remedy Program Procedures for Inmates</u>, only one BP-8 form will be issued at a time. This is not *meant* to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution.

Based on the above information, this response is for informational purposes only. Your remedies will continue to be processed under the same policy and procedures for all inmates within the Bureau of Prisons.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_____8/30/06_____
Date

Michael K. Nalley, Regional Director

*IRRELEVANT WHAT IT IS ~OR IS NOT "MEANT" = B. Do It!*
*"IMPEDE AN Z/M's ACCESS To FORMAL REVIEW OF AN ISSUE" – AS THIS AD. REM PROVES*

U.S. Department of Justice    USDC / DIST OF COLUMBIA    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons    CUSTARD V LAPPIN ET AL,    PLT'S EXHIBIT Z-I

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _CUSTARD, BOBBY A_    _02728031_    _ECHO_    _FLORENCE, MX_    6/22/06
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** THERE ARE 3 (THREE) 28 CFR §542.14(c)(2) "CLOSELY RELATED ISSUES" ON THE BP-229 — ALL OF WHICH ARE APPEARED HEREIN: (SEE BP-228 § 229 ONE PAGE ATTACHMENTS)

1) LEGAL MAIL LOG: THE BP-229 RESPONSE (B) DOES NOT ACCOUNT FOR LEGAL MAIL FROM ADX CELL — TO MAILROOM (IE & MUST BE GIVEN TO COUNSELOR TO TAKE TO ADX MAILROOM — AND (b) DOES NOT SHOW WHEN LEGAL MAIL ATTEMPTS TO PASS THROUGH FOR MAILING," NICHOLS, 172 F.3d 1065; HOUSTON, 487 U.S. 266; (c) DOES NOT ACCOUNT AT ALL FOR INDIGENT RECEIVED MAIL — ALL AS STATED IN THE BP-228 AND BP-229;

2) ADMINISTRATIVE REMEDY RECEIPTS: THE BP-229 RESPONSE ERRONEOUSLY STATES: "'COPIES' OF [ACKNOWLEDGEMENT/RECEIPT] FORMS ARE EVEN MAINTAINED THROUGHOUT OF ADMINISTRATIVE REMEDY PROCESS." WHO SAID "NOTHING" ABOUT 'COPIES'? — THE BOP ADMIN. FORMS HAVE 'PART' RECEIPTS "RIGHT ON THEM" BUT BOP ADMINISTRATORS TO THROW AWAY OR MISUSE PART & THEN REFUSE TO ISSUE THEM — AND AS STATED GEE ON THE BP-228 § 229 ATTACHMENTS — BP-8'S MAY BE GIVEN BACK — THEN — WHO 'LOSE' THEM & PRISONER HAD NO RECEIPT TO PROVE "HE FILED ONE IT — AND THEN RETAINING IS "UNTENABLE"; R-E-C-E-I-P-T-S — NOT — "COPIES" — BP-9 IS NON-RESPONSIVE TO ISSUE # 2).

3) BY REFUSING TO PROVIDE RECEIPTS FOR COPYING ADX STAFF — AS STATED IN THE BP-229 — CAN AND DO JUST THROW AWAY LEGAL MATERIALS PRESENTED FOR COPYING & REFUSED TO UNLAWFULLY ATTEMPT TO THWART PLRA AND CIVIL ACTIONS ESPECIALLY WHEN YOUR COUNSELOR — RESPONSIBLE FOR COPYING — KNOWS HE IS ALREADY BEING SUED BY ME IN FORMAL CIVIL ACTION (D. COLO # 06-1036 § 06-1114) — THE BP-229 IS UNRESPONSIVE IN PART — UNKNOWABLE PART & REVIEWERS ARE ASKED TO BEAR IN MIND THE SPECIAL OBSTACLES ADX PRISONERS HAVE IN LEGAL MAILINGS; I.E. NO MAILBOX, CANNOT LEAVE CELL TO MAIL; DITTO AD SEG. THANK YOU, CC: FILES & BESIDES [illegible] 6/22/06 SIGNATURE OF REQUESTER [signature]

**Part B - RESPONSE**

JUL - 3 2006

AUG  9 2006                                    SEE ATTACHED RESPONSE

_____                    _____
DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: _413731-R1_

**Part C - RECEIPT**

                                             CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

*Cassidy V Lappin Et Al.,    USDC*
*District Of Columbia*

*Pltf's Exhibit Z-J*

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy ID Number:** 421042-R1

---

This is in response to your Regional Administrative Remedy Appeal received on August 9, 2006, in which you state institution staff will not provide you with sixteen Informal Resolution (BP-8) forms at one time. As relief, you request staff provide you with sixteen BP-8 forms.

A review of your issue has been conducted and revealed you have filed 96 remedies to date. Pursuant to Program Statement 1330.13, Administrative Remedy Program, inmates have the responsibility to use the Administrative Remedy Program in good faith and in an honest and straightforward manner.

Pursuant to Institution Supplement 1330.13G, Administrative Remedy Program Procedures for Inmates, only one BP-8 form will be issued at a time. This is not meant to impede an inmate's access to the formal review of an issue, but to ensure issues are thoroughly investigated and adequate time is allowed for informal resolution.

Therefore, your Unit Team will continue to provide you with BP-8 forms consistent with the procedures established in the above mentioned Institution Supplement.

Based on the above information, your request is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

8-31-06
Date

Michael K. Nalley, Regional Director

*No It's "Meant" To Maliciously "Procedurally Default" Meritorious Grievances And Meritorious Prisoners Complaints By Known Unconstitutional Tactics.*

*USDC*
*District of Columbia*

*PLTF's Exhibit Z-K*

# RESPONSE TO INMATE REQUEST TO STAFF MEMBER

**NAME:** Custard, Bob

**Register Number:**     02728-031          **Unit:**   E

This is in response to your Inmate Request to Staff Member ("Cop-out") dated June 1, 2006, in which you contend the Administrative Remedy Coordinator thwarts PLRA Exhaustion of Prison Grievance Procedures.  You allege this based on the fact the cover page of your Administrative Remedy appeal responses are date stamped despite your continued requests that the ADX alter their procedures to meet your requirements for date stamping. As a result, you contend this proves nothing.  *Very Funny! — The fact is they meet 'No' Requirement Whatsoever.*

A review of the issue has been conducted.  It has been discovered that the date of response from the Regional or Central Office is maintained on our computer system, and the date received in the Warden's Office is stamped on the cover page of the Administrative Remedy Response.  These cover sheets are computer generated at the Regional Office or Central Office level, and do not contain the number of the Administrative Remedy. This proves that the response was received in the Warden's Office on the date stamped.  *← No it doesn't - Infact it's "proves" Nothing, which is the point of this Complaint. -BHH-*

*Stupid* {

Since January, 2006, you have received responses for 72 Administrative Remedies, showing no indication that your PLRA Exhaustion of Prison Grievance Procedures have been violated.  Although the method used to record receipt of remedies does not meet your approval, there is no validity to your claim this circumvents your appeal rights. *– Oh yes there is — And any of these "Computer Generated" "Cover Sheets" PROVE that there is "validity to my claim"* )

I trust this addresses your concerns.

*R. Wiley, Warden*

JUN 0 7 2006

_____
Date

*See: Pltf's Exhibits of "Computer Generated Cover Sheets" Dated*

*** Do Not Contain The Administrative Remedy I.D. #." And Thus Cannot And Do Not "Prove" Anything! —BHH—*

*1)  "Jul 13, 2004";*
*2)  "Jan 03, 2006";*
*3)  "Jan 05, 2006";*

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

2-L

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: MUSTARD, BOB A          02728031     ECHO     FLORENCE ADX
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL**   TO PLRA EXHAUST BEFORE I SUE IN FEDERAL COURT PERTINENT

TO WHAT THE DISSENT BY WOODFORD, U.S.S.C.#05-416 WARNS ABOUT.



9/14/06
DATE                                                           SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
6
Administrative Remedy Section

_____                               GENERAL COUNSEL
DATE                                          4216 4874

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**                          CASE NUMBER: 4216 4874

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

**Administrative Remedy No. 421674-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you claim your access to the Administrative
Remedy Program is hindered.  Specifically, claim your Unit Team
refused to provide you with Request for Administrative Remedy
Forms without Informal Resolution forms.  You claim your Unit
Team refuses to provide you with more than one Informal
Resolution Form at a time.  You request to submit Request for
Administrative Remedy Forms without attempting to informally
resolve your issues.

Our review reveals the Warden and Regional Director adequately
responded to the issues you raised in your appeal.  P.S. 1330.13,
*Administrative Remedy Program*, stipulates that an inmate shall
first present an issue of concern informally to staff, and staff
attempt to informally resolve the issue before an inmate submits
a Request for Administrative Remedy.  As noted in your response
from the Regional Director, your Unit Team continues to provide
you with the necessary forms in accordance with policy
requirements.  In addition, staff have counseled you on the
proper procedures for filing remedies at the institution.

A review of your administrative remedy submissions indicates you
have filed numerous administrative remedies during your
confinement at your current institution.  We do not find any
evidence to indicate your access to the Administrative Remedy
Program is hindered by staff.  Staff review all complaints
thoroughly and make every effort to informally resolve each of
them.  We do not find any evidence to substantiate your
allegations.  This response is provided for informational
purposes only.

_____        _____
Date                           Harrell Watts, Administrator
                               National Inmate Appeals

Z-N

BENJAMIN BRIESCHKE
STAFF COUNSEL
FLORENCE ADX COLORADO

─────────────

ROB A. CASTARD
BC728831 / FCI AD-412

─────────────

UNCITIZED/U.S. PRISONER FORMAL REQUEST
TO BRIESCHKE PRISON STAFF MEMBER          12/11/06

RE: YOUR CIVIL CONSPIRACY WITH R. MADISON
TO UNCONSTITUTIONALLY SHELTER MR LOWER
CIVIL ACTION FILINGS & YOUR CRIMINAL CONSPIRACY
WITH R. MADISON TO CONCEAL EVIDENCE.

I TOLD YOU PERSONALLY ON 12/05/06 @ 10:00 AM @ ADX-E-412 IN FRONT
OF R. MADISON & M. COLLINS THAT "IN OVER 4 MONTHS 'COUNSELOR' MADISON
HAS NOT MADE ONE COPY OF ANY DOCUMENT FOR ME PERIOD." — THAT FACT
IS VERY INCONGRUENT WITH THE FACT THAT I HAVE NUMEROUS CIVIL ACTIONS
AND CRIMINAL POST CONVICTION RELIEF ACTIONS — INSIDE AND OUTSIDE OF D. COLORADO.

YOUR RESPONSE WAS "I WILL SEE WHAT I CAN DO"
TO "CIRCUMVENT" THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO'S LOCAL
RULES OF CIVIL PROCEDURE." — I TOLD YOU THAT "EVEN IF YOU DO THAT
IT WOULD SOLVE 20% OR LESS OF THE CIVIL & CRIMINAL PROBLEMS MADISON'S
REFUSAL TO MAKE 'ANY' COPIES FOR 'ANY' CASE HAS & IS CAUSING." WHICH
IS TRUE.

SINCE 11/05/06 I HAVE GIVEN TO R. MADISON THREE (3) DIFFERENT
SETS OF DOCUMENTS FOR COPYING FOR EXHIBITS FOR BOP ADMINISTRATIVE REMEDY
REQUESTS & APPEALS THAT HE REFUSES TO COPY BECAUSE, HE SAYS "LEON SAID
I DON'T HAVE TO" — CLEARLY BY "LEON" HE MEANS YOU. — BY REFUSING TO
COPY SAID 3 DIFFERENT SETS OF DOCUMENTS MADISON (& YOU) ARE MALICIOUSLY & KNOWINGLY
STOPPING ME FROM TIMELY FILING MANDATORY BOP ADMINISTRATIVE REMEDY REQUESTS & APPEALS.
AND CIVIL & POST-CONV. RELIEF ACTIONS INSIDE & OUTSIDE DISTRICT OF COLORADO.
— LOOK— I DON'T KNOW WHAT SHENANIGANS YOU ARE UP TO AND AS YOUR PARTING REMARKS
OF 12/05/06 ILLUSTRATED — AND CLEARLY AS TO DO WITH D. COLO. — AND FRANKLY I
COULDN'T CARE LESS — BUT AS BRIESCHKE TOLD D. COLORADO'S 20% OR LESS OF THIS PROBLEM
THAT YOU ARE INTENTIONALLY EXACERBATING. BRIESCHKE ORDER MADISON TO MAKE MY COPIES OR I ASSUME THE POSITION

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: MUSTARD, Bob A.         02728031         ECHO         FLORANCE, ADX
     LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

**Part A - REASON FOR APPEAL**  TO PLRA EXHAUST BEFORE BRINGING FEDERAL CIVIL ACTION PURSUANT TO 42 USC 1997 Et Seq., INTER ALIA.



9/14/06
DATE

RS / _____ SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
Administrative Remedy Section

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 421042-A1

**Part C - RECEIPT**

CASE NUMBER: 421042

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

Z-P

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 6, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP     UNT: E    QTR: E04-212L
      PO BOX 8500
      FLORENCE,  CO 81226


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 431144-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : NOVEMBER 27, 2006
SUBJECT 1      : MEDICAL CARE - DELAY OR ACCESS TO     FINGERED
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT ATTEMPT INFORMAL RESOLUTION PRIOR TO SUBMISSION
                OF ADMINISTRATIVE REMEDY, OR YOU DID NOT PROVIDE THE
                NECESSARY EVIDENCE OF YOUR ATTEMPT AT INFORMAL RESOLUTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 3: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                AT THIS LEVEL.


DEC 1 1 2006

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Z-9

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: CUSTARD, BOB A.          02728031          E-110          FLORENCE ADX

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST** Surgery To Correct Treatment, Tendon, And Nerve Damage On My (L) Extensor Caused By An ADX-Unit-Psychologist Continue To The Box With Anger Issues — And Then, After i Hit My Medical Emergency Buzzer Button Yelling For Help No Corpsman Came Me Because He Said "My Finger Was Not Big Issue" (Since, Gave Me "Tongue Abuse Interior Suturing" And Surgical Interim Beyond Bob Attempt To Examine Me Cut To The Bone, Forced Or Gag Me Stitches — And On The Prison General "Admix" Refusals Cover Up And Intake Allowance Form Of The No Suture And My Medical Records For Day Of September 28, 2006 — So I Administrative Appeal Here In Addition To ADX — And Not This Institution Be Only Record For My Medical Records — AAXIVA #(S.) Executed Before Here i Need Administrative Remedy Before The Entire Deadline.

Note: This BP-229(13) Form Was Physical Surrender, Executed, Received Alaska Here In Hand On Stamp 18, 2006 Pursuant To 28CFR 542.14(d) — Here i Challenged BP 329 This 3-Times By Hand Some Business W/ Witness — Which He Lacks ADX I.I. 1522138 (SIS YKO) Turns 3 Weeks To Answer A BP-9 Original Cut Or Ok. And BP-9 Execution Due — And Now i Find A Administration For i Received A Read Abuse Abuse Placed In To i Medical E-412 On Oct. 18, 2006.

OCTOBER 18, 2006 / CC: Personal Files / Remedy Executive.

DATE          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Central – Do Yourself
Affair of Get The General Counsel
To Look At This Last Paragraph
Because It You Uphold Manifestly
Manipulated Adx/Program Procedures To Manifestly
Procedurally Defense We Will Be In Federal Court Only.

DATE          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE          CASE NUMBER: 431141-H

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT:

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal** 2-R

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: [illegible] LAST NAME, FIRST, MIDDLE INITIAL | [illegible] REG. NO. | [illegible] UNIT | [illegible] INSTITUTION

**Part A - REASON FOR APPEAL** [illegible]

[illegible] DATE | [illegible] SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE | REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE CASE NUMBER: 431144-R1

**Part C - RECEIPT**

CASE NUMBER: 431144

Return to: [illegible] LAST NAME, FIRST, MIDDLE INITIAL | [illegible] REG. NO. | [illegible] UNIT | [illegible] INSTITUTION

SUBJECT: [illegible]

Z-5

**U.S. Department of Justice**    *NOTICE: SEE LAST PARAGRAPH*    **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons    *OF BP-229 — I COULD NOT "ATTEMPT BP-8" BECAUSE MALICIOUSLY DENIED BP-8 FORM.*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _CUSTARD, BOB A_    _02728031_    _FCC llo_    _FLORENCE ADX_
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**    TO PROVE THE MALICIOUS MANIPULATION OF THE BUREAU OF PRISONS

ADMINISTRATIVE REMEDY PROCESSES TO UNCONSTITUTIONALLY PROCEDURALLY DEFEAT ADMINISTRATIVE

REMEDY FILINGS ON A TIMELY BASIS BY DENYING ADEQUATE ADMINISTRATIVE REMEDY FORMS WHILE

TAKING MALICIOUSLY TOO LONG TO RESPOND TO BP-8's ;

TO USE THIS AS AN EXHIBIT IN CURRENT FEDERAL CIVIL ACTIONS

REGARDING FACTS IN PARAGRAPH ABOVE ————

TO PLRA EXHAUST TO FILE FEDERAL CIVIL ACTION REGARDING FACTS IN

1st PARAGRAPH AS RELATES TO R. WILEY, J. TI SPARNE, M. CRUZ, K. REAR, M. COLLINS, R. MANSON,

V. TRUES, W. HUDSON, N. FIELDS C.D. PERRY, FNU ADX PRISON GUARDS. — 28 CFR 542.14 (b) EXTENSION

EXEMPT IN LIGHT OF LAST PARAGRAPH OF BP-229's SPECIFICALLY APPLIED FOR.    B5/1862

_11/6/06_ DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 2 7 2006

Administrative Remedy Section
Federal Bureau of Prisons

_____ DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _431144_

Z-T

**U.S. DEPARTMENT OF JUSTICE** → Re: [illegible] Rec'd a week too late ←

**REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

→ U.S. Const. 1st Amend Free Speech specifically protects sarcasm & parody of govt officials. ←

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Cusmano, Bob A. | 07772031 | Echo | Florence, ADX

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A– INMATE REQUEST** Proof in writing that both Steno Carbon Co. & New York Carbon Co. manufacture their carbon sheets to be "used more than once" AND market their carbon sheets – by instruction or [illegible] or [illegible] – to be "used more than once"!

The childish semantics used in the BP-229 response – by the BOP-ADX [illegible] – in answer to a complaint about [illegible]! – [illegible] – and any [illegible] of [illegible]!] – does not change the facts. To wit: that [illegible] & need approx 200 carbons that I have [illegible] from him for current civil actions (a) NDCA # 99-3285; (b) SDIL # 04-10; (c) SDIL # 04-550; (d) DCol. #06-1036; (e) DCol. #06-114 – which involve BOP/ADX defendants & his desire to [illegible] – I.e. 200 [illegible] and I currently get "5 sheets of carbon" every other day (10-15 a week) at [illegible] ÷ 200 = 6 months to make those copies) – even if [illegible] – and that [illegible] to [illegible] to the BP-8 of 9/08/06.

Furthermore – as to said childish semantics – I "can use more than once" sheets of toilet paper too — but forcing me to do so – against the law – [illegible] – and the [illegible] BP-8 response for what it is – [illegible] the law – and is nothing but childish semantics.

9/29/06 | /S/ B. [illegible]

DATE cc: Personal Files / Public [illegible] Court Exhibit.

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

OCT 06 2006

DATE

WARDEN OR REGIONAL DIRECTOR

U.S. Department of Justice → *GENERAL COUNSEL SHOULD SEE THIS* ←   **Central Office Administrative Remedy Appeal**   *REMAND GRW*

→ *THIS 'UNDERLYING' AD. REM. PLEADINGS THUS MATTER COMPRISE*   *Go To COURT WITH*

Federal Bureau of Prisons   *SIGNIFICANT CLAIMS WHICH I WILL LITIGATE IF THIS IS NOT REMANDED FOR APPROPRIATE RESPONSE.*

Type or use a 1-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **LUSTARD, BOB A.**   **02728031**   **FCC Hb.**   **FLORENCE ADX**
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A - REASON FOR APPEAL** 1) THE BP-230 "REJECTION NOTICE" "DATE" IS "NOVEMBER 08, 2006" — BUT NOT DELIVERED TO ME BY UNIT TEAM UNTIL 11/16/06 THUSLY RENDERING "REJECT REASON 2" 'INVESTED INSTRUCTION' THEREIN & ORDER THEREOF IMPOSSIBLE TO FOLLOW AND AN UNLAWFUL ORDER;

2) THE BP-230 REJECTION NOTICE "REJECT REASON 3" IS FACTUALLY ERRONEOUS; TO WIT AS CAN BE PLAINLY SEEN DID "FILE A BP-9 REQUEST THROUGH THE INSTITUTION FOR THE WARDEN'S REVIEW BEFORE FILING AN APPEAL" — THUS REJECT REASON '3' IS FLATLY & FACTUALLY ERRONEOUS;

3) IMPORTANTLY → THE "REMARKS" OF AN REJECTION NOTICES ALLEGE "SARCASM" YET REFUSE TO CITE OR EXPLAIN ANY PERCIEVED "SARCASM" — WHAT? THE WORD "ECHO" INSTEAD OF "E-UNO"? HOW AM I SUPPOSED TO KNOW WHAT YOU 'THINK' IS "SARCASM" IF YOU WON'T SAY? OR "WRITE ME UP" FOR IT?

4) FURTHER IMPORTANTLY → AS I HAVE MADE CLEAR IN PLEADINGS BELOW I AM A U.S. CITIZEN AND I RETAIN ALL CONSTITUTIONAL RIGHTS AS A U.S. PRISONER THAT ARE NOT INCONSISTENT WITH INCARCERATION HERE, AND THE UNITED STATES CONSTITUTIONS 1ST AMENDMENT SPECIFICALLY PROTECTS MY SPEECH, SARCASM & PARODY. *RSL*

11/16/06   DATE   C.C: PERSONAL FILES / POSSIBLE FEDERAL COURT EXHIBIT   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

**RECEIVED**

NOV 2 7 2006

Administrative Remedy Section
Federal Bureau of Prisons

DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: 429738

Z-V

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 6, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : BOB ALLEN CUSTARD, 02728-031
      FLORENCE ADMAX USP    UNT: E    QTR: E04-212L
      PO BOX 8500
      FLORENCE, CO 81226


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 429738-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : NOVEMBER 27, 2006
SUBJECT 1      : INSTITUTION CLOTHING AND SERVICES
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.


DEC 1 1 2006

U.S. Department of Justice

Federal Bureau of Prisons

## Regional Administrative Remedy Appeal

Z-W

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: [illegible], Bob A — [illegible] — [illegible] — [illegible]
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A - REASON FOR APPEAL**

The BP-229 "Rejection Notice" Is An Unknown 'Rejection' Of My Petition For Request / Administrative Remedy Request Because

(a) It Does Not [illegible] [illegible] "Sarcasm";

(b) I Was Told [illegible] 28 CFR Part 542 [illegible] [illegible].

[illegible]: As To "(a)" Above [illegible] [illegible] [illegible] One Freedom Of Speech [illegible] [illegible] "Parody" And "Sarcasm" – [illegible] A United States Citizen [illegible] [illegible];

The "Part A - Reason" Of The BP-229 Is Timely & [illegible] Request.

10/16/06 [illegible]

DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER: 429138-R1

**Part C - RECEIPT**

Given Hand-To-Hand [illegible] On 10/16/06.

CASE NUMBER: 429138

Return to: [illegible], Bob A — [illegible] — [illegible] — [illegible]
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: [illegible]

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

Z-X

FLM 1330.13f
Attachment 1

## USP ADMINISTRATIVE MAXIMUM
## FLORENCE, COLORADO
## INFORMAL RESOLUTION FORM

Inmate Name: _Bob Allen Custard_          Reg. No. _02728031_
Unit: _T2_                                Date: _9/8/06_

**NOTICE TO INMATE**:  You are advised that normally prior to filing a Request for Administrative
Remedy, (BP-DIR-13), you **must** attempt to informally resolve your complaint through your
Correctional Counselor.  Please follow the three steps listed below:

1.    State your complaint: _Unlawful Refusal By Madison To Respond In Writing, Or Verbally To The BP-148
Official U.S. Gov't BP Form That I Days Filled Out And Presented To Him On 9/08/06 Pursuant To BOP P.S. 5511.
Regarding The Unlawful Order He Gave Me To "Use Mr. Carson Sheets More Than Once" In Misc/DC. Colo.
Federal Civil Actions SOIL #'s 84-30/04-538; NDCA 99-3285; D.C. #'s 06-10309 06-1114._

(If more space is needed, you may use up to one letter size (8 1/2 x 11) continuation page.  You must also
submit one copy of supporting exhibits.  (Exhibits will not be returned with the response to BP-229(13)
responses.))

2.    State what actions you have made to informally resolve your complaint: _Told Mr. Madison — In
Said BP-148 That They Were "True & Correct Copies" Required For Federal Legal Remedies & Told Madison That
His Order Was Unlawful Because The Two Carbon Companies: (1) Streunig Carbon Co. & 2) Nu-Kote Carbon Co.
Policies & Carbon Sheet Usage Instructions Were To Use Their Carbon Sheets Only 1-Time Each And Thus His Order
Processed Was Not Only Malicious — But Plainly Unlawful._

3.    State what resolution you expect: _I "Expect" More U.S. Constitutional Violation By Madison And
His Supervisors ——— I Request "Proof That Both Streunig Carbon Co. & Nu-Kote Carbon Co. Manufacture
Their Carbon & Instruct By Policy To Use Their Carbon More Than Once" — Which Is The Only Thing That
Could Possibly Make Madison's Malicious And Unlawful Order Into A Lawful One._

Inmate's Signature: _Bob Allen_          Date: _Sept. 19, 2006_
                    CC: Pechman Final/Possible Federal Court Exhibit.

LIE    **Correctional Counselor's Comments (Steps to Resolve):** A review of your complaint has been
conducted.  Your claim is without merit.  You were never informed you needed to
use carbon paper issued to you more than once.  You were told you could use the
carbon paper issued to you more than one.  You have been issued five sheets of
carbon paper in accordance with Institution policy, and can exchange that carbon
paper one for one with a member of your Unit Team.  It is your choice to use that
carbon paper one or more times if you desire. _Just Like "It Is Your Choice To Use" Toilet Paper
Sheets "One Or More Times If You Desire." — What I "Define" It Just This Writing._

Counselor's Signature: _R Snyder_          PLUS          Date: _9/12/06_
Unit Manager's Review: _mmm_    ( 6 Days To Answer )    Date: _9-28-06_
Informally Resolved:                                    Date:

| | BP-8 ISSUED | BP-8 RETURNED | BP-9 ISSUED | BP-9 RETURNED | EXECUTIVE STAFF |
|---|---|---|---|---|---|
| DATE | 9/8/06 | 9/22/06 | 9/28/06 | 10/2/06 | |
| TIME | 11:00 am | 9:15 am | 1:50 pm | 6:30 pm | |

Z - Y

Gushard, Bob H.          15777x051          Echo          Florence, ADX

28 CFR 543.14(c)(3) "One Page Attachment" To BP-230# 429738

Reviewers Hereof Please Note:

No "Copy" Of The "Rejection Notice" P's "Enclosed" Herewith Because The Same ADX Exec Unit Team Member Who This Complaint P's About (+ Who Answered The BP-228 "Complaint" About Himself) (Madison) Refused To Provide Me With A Copy To Enclose Even Though I Formally So Requested In Writing.

Sorry.

[s] 8/16/06                                    [s] RS / B h

*(handwritten notes in top margin)*



**Administrative Remedy No. 421042-A1**
**Part B - Response**

*(handwritten, boxed):* Plff's Exhibit Z-Z

This is in response to your Central Office Administrative Remedy in which you request staff provide you with sixteen Informal Resolution Forms.

Our review reveals the Warden and Regional Director adequately responded to the issues you raised in your appeal.  P.S. 1330.13, *Administrative Remedy Program*, stipulates that an inmate shall first present an issue of concern informally to staff, and staff attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy.  Staff will continue to provide you with Informal Resolution forms in accordance with policy.  This ensures that comprehensive attention is given to the issues raised at the time you raise them.  As noted in your response from the Warden, this practice is not intended to limit your access to the Administrative Remedy Program, but to ensure that a thorough investigation is conducted in a timely manner.

We therefore concur with the responses provided.  Accordingly, your appeal is denied.

*(handwritten left margin):* LIE See My ApRim Records

November 29, 2006
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

*(handwritten at bottom):*
( Average Of 7.5 Days Per BP-8 [Not Business Days] Over Time
As Long - For Years ( Some BP-8's Taking 20-30 Days Each!)
[While Refusing To Provide Another BP-8 Form]