**FILED**
MAR 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOB ALLEN CUSTARD, | ) |
| Plaintiff, | ) |
| v. | ) Case: 1:07-cv-00538 |
| | ) Assigned To : Unassigned |
| HARLEY G. LAPPIN, *et al.*, | ) Assign. Date : 03/19/2007 |
| | ) Description: CUSTARD V. HARLEY G. LAPPIN, ET AL., |
| Defendants. | ) |

## TRANSFER ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will transfer this case to the United States District Court for the District of Colorado.

Plaintiff is a federal prisoner who currently is incarcerated at the Administrative Maximum facility in Florence, Colorado ("ADX"). Generally, he alleges that staff at ADX purposely thwart inmates' efforts to obtain forms necessary for filing inmate grievances, and intentionally delay the mailing of documents out of the facility. In these ways, ADX staff allegedly ensure that inmates fail to exhaust available administrative remedies before filing a civil suit, and as a result, the inmates' civil actions are barred under the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a). Plaintiff demands injunctive relief and monetary damages.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following

factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

Plaintiff describes events occurring at ADX in Florence, Colorado and principally involving officials and employees at that facility. Potential witnesses in this case would likely be in Colorado, which is plaintiff's place of detention. The District of Columbia has no apparent connection to this case aside from being the location of the Federal Bureau of Prisons' headquarters office. Therefore, in the interests of justice, this action will be transferred. A ruling on plaintiff's motion to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that that the case be TRANSFERRED to the United States District Court for the District of Colorado.

SO ORDERED.

United States District Judge

Date: 3/8/07